1 | Carmen A. Trutanich - S.B.N. 86629
Timothy G. Lignoul - S.B.N. 192759
2 | Victor Otten - S.B.N. 165800
TRUTANICH •MICHEL, LLP
3 | 407 North Harbor Boulevard
San Pedro, CA 90731
4 | Telephone: 310-548-0410

5 | Attorneys for Defendants, JOHN MOUREN-LAURENS, MIREILLE
6 | MOUREN-LAURENS, and MOUREN-LAURENS OIL COMPANY

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | 98-10690 AHM AIJx

11 | REV 973, LLC, a California limited liability ) CASE NO.
company, )
12 | )
Plaintiff, )
13 | )
v. )   **NOTICE OF REMOVAL OF ACTION;**
14 | )   **UNDER 28 U.S.C. § 1441(b) (FEDERAL**
JOHN MOUREN-LAURENS, an individual;) **QUESTION)**
15 | MIREILLE MOUREN-LAURENS, an )
individual; JOSEPH MOUREN-LAURENS,)
16 | an individual; EMA MOUREN-LAURENS, )
an individual; and MOUREN-LAURENS )
17 | OIL COMPANY, a corporation; ESTATE )
OF JOSEPH MOUREN-LAURENS BY )
18 | JOHN MOUREN-LAURENS, )
ADMINISTRATOR OF THE ESTATE; )
19 | DOES 1 through 200, )
)
20 | Defendants )
)
21 | _____ )

22 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23 | PLEASE TAKE NOTICE that Defendants JOHN MOUREN-LAURENS, MIREILLE

24 | MOUREN-LAURENS, and MOUREN-LAURENS OIL COMPANY ("Defendants") hereby

25 | remove to this Court the state court action described below.

26 | 1. On March 11, 1998 an action was commenced in the Superior Court of the State of

27 | California in and for the County of Los Angeles, entitled REV. 973, LLC v. JOHN MOUREN-

28 | LAURENS, et al., as case number TC011090 which alleged solely state actions.

ENTERED ON ICMS

JAN 05 1999



```
12/31/98                    1:33:57 PM
LA   1-1 XOC          Receipt # 219185
======NO REFUND WITHOUT RECEIPT======
CASE #
086900    Filing Fee  Civil
                             60.00
510000    Special Fund F/F
                             90.00
==== T O T A L ======
   CHECK TENDERED $
                          $150.00
   CHECK 1356
         THANK   YOU
```

1    2. On or about November 30, 1998, Plaintiff filed Plaintiff's First Amended Complaint

2    which is the first pleading alleging causes of action which state a federal question. A true and

3    correct copy of the First Amended Complaint is attached as Exhibit "A" and incorporated by

4    reference.

5    3. The first date upon which Defendants JOHN MOUREN-LAURENS, MIREILLE

6    MOUREN-LAURENS, and MOUREN-LAURENS OIL COMPANY received a copy of the First

7    Amended Complaint was December 2, 1998, when Defendants were served with a copy.

8    4. No other defendants in the state action have been served at this time with the Complaint

9    or First Amended Complaint. Therefore, there is no need to join them in this notice of removal.

10   5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.

11   §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions

12   of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 6972, SWDA § 7002; and 42 U.S.C. §

13   9607, CERCLA § 107. Jurisdiction for these actions is exclusive in federal district court pursuant

14   to 42 U.S.C. § 6972(a), SWDA § 7002(a); and 42 U.S.C. § 9613 (b), CERCLA § 103.

15   Jurisdiction of defendant's state and cross-claims are so related to Defendant's federal claims that

16   they form part of the same case or controversy under Article III of the United States Constitutions.

17   Dated: December 31 , 1998                    **TRUTANICH • MICHEL, LLP**

18

19

20                                               VICTOR J. OTTEN
                                                 Attorneys for Defendants,
21                                               JOHN MOUREN-LAURENS, MIREILLE
                                                 MOUREN-LAURENS, and MOUREN-
22                                               LAURENS OIL COMPANY

23

24

25

26

27

28

Exhibit A

(SPACE BELOW FOR FILING STAMP ONLY)

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

Melvin H. Malat, Esq. - State Bar #30204
Morris S. Getzels, Esq. - State Bar #70947

Attorneys for    Plaintiff REV 973, LLC, a California
                 limited liability company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – SOUTH CENTRAL DISTRICT

| | |
|---|---|
| REV 973, LLC, a California limited liability company,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN MOUREN-LAURENS, an individual; MIREILLE MOUREN-LAURENS, an individual; JOSEPH MOUREN-LAURENS, an individual; EMA MOUREN-LAURENS, an individual; and MOUREN-LAURENS OIL COMPANY, a corporation, et al.,<br><br>          Defendants. | CASE NO. TC 011090<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1.  PRIVATE RECOVERY UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT (CERCLA);<br>2.  CONTRIBUTION UNDER CERCLA;<br>3.  DECLARATORY RELIEF UNDER CERCLA;<br>4.  STATUTORY INDEMNITY UNDER CALIFORNIA HEALTH & SAFETY CODE;<br>5.  DAMAGES FOR NEGLIGENCE;<br>6.  DAMAGES FOR INJUNCTION FOR PUBLIC NUISANCE;<br>7.  DAMAGES FOR INJUNCTION FOR PRIVATE NUISANCE;<br>8.  DAMAGES FOR TRESPASS;<br>9.  DAMAGES FOR ULTRAHAZARDOUS ACTIVITY;<br>10. WASTE; |

MHM\9731002
1STAMEND.COM

1

```
                                    )    11.  EXPRESS INDEMNITY;
                                    )    12.  E Q U I T A B L E
                                    )         INDEMNITY;
                                    )    13.  C O M P A R A T I V E
                                    )         EQUITABLE INDEMNITY
                                    )         UNDER STATE LAW;
                                    )    14.  DECLARATORY  RELIEF
                                    )         UNDER STATE LAW;
                                    )    15.  ATTORNEY'S    FEES
                                    )         PURSUANT   TO   CCP
                                    )         SECTION 1021.5; and
                                    )    16.  ATTORNEY'S    FEES
                                    )         PURSUANT   TO   CCP
                                    )         SECTION 1021.6
```

I.

## JURISDICTIONAL FACTS

1.  Plaintiff, REV 973, LLC, is a limited liability company, duly organized under the laws of the State of California, (hereinafter "REV 973" or "Plaintiff") which owns a property located at 641 and 705 East Compton Boulevard, Compton, California (hereinafter the "Property").

2.  On February 10, 1998, REV 973 completed the non-judicial foreclosure under a Deed of Trust on the Property, and became the owner of the Property by Trustee's Deed.

3.  Prior to the transfer of the Property to REV 973, certain named Defendants or others conducted an environmental site assessment of the Property.  The environmental site assessment confirmed the existence of petroleum related compounds at the Property impacting site subsurface soil and groundwater.

4.  A clean-up and abatement order had been issued on November 20, 1987 by California Regional Water Quality Control Board - Los Angeles Region ("RWQCB"), requiring Defendant Mouren-Laurens Oil Company to clean-up oily deposits and chemical spill residue, submit written reports as to work done and a work plan for site

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  assessment and clean-up and describe the extent of soil and
2  groundwater contamination.

3      5.  On December 17, 1987, RWQCB issued Clean-up and Abatement
4  Order no. 87-147 requiring Defendant Mouren-Lourens Oil Company to
5  provide a detailed description of work plan for investigation of
6  the soil and groundwater at the Property; at present RWQCB
7  maintains oversight of the Property.

8      6.  Prior to the time that REV 973 acquired the Property, an
9  environmental site assessment of the Property confirmed the
10 continuance of petroleum-related compounds in the subsurface soil
11 of the Property, due to the former occupants use and operations at
12 the Property by the Defendants.

13     7.  REV 973, on acquiring the Property, which Property is
14 subject to the order of RWQCB, investigated and determined the cost
15 to clean-up such contamination and seeks recovery and restitution
16 for  all the response costs and abatement expenses it has and will
17 incur in investigating and cleaning up the contamination herein at
18 issue, and for attorney fees associated therewith.

19                              II.

20          8.  **DEFINITIONS**

21     **DISPOSAL:**  As used in this Complaint, the term "Disposal"
22 shall have the meaning set forth in Solid Waste Disposal Act, as
23 amended by the Resource Conservation and Recovery Act of 1976, as
24 further amended by the Hazardous and Solid Waste Amendments of 1984
25 ("RCRA"), 42 U.S.C. § 1004(3), 42 U.S.C. § 6903(3):

26          "[t]he discharge, deposit, injection, dumping,

27          spilling, leaking or replacing of any solid

28          waste or hazardous waste into or on any land

MALAI, MALAI & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1   or water so that such solid waste or hazardous

2   waste or any constituent thereof may enter the

3   environment or be emitted into the air or

4   discharged into any waters, including ground

5   waters."

6   **ENVIRONMENT:** As used in this Complaint, the term

7   "Environment" shall have the meaning set forth in CERCLA § 101(8),

8   42 U.S.C. § 9601(8):

9   "(A) the navigable waters, the waters of the

10  contiguous zone, and the ocean waters for

11  which the natural resources are under the

12  exclusive management authority of the United

13  States...and (B) any other surface water,

14  ground water, drinking water supply, land

15  surface or subsurface strata, or ambient air

16  within the United States or under the

17  jurisdiction of the United States."

18  **FACILITY:** As used in this Complaint, the term "Facility"

19  shall have the meaning set forth in CERCLA § 101(9), 42 U.S.C. §

20  9601(9):

21  "(A) any building, structure, installation,

22  equipment, pipe or pipeline (including any

23  pipe into a sewer or publicly owned treatment

24  works) well, pit, pond, lagoon, impoundment,

25  ditch, landfill, storage container, motor

26  vehicle, rolling stock or aircraft, or (B) any

27  site or area where a hazardous substance has

28  been deposited, stored, disposed of, or

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1                   placed, or otherwise come to be located."

2        **HAZARDOUS SUBSTANCE:** As used in this Complaint, the term

3 "Hazardous Substance" shall have the meaning set forth in CERCLA §

4 101(14)(B), 42 U.S.C. § 9601(14)(B) and CERCLA § 101(14)(C), 42

5 U.S.C. § 9601(14)(C), as listed by the EPA at 40 C.F.R. § 302.4

6 pursuant to its authority under CERCLA § 102, 42 U.S.C. § 9602 and

7 applicable state law.

8        **HAZARDOUS WASTE:** As used in this Complaint, the term

9 "Hazardous Waste" shall have the meaning set forth in RCRA §

10 1004(5), 42 U.S.C. § 6903(5):

11           "[a]ny solid waste, or combination of solid

12           wastes, which because of its quantity,

13           concentration or physical, chemical or

14           infectious characteristics may -

15               (A) cause of significantly contribute to

16           an increase in mortality or any increase in

17           serious irreversible, or incapacitating

18           reversible illness; or

19               (B) pose a substantial present or

20           potential hazard to human health or the

21           environment when improperly treated, stored,

22           transported, or disposed of, or otherwise

23           managed.

24 Hazardous Waste shall also include the definition Hazardous Waste

25 as defined by applicable state law and "Solid Waste" as set forth

26 under RCRA § 1004(27), 42 U.S.C. § 6903(27), and applicable state

27 law.

28        **NATIONAL CONTINGENCY PLAN:** As used in this Complaint, the

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE EN CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 276-8700

1  term "National Contingency Plan" ("NCP") means that the National

2  Oil and Hazardous Substance Pollution Contingency Plan as set forth

3  in 40 C.F.R. Part 300; the Congressionally-mandated plan developed

4  by the EPA that delineates the required procedure for

5  investigating, analyzing remedial alternatives, responding to, and

6  abating the adverse effects of Releases of Hazardous Substances

7  into the Environment.

8      **RELEASES:** As used in this Complaint, the term "Release" shall

9  have the meaning set forth in CERCLA § 101(22), 42 U.S.C. §

10 9601(22):

11          [a]ny spill, leaking, pumping, pouring,

12          emitting, emptying, discharging, injecting,

13          escaping, leaching, dumping or disposing into

14          the environment (including the abandonment or

15          discharging of barrels, containers, and other

16          closed receptables containing any hazardous

17          substance or pollutant or contaminant).

18     **RESPONSE COSTS:** As used in this Complaint, the term "Response

19 Costs" means the costs of "removal" and "remedial actions" of

20 Hazardous Substances, as those terms are defined in CERCLA §

21 101(23) and (24), 42 U.S.C. § 9601(23) and (24), and all other

22 costs to respond to Releases of Hazardous Substances, as defined in

23 CERCLA § 101(25), 42 U.S.C. § 9601(25). Such costs include, but

24 are not limited to, costs incurred to monitor, assess and evaluate

25 the Hazardous Substance Release, as well as costs of removal and

26 Disposal of the Hazardous Substance. Such costs also include those

27 incurred in actions to remedy permanently the Hazardous Substance

28 Release, including, but not limited to (1) the storage,

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

1  confinement, cleanup of Hazardous Substances, (2) the recycling or

2  reuse, diversion, destruction or segregation of reactive wastes,

3  (3) the dredging or excavation, repair or replacement of leaking

4  containers, and (4) any other such action necessary to protect

5  public health, welfare, and the Environment.   The term "Response

6  Cost" also means any costs and attorneys' fees incurred in

7  enforcing either removal or remedial actions or CERCLA's scheme for

8  liability, compensation and cost-recovery, set forth in CERCLA §

9  101(25), 42 U.S.C. § 9601(25).

10      **PROPERTY:** As used in this Complaint, the term "Property"

11  refers to a tract commonly described as 641 and 705 East Compton

12  Boulevard, Compton, California, and all adjacent properties.   A

13  more complete description of the real property is set forth in

14  Exhibit "A" which is attached hereto and incorporated by this

15  reference.

16                                III.

17                         **THE PARTIES**

18      9.   Plaintiff REV 973, LLC, a California limited liability

19  company ("Plaintiff"), is and at all times relevant to the times

20  referenced herein was, a California limited liability company, in

21  good standing, organized and existing under the laws of the State

22  of California.

23      10.   Plaintiff is informed and believes and thereon alleges

24  that Defendants JOHN MOUREN-LAURENS ("John"), MIREILLE MOUREN-

25  LAURENS ("Mireille"), JOSEPH MOUREN-LAURENS ("Joseph"), and EMA

26  MOUREN-LAURENS ("Ema") were at all times herein mentioned

27  individuals and residing within the jurisdiction of this Court in

28  the County of Los Angeles.

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

MHM\9731002
1STAMEND.COM

1      11.   Plaintiff is informed and believes and on that basis

2  alleges that Defendant MOUREN-LAURENS OIL COMPANY ("Oil Company")

3  is and at all relevant times was a corporation organized under and

4  existing pursuant to the laws of the State of California, and at

5  all relevant times was doing business in Los Angeles County,

6  California.

7      12.   Plaintiff is informed and believes and on that basis

8  alleges that at all relevant times, the Defendants, and each of

9  them were the partners, joint venturers, agents, employees

10  fiduciaries, servants and successors of each of the other remaining

11  Defendants and at all relevant times were acting within the full

12  course and scope of their authority, agency, employment,

13  authorization and/or succession.

14     13.   Plaintiff is informed and believes and on that basis

15  alleges that Defendants, throughout their possession and use of the

16  Premises, and as part of their general business operations and

17  manufacturing processes, purchased and stored, handled, used,

18  treated, released and disposed of substantial quantities of

19  Hazardous Substances on the Property.

20                              IV.

21                   COMMON FACTUAL ALLEGATIONS

22     14.   The Property that is the subject matter of this action is

23  located in Los Angeles County, State of California and is commonly

24  described as 641 and 705 East Compton Boulevard, Compton,

25  California (the "Property").   The Property is legally described in

26  the Deed of Trust, Exhibit "A" hereto.   The Property consists of

27  warehouses and the land on which they are situated.   It is within

28  this Court's jurisdiction.

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 276-8700

MHM\9731002
1STAMEND.COM                        8

15.   On October 14, 1997, Plaintiff received from Revere Financial Corporation, an Assignment of Deed of Trust, granting, assigning and transferring to Plaintiff all beneficial interest under that certain deed of trust dated January 27, 1984, executed by John and Mireille, as Trustor, to Security Allied Services, as Trustee, and recorded as instrument number 84-176102 on February 9, 1984, official records in the County Recorder's Office of Los Angeles County, California (the Deed of Trust, Exhibit "A" hereto).

16.   Prior to the transfer of the Deed of Trust to REV 973, Plaintiff's predecessor caused and conducted a Phase II Environmental Site Assessment of the Property on or about March 22, 1996.   The report was prepared by MRM Group.   The result of the environmental assessment efforts are contained in a report entitled "Expanded Phase II Environmental Site Assessment Report" as prepared by MRM Group.   The report concluded that TRPH VOCS regulated metals and PCBs were present in the subsurface soils and it is believed that the underlying ground water of the Property has been impacted.

17.   On February 6, 1998, Plaintiff completed its non-judicial foreclosure of the Property, due to John and Mireille's default under the Note secured by said Deed of Trust and became the owner of the Property, pursuant to a Trustee's Deed upon Sale.

18.   Prior to the transfer of the subject Property to Plaintiff, the Los Angeles County Fire Department Hazardous Waste Control program ("LACFD") ordered John and Mireille and Oil Company to remove all hazardous materials from the surface of the Property, which has substantially been completed.   John, Mireille and Oil Company have vacated the Property and have failed to comply with

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM

1 the RWQCB Orders.  The soil and the ground water contamination
2 confirmed at the site was due in whole or in part, to the former
3 occupation, use and operations of the Property by the Defendants,
4 and each of them.

5     19.  Plaintiff, and/or the entities it acquired its interest
6 from, has performed all terms and provisions of the contracts sued
7 upon herein, and has acted otherwise in accordance with the law.
8 Under 42 U.S.C. § 9601(20)(E)(ii), Plaintiff is an innocent
9 landowner, not liable for clean-up costs.

## FIRST CAUSE OF ACTION

(Recovery of Response Costs Pursuant to CERCA §§ 107(a)(1-4)(B)

- Against All Defendants)

13     20.  Plaintiff refers to and realleges paragraphs 1 through 19
14 of this Complaint and incorporates them herein by this reference.

15     21.  Plaintiff, as the present owner of the Property from
16 which Hazardous Substances were released, may become liable for all
17 cost of "removal" and "remedial action" appropriate to the Property
18 as those terms are defined in 42 U.S.C. §§ 9601(23 and (24), and
19 may be required to reimburse the United States or the State of
20 California, if either undertakes such activity.

21     22.  Plaintiff is an innocent landowner as that term is
22 defined in 42 U.S.C. § 9601(20)(E)(ii).  Notwithstanding that,
23 Plaintiff has been contacted by government agencies seeking to hold
24 Plaintiff liable for the contamination.

25     23.  Plaintiff, a "person" as defined in CERCA § 101(21), 42
26 U.S.C. § 9601(21), has been and currently remains engaged in
27 conducting studies and other activities designed to develop an
28 appropriate response plan for removal and/or remedial action with

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  regard to the released Hazardous Substances. Plaintiff has
2  incurred, and will continue to incur, Substantial Response Costs,
3  in developing and implementing the appropriate response actions
4  under the supervision of appropriate governmental agencies, or as
5  approved by this Court.

6      24.  In addition, Plaintiff will incur as of yet undetermined
7  amount to address existing and future ground water issues estimated
8  by the MRM Group report to be approximately One Million One Hundred
9  Thousand Dollars ($1,100,000). All such Response Costs incurred
10 and that will be incurred have been and will continue to be
11 necessary and consistent with the requirements of the Property.

12     25.  Each Defendant did, over extended periods of time,
13 dispose of those Hazardous Substance directly into the Environment,
14 or in such other manner at the Property, so as to cause waste to be
15 released into the Environment.

16     26.  Each establishment operated by each Defendant was, and
17 is, a Facility.

18     27.  At all relevant times, each Defendant was the operator of
19 its respective Facility because each Defendant exercised control
20 over and managed its establishment, and determined and implemented
21 the policies and procedures by which its establishment operated.

22     28.  Each Defendant is a Person who operated its establishment
23 at the time waste were Disposed of at and from that Facility.

24     29.  Each of the Defendants were owners and operators of the
25 Facility.

26     30.  At all relevant times herein when Defendants owned,
27 operated and controlled the properties, there were Releases of
28 Hazardous Substances from the Facility referred to in Paragraph

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  8(C).

2      31. The Releases of Hazardous Substances from the Defendants

3  have caused and continue to cause Plaintiff to incur Response

4  Costs.

5      32. Pursuant to 42 U.S.C. § 9607(a), the Defendants, and each

6  of them, are liable to Plaintiff for all necessary Response Costs

7  incurred by Plaintiff in responding to the released Hazardous

8  Substances.

9  <u>**SECOND CAUSE OF ACTION**</u>

10  (Contribution pursuant to CERCA § 113(f) –

11  Against All Defendants)

12      33. Plaintiff refers to and realleges Paragraphs 1 through 32

13  of this Complaint and incorporates them herein by reference.

14      34. As compared to the Defendants, who actively and

15  intentionally discharged and Disposed of Hazardous Substances into

16  the Environment, Plaintiff is blameless. Plaintiff's liability

17  stems from the fact that it is the owner of the Property from which

18  the Defendants conducted their waste Disposal activities.

19      35. At all relevant times, Plaintiff did not know or suspect,

20  nor was it in a position to know of suspect, that the Defendants

21  were discharging and Disposing of Hazardous Substances directly

22  into the Environment.

23      36. To the extent any party has incurred recoverable Response

24  Costs pursuant to CERCLA § 107(A), 42 U.S.C. § 9607(a), and asserts

25  liability for some or all of those costs against Plaintiff pursuant

26  to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution

27  claim against Plaintiff for such costs incurred by another party

28  pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), Plaintiff

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 80210-4724
TELEPHONE (310) 278-8700

1  is entitled to one hundred percent (100%) contribution, or

2  contribution in such other percentage as this Court deems

3  appropriate, pursuant to CERCLA § 113(f)(1), 42 U.S.C. §

4  9613(f)(1), collectively from all Defendants.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief Under Federal Law –**

**Against All Defendants)**

8  37. Plaintiff refers to and realleges Paragraphs 1 through 36

9  of this Complaint and incorporates them herein by reference.

10  38. A dispute has arisen and an actual controversy exists

11  between Plaintiff and Defendants in that Plaintiff claims that

12  Defendants, and each of them, jointly and severally, are obligated

13  to indemnify Plaintiff against, and reimburse Plaintiff for, all

14  necessary Response Costs and any other costs and attorneys fees

15  heretofore or hereafter incurred by Plaintiff in responding to the

16  released or threatened release of Hazardous Substances or taking

17  any other removal or remedial action as a result of Defendants'

18  acts and conduct complained of herein. Defendants deny each

19  obligation.

20  39. Substantial costs will be incurred by Plaintiff over time

21  and after conclusion of this action. Unless declaratory relief is

22  granted, it will be necessary for Plaintiff to commence many

23  successive actions against Defendants, and each of them, to secure

24  compensation for the costs incurred and damages sustained, thus

25  requiring a multiplicity of suits.

26  40. Plaintiff is entitled to and hereby seeks a declaratory

27  judgment, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) of

28  Defendants' liability to Plaintiff for all Response Costs incurred

MALAI, MALAI & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM

1   or to be incurred by Plaintiff in implementing the remedial action
2   plan approved by this Court for responding to the Releases of
3   Hazardous Substances and adverse environmental consequences at
4   issue herein.

5      41.   Plaintiff is entitled to, and hereby seeks, a judicial
6   determination pursuant to the Federal Declaratory Relief Act, 28
7   U.S.C. § 2201, of Plaintiff's right to reimbursement from and
8   indemnification by Defendants, and each of them, for all costs
9   jointly and severally, which Plaintiff may incur resulting from
10  Defendants' Release of Hazardous Substances into the Environment.

11                     FOURTH CAUSE OF ACTION

12  (Statutory Indemnity Under California Health and Safety Code -
13                     Against All Defendants)

14     42.   Plaintiff realleges and incorporates by this reference
15  Paragraphs 1 through 42 of this Complaint.

16     43.   Plaintiff did not purchase, store, use, handle, generate,
17  treat, transport, Dispose of or control the Hazardous Substances
18  and Hazardous Waste that caused the contamination.  Defendants, and
19  each of them, are the parties who purchased, stored, used, handled,
20  generated, treated, transported, Disposed of, and controlled the
21  Hazardous  Substances  and  Hazardous  Waste  that  caused  the
22  contamination.

23     44.   Defendants, and each of the, are liable by virtue of
24  CERCLA and California Health and Safety Code Sections 25300 et seq.
25  for the contamination existing on the Property and possibly in the
26  ground water.

27     45.   Plaintiff is entitled to indemnification from the
28  Defendants, and each of them, for the costs and expenditures

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM                    14

1 Plaintiff has incurred or will incur in connection with
2 investigation, assessment, monitoring, removal and remediation of
3 any and all releases or threatened releases of Hazardous Substances
4 or Hazardous Waste on the subject Property, pursuant to California
5 Health and Safety Code Section 25363 et seq. and related
6 provisions.

7 **FIFTH CAUSE OF ACTION**

8 **(Negligence - Against All Defendants)**

9 46. Plaintiff realleges and incorporates by this reference
10 Paragraphs 1 through 45 of this Complaint.

11 47. Throughout their possession and use of the subject
12 Property, Defendants, and each of them, have acted negligently and
13 carelessly in the manner in which they stored, used, handled,
14 generated, treated, transported, Disposed of, and controlled
15 Hazardous Substances and Hazardous Wastes on the subject Property.
16 As a result of such conduct, Hazardous Substances and Hazardous
17 Wastes have been released into the soil at the Property and
18 possibly into the groundwater underlying the Property at actionable
19 levels of contamination that must be remediated and cleaned up
20 under state and federal law.

21 48. Any and all contamination existing on the Property and
22 potentially in the groundwater has resulted from the Defendants'
23 acts and omissions. Defendants' acts and omissions and the damages
24 suffered by Plaintiff speak for themselves, i.e. Res Ipsa Loquitur.

25 49. As a direct, proximate and foreseeable result of the acts
26 and omissions of Defendants, and each of them, Plaintiff has
27 suffered general, consequential and compensatory damages in amounts
28 that are not yet fully ascertained. These damages include, but are

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1   limited to, the following:

2          a.   Damage to the soil and groundwater on the subject

3   Property.

4          b.   Damage for the loss of use of the Property and

5   particularly during the assessment and remediation period; and

6          c.   Any and all amounts Plaintiff has incurred or will

7   incur for the investigation, assessment, monitoring, removal and

8   remediation of the contamination.  These amounts are in excess of

9   the minimum jurisdictional amounts of this Court and will be

10  established according to proof at the time of trial.

11                       SIXTH CAUSE OF ACTION

12          (For Private Nuisance – Against All Defendants)

13      50.   Plaintiff realleges and incorporates by this reference

14  Paragraphs 1 through 49 of this Complaint.

15      51.   Defendants' tortious and unlawful actions and omissions

16  constitute an unreasonable use of the Property and have caused a

17  condition on the Property that is injurious to the health and

18  offensive to the sense, and which was and is an obstruction of the

19  free use of Plaintiff's Property, so as to interfere with

20  Plaintiff's comfortable use and enjoyment of the subject Property.

21      52.   Defendants' acts and omissions have created or assisted

22  in the creation of a continuing nuisance which continues to damage

23  the Property and the Plaintiff on a daily basis.  Each actual

24  and/or threatened releases and migration of the contamination gives

25  rise to a new cause of action until such time as the contamination

26  is completely remediated.

27      53.   The nuisance is specifically injurious to Plaintiff and

28  any damages and injuries resulting from it are different in type

MALAI, MALAI & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM                          16

1 and effect than any damages and injuries to the entire community or

2 neighborhood.

3     54. The nuisance has caused and will continue to cause

4 special injuries to the Plaintiff to the extent Plaintiff has

5 incurred or will continue to incur expenses to investigate,

6 assessor monitor, remove, remediate and abate the nuisance and to

7 the extent the nuisance has injured the subject Property.

8     55. Plaintiff has requested and continues to seek to have

9 Defendants, and each of them, abate the nuisance, but Defendants

10 have failed to abate the nuisance and it continues to exist.

11     56. If the nuisance is not abated, Plaintiff will suffer

12 irreparable harm and injury. Any hardship imposed on Defendants,

13 in abating the nuisance will not be disproportionate to the

14 hardship. Plaintiff has suffered and will continue to suffer as a

15 result of the nuisance.

16     57. Plaintiff is informed and believes and on that basis

17 alleges that the contamination caused by Defendants' actions and

18 inactions, and each of them, may be subjecting adjacent and nearby

19 properties and owners and residents to damage and injury.

20 Defendants' failure to timely abate the nuisance and contamination

21 will increase the damage and injury to the Property and to adjacent

22 properties as well as potential damage and injury to the

23 groundwater beneath the properties.

24     58. As a direct, proximate and foreseeable result of the acts

25 and omissions of Defendants, and each of them, Plaintiff has

26 suffered general, consequential and compensatory damages in amounts

27 that are not yet fully ascertained. These damages include, but are

28 not limited to, the following:

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM

17

1       a.   Damage to the soil and groundwater on the subject

2 Property.

3       b.   Damage for the loss of use of the Property and

4 particularly during the assessment and remediation period; and

5       c.  Any and all amounts Plaintiff has incurred or will

6 incur for the investigation, assessment, monitoring, removal and

7 remediation of the contamination.

8     59.  These amounts are in excess of the minimum jurisdictional

9 amounts of this Court and will be established according to proof at

10 the time of trial.

11     60.  Plaintiff hereby requests that a mandatory and/or

12 prohibitory injunction be issued, requiring said Defendants to

13 enjoin and abate the nuisance and/or to perform such investigation,

14 assessment, monitoring, removal and remediation, as is necessary to

15 abate the nuisance.

16                  **SEVENTH CAUSE OF ACTION**

17          **(For Public Nuisance – Against All Defendants)**

18     61.  Plaintiff realleges and incorporates by this reference

19 Paragraphs 1 through 60 of this Complaint.

20     62.  Plaintiff is informed and believes and on that basis

21 alleges that the nuisance created by Defendants, and each of them,

22 affects at the same time an entire community or neighborhood or a

23 considerable number of persons and imposes a significant threat to

24 the health and safety of the public.

25     63. As a direct, proximate and foreseeable result of the acts

26 and omissions of Defendants, and each of them, Plaintiff has

27 suffered general, consequential and compensatory damages in amounts

28 that are not yet fully ascertained.  These damages include, but are

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM             18

1  not limited to, the following:

2      a.  Damage to the soil and groundwater on the subject

3  Property;

4      b.  Damage for the loss of use of the Property and

5  particularly during the assessment and remediation period; and

6      c.  Any and all amounts Plaintiff has incurred or will

7  incur for the investigation, assessment, monitoring, removal and

8  remediation of the contamination.

9  These amounts are in excess of the minimum jurisdictional amounts

10  of this Court and will be established according to proof at the

11  time of trial.

12      64.  Plaintiff hereby requests that a mandatory and/or

13  prohibitory injunction be issued, requiring said Defendants to

14  enjoin and abate the nuisance and/or to perform such investigation,

15  assessment, monitoring, removal and remediation, as is necessary to

16  abate the nuisance.

17                    **EIGHTH CAUSE OF ACTION**

18              **(For Trespass - Against All Defendants)**

19      65.  Plaintiff realleges and incorporates by this reference

20  Paragraphs 1 through 64 of this Complaint.

21      66.  The release of Hazardous Substances and Hazardous Waste,

22  the resulting contamination and the continued migration of such

23  Hazardous Substances and Hazardous Waste has constituted and

24  continues to constitute a continuing unauthorized trespass onto the

25  Property in violation of Plaintiff's rights.

26      67.  Plaintiff is informed and believes and on that basis

27  alleges that Defendants, and each of them, acted intentionally in

28  undertaking the conduct that caused the trespass and in failing to

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM                    19

1    abate and remedy the trespass and in allowing the trespass to

2    continue.

3        68.  Plaintiff has requested and continues to seek to have

4    Defendants, and each of them, abate the discontinue the trespass,

5    but Defendants have failed to do so and the trespass continues to

6    exist.

7        69.  If the trespass is not abated and discontinued, Plaintiff

8    will suffer irreparable harm and injury.  Any hardship imposed on

9    Defendants in abating and discontinuing the trespass will not be

10   disproportionate to the hardship.  Plaintiff has suffered and will

11   continue to suffer as a result of the trespass.

12       70.  As a direct, proximate and foreseeable result of the acts

13   and omissions of Defendants, and each of them, Plaintiff has

14   suffered general, consequential and compensatory damages in amounts

15   that are not yet fully ascertained.  These damages include, but are

16   not limited to, the following:

17            a.  Damage to the soil and groundwater on the subject

18   Property;

19            b.  Damage for the loss of use of the Property and

20   particularly during the assessment and remediation period; and

21            c.  Any and all amounts Plaintiff has incurred or will

22   incur for the investigation, assessment, monitoring, removal and

23   remediation of the contamination.  These amounts are in excess of

24   the minimum jurisdictional amounts of this Court and will be

25   established according to proof at the time of trial.

26       71.  Plaintiff hereby requests that a mandatory and/or

27   prohibitory injunction be issued, requiring the Defendants, and

28   each of them, to abate the nuisance and/or to perform such

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  investigation, assessment, monitoring, removal and remediation, as

2  is necessary to abate the nuisance.

3  <u>**NINTH CAUSE OF ACTION**</u>

4  **(For UltraHazardous Activity – Strict Liability –**

5  **Against All Defendants)**

6      72.  Plaintiff  realleges  and  incorporates  by  reference

7  Paragraphs 1 through 71 of this Complaint.

8      73.  Defendants, and each of them, in the operation of their

9  business on the Property and in the storage, use, generation,

10  treatment, transportation, Disposal and control of Hazardous

11  Substances and Hazardous Waste on the Property were conducting

12  UltraHazardous Activities.

13      74.  These activities created a risk of serious harm to

14  persons and property whereby such risk could not be eliminated by

15  the exercise of the utmost care.

16      75. As a result of these UltraHazardous Activities, Hazardous

17  Substances and Hazardous Waste were being released from and into

18  the Property and potentially into the groundwater beneath the

19  subject Property.

20      76.  Plaintiff has requested and continues to seek to have

21  Defendants,  and  each  of  them,  abate  and  discontinue  the

22  contamination  caused  by  their  UltraHazardous  Activities,  but

23  Defendants have failed to do so and the contamination continues to

24  exist.

25      77. As a direct, proximate and foreseeable result of the acts

26  and omissions of Defendants, and each of them, Plaintiff has

27  suffered general, consequential and compensatory damages in amounts

28  that are not yet fully ascertained.  These damages include, but are

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

1  not limited to, the following:

2          a.   Damage to the soil and groundwater on the subject

3  Property;

4          b.   Damage for the loss of use of the Property and

5  particularly during the assessment and remediation period;

6          c.   Any and all amounts Plaintiff has incurred or will

7  incur for the investigation, assessment, monitoring, removal and

8  remediation of the contamination.  These amounts are in excess of

9  the minimum jurisdiction amounts of this Court and will be

10  established according to proof at the time of trial.

11      78.   Plaintiff hereby requests that a mandatory and/or

12  prohibitory injunction be issued, requiring the Defendants, and

13  each of them, to abate the contamination created by their

14  UltraHazardous Activities and/or to perform such investigation,

15  assessment, monitoring, removal and remediation, as is necessary to

16  abate the contamination.

17                      **TENTH CAUSE OF ACTION**

18              **(Waste - Against All Defendants)**

19      79.   Plaintiff realleges and incorporates by this reference

20  Paragraphs 1 through 78 of this Complaint.

21      80.   Defendants caused injury to the Site by committing and

22  allowing to be committed waste thereon by knowingly and

23  intentionally causing the Disposal of Hazardous Substances in a

24  manner which allowed them to escape into the environment, so as to

25  contaminate the soil and groundwater on the Site.

26      81.   As a direct and proximate result of the waste created by

27  Defendants, Plaintiff has been required to and has expended

28  substantial sums of money as response costs and other costs in

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  order to investigate, study, monitor, and remediate contamination

2  on the Site and the Property of others, and otherwise incurred

3  expenses in order to bring the Property into compliance with State,

4  Federal and local law, in an amount according to proof at the time

5  of trial.

6      82.  As a further direct and proximate result of the waste

7  created by Defendants, Plaintiff has lost the use of the Site and

8  suffered other economic loss as a result of the contamination, in

9  an amount according to proof at the time of trial.

10     83.  As a further direct and proximate result of the waste

11 created by Defendants, Plaintiff has been required to and has

12 retained the law firm of Malat, Malat & Getzels to assist it and

13 protect its legal interests.    Plaintiff seeks an award of

14 attorney's fees herein in an amount according to proof at the time

15 of trial.

16     84.  Plaintiff is therefore entitled to recover treble damages

17 from Defendants, and each of them, pursuant to California Code of

18 Civil Procedure Section 732.

19                    **ELEVENTH CAUSE OF ACTION**

20           **(Express Indemnity - Against All Defendants)**

21     85.  Plaintiff realleges and incorporates by this reference

22 Paragraphs 1 through 84 of this Complaint.

23     86.  As part of the Deed of Trust held by Plaintiff,

24 Defendants agreed to keep and save Plaintiff harmless from any and

25 all claims arising out of or in connection with the possession,

26 occupation and/or use of the Property.

27     87.  As a direct and proximate result of the conduct of the

28 Defendants in Disposing of Hazardous Substances and Hazardous

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 276-8700

MHM\9731002
1STAMEND.COM

1  Wastes in and about the Property in a manner which caused or
2  allowed the Hazardous Substances and Hazardous Wastes to escape
3  into the environment and cause the contamination of soil and
4  groundwater on, under and in the vicinity of the Site, Plaintiff
5  has been and will be, required to study, monitor, investigate and
6  otherwise respond to the contamination. Plaintiff has been further
7  required to remove, remediate, clean-up and otherwise respond to
8  the release of Hazardous Substances and Hazardous Wastes into the
9  ground and groundwater, in a manner consistent with Federal, State
10 and local requirements. In doing so, Plaintiff has expended large
11 sums of money to study the contamination at and emanating from the
12 Site, to retain attorneys to defend its interest and to enforce
13 RCRA's and CERCLA's statutory schemes, and otherwise comply with
14 Federal, State and local laws and clean-up the Site and other
15 adversely affected public and private resources.

16       88.  As a further direct and proximate result of Defendants'
17 conduct, Plaintiff will be required to incur additional response
18 costs and other expenses in the future for further assessment,
19 clean-up, monitoring and/or remediation of the Property in an
20 amount according to proof.

21       89.  The response cost and other costs incurred by Plaintiff
22 studying, monitoring, cleaning up and otherwise bringing the
23 Property, the groundwater and the Property of others into
24 compliance with Federal, State and local regulations have been and
25 will be necessitated not by any act, omission, wrongdoing on the
26 part of the Plaintiff, but solely due to Defendants' failure to
27 properly possess, occupy and use the Property.

28       90.  By reason of Defendants' contractual obligations under

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON,
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

1  the Deed of Trust to keep and save Plaintiff harmless from any

2  liability for claims arising out of the possession, occupation and

3  use of the Property, Defendants are liable to reimburse and

4  indemnify Plaintiff for all response costs and other costs,

5  including attorney fees, or which will incurred as a result of

6  Defendants' Disposal of Hazardous Substances, Hazardous Wastes and

7  contamination at the Site.

8                    TWELFTH CAUSE OF ACTION

9            (Equitable Indemnify – Against All Defendants)

10      91.  Plaintiff refers to and realleges Paragraphs 1 through 90

11  of this Complaint and incorporates them herein by reference.

12      92.  Plaintiff has been, and will continue to be, compelled by

13  the operation of applicable federal and state laws to incur

14  necessary Response Costs consistent with the NCP and other

15  abatement costs to investigate, study, and remove the pollutants

16  from the surface and sub-surface soils and groundwater beneath and

17  adjacent to the Property and to take other response actions

18  necessary to protect public health and the environment, and to

19  enforce the liability schemes set forth in RCRA, CERCLA and in

20  state and local law.

21      93.  Defendants, and each of them, in fact, are entirely

22  liable for that contamination as a result of the release of

23  Hazardous Substances and Hazardous Wastes into the environment.

24  The release of Hazardous Substances and Hazardous Wastes into the

25  environment by Defendants was negligent, careless, wrongful, and

26  unlawful.  Plaintiff's statutory liability as a property owner for

27  the costs of environmental assessment clean-up and remediation is

28  solely the result of Defendants' negligent, careless, wrongful and

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  unlawful conduct undertaken in the course of their profit-making

2  activities.  The Defendants have benefitted monetarily from their

3  inexpensive but environmentally irresponsible methods of Disposing

4  of their toxic wastes.

5  94.   Defendants, and each of them, are therefore bound and

6  obligated, jointly and severally, to indemnify and hold harmless

7  Plaintiff from and against any and all Response Costs and any other

8  costs heretofore or hereafter incurred by Plaintiff in responding

9  to the Release of Hazardous Substances and Hazardous Wastes by

10 Defendants.

11             **THIRTEENTH CAUSE OF ACTION**

12       **(Comparative Equitable Indemnify Under State Law –**

13                **Against All Defendants)**

14  95.   Plaintiff refers to and realleges Paragraphs 1 through 94

15 of this Complaint and incorporates them herein by reference.

16  96.   If Plaintiff is found to be jointly and severally liable

17 to any party herein, for any damages or costs at issue herein,

18 Plaintiff seeks total comparative indemnify from all other

19 responsible parties.

20  97.   If this Court determines Plaintiff is responsible for

21 some of the damages and costs complained of herein, Plaintiff seeks

22 and is entitled to comparative equitable indemnity from the other

23 Defendants for such damages and costs Plaintiff has paid or will

24 pay in excess of its due share.

25 //

26 //

27 //

28 //

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM                    26

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief Under State Law –

### Against All Defendants)

98. Plaintiff refers to and realleges Paragraphs 1 through 97 of this Complaint and incorporates them herein by reference.

99. A dispute has arisen and an actual controversy exists between Plaintiff and Defendants in that Plaintiff claims that Defendants, jointly and severally, are obligated to indemnify Plaintiff against, and reimburse Plaintiff for, all Response Costs and any other costs heretofore or hereafter incurred by Plaintiff in removing the Hazardous Substances and Hazardous Wastes or taking any other removal or remedial action as a result of Defendants' conduct complained of herein, and Defendants deny such obligation.

100. Substantial costs will be incurred by Plaintiff over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary to commence many successive actions against Defendants to secure compensation for damages sustained, thus requiring a multiplicity of suits.

101. Plaintiff desires a judicial determination pursuant to California Code of Civil Procedure Section 1060 of Plaintiff's right to reimbursement and indemnification by Defendants for all costs heretofore or hereafter incurred by Plaintiff as a result of Defendants' conduct complained of herein.

## FIFTEENTH CAUSE OF ACTION

### (Attorneys' Fees Pursuant to California Code of

### Civil Procedure § 1021.5 – Against All Defendants)

102. Plaintiff refers to and realleges Paragraphs 1 through 101 of this Complaint and incorporated them herein by reference.

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

103.  The reimbursement of Response Costs by Defendants to Plaintiff of its costs of responding to the Hazardous Substances and Hazardous Wastes that Defendants released into the Environment will confer a significant benefit on the general public.

104.  Plaintiff has expended and will expend considerable costs in this action in order to recover for the costs of removing and radiating the Hazardous Substance and Hazardous Wastes Releases.  Such costs are and will be of public benefit.

105.  Recovery of Response Costs by Plaintiff is pursuant to CERCLA's statutory scheme, as expressed in 42 U.S.C. §§ 9607(a) and 9613(f), and confers a benefit on the public by ensuring that those who benefitted from and who are at fault for the Release of Hazardous Substances and Hazardous Wastes into the Environment bear the full costs of such Release, and so discourage future reckless of negligent management of Hazardous Substances and Hazardous Wastes.

106.  It is in the interest of justice that Plaintiff's attorneys' fees be paid out of recovery for which Plaintiff prays.

## SIXTEENTH CAUSE OF ACTION

### (Attorneys' Fees Pursuant to California Code of Civil Procedure § 1021.6 – Against All Defendants)

107.  Plaintiff refers to and realleges Paragraphs 1 through 106 of this Complaint and incorporates them herein by reference.

108.  Because of the tortious and otherwise wrongful conduct of Defendants, and each of them, as set forth in this Complaint, Plaintiff has been and continues to be required to act in the protection of Plaintiff's interest by defending the regulatory directives and orders issued by the government.

MALAI, MALAI & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

109.  Plaintiff on several occasions, has given notice to Defendants of the contamination at the Property and of the need to engage in removal and remedial action.  Plaintiff has demanded that Defendants reimburse Plaintiff for all costs expended and to assume responsibility for all costs to be incurred in taking remedial action, including costs of assuming the defense of the regulatory directives and orders issued by the government.  Defendants, and each of them, have refused to assume such expenses and to avail themselves of the opportunity to provide the defense of the regulatory directives and orders issued by the government.

110.  Plaintiff is without fault in regard to the regulatory directives and orders issued by the government.

111.  Plaintiff is entitled to an award of its attorneys' fees incurred in defending and otherwise responding to the regulatory directives and orders issued by the government and the environmental soil and groundwater contamination existing at the Property.

WHEREFORE, Plaintiff prays for judgment as against Defendants, and each of them, as follows:

### AS TO THE FIRST CAUSE OF ACTION

### FOR PRIVATE RECOVERY UNDER CERCLA

1.  For Plaintiff's Response Costs under CERCLA;

### AS TO THE SECOND CAUSE OF ACTION

### FOR CONTRIBUTION UNDER CERCLA

2.  For total contribution from all Defendants for all Response Costs that have been incurred by Plaintiff as required by law in response to the Release and threatened Release of Hazardous Substances and in enforcement of

MÁLAT, MÁLAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1   CERCLA's statutory liability schemes, or in an amount

2   this Court deems appropriate;

3   3.   For costs of suit incurred herein.

4   **AS TO THE THIRD CAUSE OF ACTION**

5   **FOR DECLARATORY RELIEF UNDER CERCLA**

6   4.   For a declaration that Defendants, jointly and severally,

7   are obligated to pay to Plaintiff all future Response

8   Costs and any other costs incurred by Plaintiff hereafter

9   in response, removal or remediation efforts incurred

10   pursuant to an RWQCB issued and/or court-approved

11   remedial action plan that is required by the NCP in order

12   to properly respond to the discharge of pollutants by

13   Defendants;

14   5.   For attorney's fees; and

15   6.   For costs of suit incurred herein.

16   **AS TO THE FOURTH CAUSE OF ACTION**

17   **FOR STATUTORY INDEMNITY UNDER CALIFORNIA**

18   **HEALTH AND SAFETY CODE**

19   7.   For a judicial declaration of the Plaintiff's and

20   Defendants' respective rights and liabilities under

21   Plaintiff's state law claims with respect to:

22   a.   The extent and source of the damage done to the

23   Property;

24   b.   Plaintiff's liability, if any, and Defendants'

25   liability to federal, state and local government,

26   adjacent landowners and other third parties;

27   c.   The costs and expenses Plaintiff has or will incur

28   for activities performed in the investigation,

MHM\9731002
1STAMEND.COM                          30

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

assessment, monitoring, removal and remediation of any Hazardous Substances and Hazardous Wastes at the Property;

d.   The financial responsibility of such liability, damage, expenses and costs;

e.   Plaintiffs' right to indemnify and contribution under California's Health and Safety Code Section 25300, et seq.,; and

f.   Plaintiff's right to indemnify and contribution under California's Water Code Section 13000, et seq.

## AS TO THE FIFTH CAUSE OF ACTION
## FOR DAMAGES FOR NEGLIGENCE

8.   For total contribution from all Defendants for all Response Costs that have been incurred by Plaintiff as required by law in response to the Release and threatened Release of Hazardous Substances and in enforcement of CERCLA's statutory liability schemes, or in an amount this Court deems appropriate, and all damages proximately caused by Defendants' negligence; and

9.   For attorneys' fees as set forth by contract and as required and permitted by law; and

## AS TO THE SIXTH CAUSE OF ACTION
## DAMAGES FOR PRIVATE NUISANCE

10.   For a mandatory, preliminary and permanent injunction ordering the Defendants to undertake, at their expense, all of the environmental engineering, investigation, studies, monitoring and response actions necessary to

MHM\9731002
1STAMEND.COM

1  respond to, abate and remediate fully and promptly the

2  nuisance condition resulting from Solid Waste and

3  Hazardous Waste contamination at and emanating from the

4  Property in a manner consistent with the NCP;

5  11. For nuisance abatement and clean-up costs from

6  Defendants, jointly and severally, in an amount equal to

7  all Response Costs and all other costs incurred in

8  response to the nuisance condition resulting from the

9  discharge of contaminants by Defendants, according to

10  proof at trial;

11  12. For compensatory damages according to proof, including,

12  but not limited to, lost profits and economic loss, loss

13  of use, diminution of fair market value of the Property,

14  damage related to the inability to resell the Property,

15  and stigma;

16  13. For incidental and consequential damages according to

17  proof;

18  14. For pre-judgment interest at the legal rate;

19  15. For attorneys' fees and

20  16. For costs of suit incurred herein.

21     **AS TO THE SEVENTH CAUSE OF ACTION**

22     **DAMAGES FOR PUBLIC NUISANCE**

23  17. For a mandatory, preliminary and permanent injunction

24  ordering the Defendants to undertake, at their expense,

25  all of the environmental engineering, investigation,

26  studies, monitoring and response actions necessary to

27  respond to, abate and remediate fully and promptly the

28  nuisance condition resulting from Solid Waste and

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

Hazardous Waste contamination at and emanating from the Property in a manner consistent with the NCP;

18. For nuisance abatement and clean-up costs from Defendants, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in response to the nuisance condition resulting from the discharge of contaminants by Defendants, according to proof at trial;

19. For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property, damage related to the inability to resell the Property, and stigma;

20. For incidental and consequential damages according to proof;

21. For pre-judgment interest at the legal rate;

22. For attorneys' fees and

23. For costs of suit incurred herein.

### AS TO THE EIGHTH CAUSE OF ACTION

### FOR TRESPASS

24. For damages from Defendants, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in removal or remediation efforts in response to the discharge of pollutants by Defendants according to proof at trial;

25. For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property,

1   damages related to the inability to resell the Property,

2   and stigma;

3   26.   For incidental and consequential damages according to

4   proof;

5   27.   For pre-judgment interest at the legal rate;

6   28.   For attorneys' fees and

7   29.   For costs of suit incurred herein.

8   **AS TO THE NINTH CAUSE OF ACTION**

9   **FOR DAMAGES FOR ULTRAHAZARDOUS ACTIVITY**

10   30.   For damages from Defendants, jointly and severally, in an

11   amount equal to all Response Costs and all other costs

12   incurred in removal or remediation efforts in response to

13   the discharge of pollutants by Defendants according to

14   proof at trial;

15   31.   For compensatory damages according to proof, including,

16   but not limited to, lost profits and economic loss, loss

17   of use, diminution of fair market value of the Property,

18   damages related to the inability to resell the Property,

19   and stigma;

20   32.   For incidental and consequential damages according to

21   proof;

22   33.   For pre-judgment interest at the legal rate;

23   34.   For attorneys' fees, and

24   35.   For costs of suit incurred herein.

25   **AS TO THE TENTH CAUSE OF ACTION**

26   **FOR WASTE**

27   36.   For damages from the Defendants, jointly and severally,

28   in an amount equal to all Response Costs, and all other

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM

1    costs incurred in removal or remediation efforts in

2    response to the discharge of pollutants by Defendants,

3    according to proof at trial;

4    37.  For compensatory damages according to proof, including,

5    but not limited to, lost profits and economic loss, loss

6    of use, diminution of fair market value of the Property,

7    damage related to the inability to resell the Property,

8    and stigma and treble damages;

9    38.  For incidental and consequential damages according to

10   proof;

11   39.  For pre-judgment interest at the legal rate;

12   40.  For attorneys' fees, and

13   41.  For costs of suit incurred herein.

14   **AS TO THE ELEVENTH CAUSE OF ACTION**

15   **FOR EXPRESS INDEMNITY**

16   42.  For a declaratory that Plaintiff is entitled to full

17   indemnity from Defendants, jointly and severally, for all

18   Response Costs and any other costs incurred in removal or

19   remediation efforts in response to the discharge of

20   pollutants by Defendants;

21   43.  For attorneys' fees, and

22   44.  Costs of suit incurred herein.

23   **AS TO THE TWELFTH CAUSE OF ACTION**

24   **FOR EQUITABLE INDEMNITY**

25   45.  For a declaratory that Plaintiff is entitled to full

26   indemnity from Defendants, jointly and severally, for all

27   Response Costs and any other costs incurred in removal or

28   remediation efforts in response to the discharge of

MHM\9731002
1STAMEND.COM                           35

1   pollutants by Defendants;

2   46.   For attorneys' fees, and

3   47.   For costs of suit incurred herein.

4   **AS TO THE THIRTEENTH CAUSE OF ACTION**

5   **FOR COMPARATIVE EQUITABLE INDEMNITY UNDER STATE LAW**

6   48.   For total comparative equitable indemnity or contribution

7   from Defendants for all clean-up and abatement costs that

8   have been incurred by Plaintiff as required by law in

9   response to the Release and threatened Release of

10   Hazardous Substances into the groundwater beneath and

11   emanating from the property, or in an amount this Court

12   deems appropriate;

13   49.   For attorneys' fees, and

14   50.   For costs of suit incurred herein.

15   **AS TO THE FOURTEENTH CAUSE OF ACTION**

16   **FOR DECLARATORY RELIEF UNDER STATE LAW**

17   51.   For a declaration that Defendants, jointly and severally,

18   are obligated to pay to Plaintiff all future Response

19   Costs and any other costs incurred by Plaintiff hereafter

20   in response, removal or remediation efforts incurred

21   pursuant to an RWQCB issued and/or court-approved

22   remedial action plan that is required by the NCP in order

23   to properly respond to the discharge of pollutants by

24   Defendants;

25   52.   For attorneys' fees, and

26   53.   For costs of suit incurred herein.

27   //

28   //

MALAI, MALAI & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM

1           **AS TO THE FIFTEENTH CAUSE OF ACTION**

2           **FOR ATTORNEYS' FEES PURSUANT TO CCP § 1021.5**

3    54.   For attorneys' fees.

4           **AS TO THE SIXTEENTH CAUSE OF ACTION**

5           **FOR ATTORNEYS' FEES PURSUANT TO CCP § 1021.6**

6    55.   For attorneys' fees incurred by Plaintiff in defense of

7        the Administrative Action.

8           **AS TO ALL CAUSES OF ACTION**

9    56.   For such other and further relief as this Court deems

10        just and proper.

11 DATED: November 30, 1998      Respectfully submitted,

12                       MALAT, MALAT & GETZELS

13

14                       By: *Morris S. Getzels*

15                       Morris S. Getzels, Esq.
                          Attorneys for Plaintiff

16                       REV 973, LLC, a California limited
                          liability company

17

18

19

20

21

22

23

24

25

26

27

28

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

MHM\9731002
1STAMEND.COM               37

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: November 30, 1998          Respectfully submitted

MALAT, MALAT & GETZELS

By: *Morris S. Getzels*
     Morris S. Getzels, Esq.
Attorneys for Plaintiff
REV 973, LLC, a California limited
Liability company

MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

**CIVIL COVER SHEET**

## I.(a) PLAINTIFFS
REU 973, LLC

**DEFENDANTS**
MIREILLE MOUREN-LAURENS
JOSEPH MOUREN-LAURENS
EMA MOUREN-LAURENS
MOUREN-LAURENS OIL COMPANY
ESTATE OF JOSEPH MOUREN-LAURENS
THROUGH ADMINISTRATOR

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Los Angeles

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
MORRIS GETZELS
MALAT, MALAT & GETZELS
301 N. Canon Dr., Suite 223
Beverly Hills, CA 90210-4724

ATTORNEYS (IF KNOWN)
VICTOR OTTEN
TRUTANICH · MICHEL LLP
407 N. HARBOR BLVD
SAN PEDRO, CA 90731

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. 6972 and 42 U.S.C. 9613, under CERCLA and RCRA for declaratory relief and contribution.

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce-ICC Rates, etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☒ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment Of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

## VIII.(a). IDENTICAL CASES:
Has this action been previously filed and dismissed, remanded or closed? ✓ No ___ Yes
If yes, list case number(s): ___

98-10690

**CIVIL COVER SHEET**
(Reverse Side)

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ✓ No ____ Yes

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES
THAT APPLY)

☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;

☐ B. Involve the same or substantially the same parties or property;

☐ C. Involve the same patent, trademark or copyright;

☐ D. Call for determination of the same or substantially identical questions of law, or

☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County , or State if other than California, in which **EACH** named plaintiff resides. (Use an additional sheet if necessary)

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

LOS ANGELES CO., CA

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

LOS ANGELES CO., CA

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**NOTE:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES CO., CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** X _Timothy O. Lyman_ Date 12/31/98

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |