ORIGINAL

(SPACE BELOW FOR FILING STAMP ONLY)



LAW OFFICES OF
**MALAT, MALAT & GETZELS**
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

FILED
CLERK, U.S. DISTRICT COURT
MAR 19 1999
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Melvin H. Malat, Esq. - State Bar #30204
Morris S. Getzels, Esq. - State Bar #70947
Attorneys for     Plaintiff REV 973, LLC, a California
limited liability company

RECEIVED
BUT NOT FILED
MAR 19 1999
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV 973, LLC, a California limited liability company, | CASE NO. CV 98-10690 AHM AIJx |
| Plaintiff, | **THIRD AMENDED COMPLAINT FOR:** |
| v. | 1. **PRIVATE RECOVERY UNDER COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT (CERCLA);** |
| JOHN MOUREN-LAURENS, an individual; MIREILLE MOUREN-LAURENS, an individual; JOSEPH MOUREN-LAURENS, an individual; EMA MOUREN-LAURENS, an individual; and MOUREN-LAURENS OIL COMPANY, a corporation; ESTATE OF JOSEPH MOUREN-LAURENS BY JOHN MOUREN-LAURENS, ADMINISTRATOR OF THE ESTATE; DOES 1 through 100; and DOE CORPORATIONS 1 through 100, inclusive, | 2. **CONTRIBUTION UNDER CERCLA;** |
| | 3. **DECLARATORY RELIEF UNDER CERCLA;** |
| | 4. **STATUTORY INDEMNITY UNDER CALIFORNIA HEALTH & SAFETY CODE;** |
| Defendants. | 5. **DAMAGES FOR NEGLIGENCE;** |
| | 6. **DAMAGES FOR INJUNCTION FOR PUBLIC NUISANCE;** |
| | 7. **DAMAGES FOR INJUNCTION FOR PRIVATE NUISANCE;** |
| | 8. **DAMAGES FOR TRESPASS;** |
| | 9. **DAMAGES FOR ULTRAHAZARDOUS ACTIVITY;** |

1

AND ALL RELATED CROSS ACTIONS.

)  10. WASTE;
)  11. EXPRESS INDEMNITY;
)  12. E Q U I T A B L E
    INDEMNITY;
)  13. C O M P A R A T I V E
    E Q U I T A B L E
    INDEMNITY UNDER
    STATE LAW;
)  14. DECLARATORY RELIEF
    UNDER STATE LAW;
)  15. ATTORNEY'S FEES
    PURSUANT TO CCP
    SECTION 1021.5; and
)  16. ATTORNEY'S FEES
    PURSUANT TO CCP
    SECTION 1021.6

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 229
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

## I.

## JURISDICTIONAL FACTS

1.  Plaintiff, REV 973, LLC, is a limited liability company, duly organized under the laws of the State of California, (hereinafter "REV 973" or "Plaintiff") which owns a property located at 641 and 705 East Compton Boulevard, Compton, California (hereinafter the "Property").

2.  On February 10, 1998, REV 973 completed the non-judicial foreclosure under a Deed of Trust on the Property, and became the owner of the Property by Trustee's Deed.

3.  Prior to the transfer of the Property to REV 973, certain named Defendants or others conducted an environmental site assessment of the Property. The environmental site assessment confirmed the existence of petroleum related compounds at the Property impacting site subsurface soil and groundwater.

4.  A clean-up and abatement order had been issued on November 20, 1987 by California Regional Water Quality Control Board - Los Angeles Region ("RWQCB"), requiring Defendant Mouren-Laurens Oil Company to clean-up oily deposits and chemical spill residue, submit written reports as to work done and a work plan for site assessment and clean-up and describe the extent of

2

soil and groundwater contamination.

5. On December 17, 1987, RWQCB issued Clean-up and Abatement Order no. 87-147 requiring Defendant Mouren-Lourens Oil Company to provide a detailed description of work plan for investigation of the soil and groundwater at the Property; at present RWQCB maintains oversight of the Property.

6. Prior to the time that REV 973 acquired the Property, an environmental site assessment of the Property confirmed the continuance of petroleum-related compounds, heavy metals, and PCBs, in the subsurface soil of the Property, due to the former occupants use and operations at the Property by the Defendants.

7. REV 973, on acquiring the Property, which Property is subject to the order of RWQCB, investigated and determined the cost to clean-up such contamination and seeks recovery and restitution for all the response costs and abatement expenses it has and will incur in investigating and cleaning up the contamination herein at issue, and for attorney fees associated therewith.

## II.

### 8. DEFINITIONS

**DISPOSAL**: As used in this Complaint, the term "Disposal" shall have the meaning set forth in Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as further amended by the Hazardous and Solid Waste Amendments of 1984 ("RCRA"), 42 U.S.C. § 1004(3), 42 U.S.C. § 6903(3):

> "[t]he discharge, deposit, injection, dumping, spilling, leaking or
> replacing of any solid waste or hazardous waste into or on any land or
> water so that such solid waste or hazardous waste or any constituent
> thereof may enter the environment or be emitted into the air or
> discharged into any waters, including ground waters."

3

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

**ENVIRONMENT**:  As used in this Complaint, the term "Environment" shall have the meaning set forth in CERCLA § 101(8), 42 U.S.C. § 9601(8):

> "(A) the navigable waters, the waters of the contiguous zone, and the ocean waters for which the natural resources are under the exclusive management authority of the United States...and (B) any other surface water, ground water, drinking water supply, land surface or subsurface strata, or ambient air within the United States or under the jurisdiction of the United States."

**FACILITY**:  As used in this Complaint, the term "Facility" shall have the meaning set forth in CERCLA § 101(9), 42 U.S.C. § 9601(9):

> "(A) any building, structure, installation, equipment, pipe or pipeline (including any pipe into a sewer or publicly owned treatment works) well, pit, pond, lagoon, impoundment, ditch, landfill, storage container, motor vehicle, rolling stock or aircraft, or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located."

**HAZARDOUS SUBSTANCE**: As used in this Complaint, the term "Hazardous Substance" shall have the meaning set forth in CERCLA § 101(14)(B), 42 U.S.C. § 9601(14)(B) and CERCLA § 101(14)(C), 42 U.S.C. § 9601(14)(C), as listed by the EPA at 40 C.F.R. § 302.4 pursuant to its authority under CERCLA § 102, 42 U.S.C. § 9602 and applicable state law.

**HAZARDOUS WASTE**: As used in this Complaint, the term "Hazardous Waste" shall have the meaning set forth in RCRA § 1004(5), 42 U.S.C. § 6903(5):

> "[a]ny solid waste, or combination of solid wastes, which because of

4

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

its quantity, concentration or physical, chemical or infectious characteristics may –

    (A) cause of significantly contribute to

an increase in mortality or any increase in serious irreversible, or incapacitating reversible illness; or

    (B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed.

Hazardous Waste shall also include the definition Hazardous Waste as defined by applicable state law and "Solid Waste" as set forth under RCRA § 1004(27), 42 U.S.C. § 6903(27), and applicable state law.

    **NATIONAL CONTINGENCY PLAN**: As used in this Complaint, the term "National Contingency Plan" ("NCP") means that the National Oil and Hazardous Substance Pollution Contingency Plan as set forth in 40 C.F.R. Part 300; the Congressionally-mandated plan developed by the EPA that delineates the required procedure for investigating, analyzing remedial alternatives, responding to, and abating the adverse effects of Releases of Hazardous Substances into the Environment.

    **RELEASES**: As used in this Complaint, the term "Release" shall have the meaning set forth in CERCLA § 101(22), 42 U.S.C. § 9601(22):

[a]ny spill, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discharging of barrels, containers, and other closed receptables containing any hazardous substance or pollutant or contaminant).

5

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

**RESPONSE COSTS**: As used in this Complaint, the term "Response Costs" means the costs of "removal" and "remedial actions" of Hazardous Substances, as those terms are defined in CERCLA § 101(23) and (24), 42 U.S.C. § 9601(23) and (24), and all other costs to respond to Releases of Hazardous Substances, as defined in CERCLA § 101(25), 42 U.S.C. § 9601(25). Such costs include, but are not limited to, costs incurred to monitor, assess and evaluate the Hazardous Substance Release, as well as costs of removal and Disposal of the Hazardous Substance. Such costs also include those incurred in actions to remedy permanently the Hazardous Substance Release, including, but not limited to (1) the storage, confinement, cleanup of Hazardous Substances, (2) the recycling or reuse, diversion, destruction or segregation of reactive wastes, (3) the dredging or excavation, repair or replacement of leaking containers, and (4) any other such action necessary to protect public health, welfare, and the Environment. The term "Response Cost" also means any costs and attorneys' fees incurred in enforcing either removal or remedial actions or CERCLA's scheme for liability, compensation and cost-recovery, set forth in CERCLA § 101(25), 42 U.S.C. § 9601(25).

**PROPERTY**: As used in this Complaint, the term "Property" refers to a tract commonly described as 641 and 705 East Compton Boulevard, Compton, California, and all adjacent properties. A more complete description of the real property is set forth in Exhibit "A" which is attached hereto and incorporated by this reference.

### III.

### THE PARTIES

9. Plaintiff REV 973, LLC, a California limited liability company ("Plaintiff"), is and at all times relevant to the times referenced herein was, a California limited liability company, in good standing, organized and existing under the laws of the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendants JOHN MOUREN-LAURENS ("John"), MIREILLE MOUREN-LAURENS ("Mireille"), JOSEPH MOUREN-

6

LAURENS ("Joseph"), and EMA MOUREN-LAURENS ("Ema") were at all times herein mentioned individuals and residing within the jurisdiction of this Court in the County of Los Angeles.

In addition to the allegations in Paragraphs 15, 16 and 28-35, hereinbelow, all of which apply to all the Defendants, including Joseph Mouren-Laurens (who is also known as Joseph Mouren-Laurens, Jr.) and Ema, Plaintiff is further informed and believes, and on that information and belief, thereon alleges that Joseph Mouren-Laurens was the Vice-President of Defendant Mouren-Laurens Oil Company from 1962-1977, and as Vice-President, was actively involved in the management and control including the oil company's disposal practices on the Property; that Joseph Mouren-Laurens owned at least 24.5% of the stock in the Mouren-Laurens Oil Company, and may have exercised a controlling interest as a member of the board of directors of said company, and that Joseph Mouren-Laurens operated a Facility on the Property, in the manner alleged in Paragraph 30 hereinbelow, and at the time alleged in Paragraph 31 hereinbelow, and as alleged in Paragraphs 32, 33, 34 and 35 hereinbelow. Plaintiff is further informed and believes that Ema was an owner of the Property until at least 1978.

11. Plaintiff is informed and believes and on that basis alleges that Defendant MOUREN-LAURENS OIL COMPANY ("Oil Company") is and at all relevant times was a corporation organized under and existing pursuant to the laws of the State of California, and at all relevant times was doing business in Los Angeles County, California.

12. Plaintiff is informed and believes and on that basis alleges that the Estate of Joseph Mouren-Laurens by John Mouren-Laurens, Administrator of the Estate, is an Estate of a former owner or operator of the Property.

13. Defendants DOES 1 through 100 and DOE CORPORATIONS 1 through 100, inclusive, are sued herein under their fictitious names; their true names and capacities, whether individual, corporate, partnership, or otherwise, are unknown to Plaintiff at this time, and leave of Court will be

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

7

asked to amend this Complaint to insert their true names when the same are ascertained.

14.  Plaintiff is informed and believes and thereon alleges, that Defendants, and each of them, designated herein as DOES 1 through 100, and DOE CORPORATIONS 1 through 100, inclusive, are responsible in some manner for the occurrences and happenings herein alleged, and that Plaintiff's damages as herein alleged were and are the direct and proximate result of the actions of said Defendants, and each of them.  Said Defendants are sued as principals or agents, partners, servants and employees of said principals or any combination thereof and all of the acts performed by them as agents, partners, servants, and employees were performed within the course and scope of their employment and with the knowledge, consent, approval, and ratification of said principals, and each of them.  At all times mentioned herein, each of the Defendants was the agent and employee of each of the co-defendants, and in doing the things mentioned herein was acting within the scope of their authority as such agent and employee and with the permission and consent of their co-defendants.

15.  Plaintiff is informed and believes and on that basis alleges that at all relevant times, the Defendants, and each of them were the partners, joint venturers, agents, employees fiduciaries, servants and successors of each of the other remaining Defendants and at all relevant times were acting within the full course and scope of their authority, agency, employment, authorization and/or succession.

16.  Plaintiff is informed and believes and on that basis alleges that Defendants, throughout their possession and use of the Premises, and as part of their general business operations and manufacturing processes, purchased and stored, handled, used, treated, released and disposed of substantial quantities of Hazardous Substances on the Property.

//

//

//

8

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

## IV.

## COMMON FACTUAL ALLEGATIONS

17. The Property that is the subject matter of this action is located in Los Angeles County, State of California and is commonly described as 641 and 705 East Compton Boulevard, Compton, California (the "Property"). The Property is legally described in the Deed of Trust, Exhibit "A" hereto. The Property consists of warehouses and the land on which they are situated. It is within this Court's jurisdiction.

18. On October 14, 1997, Plaintiff received from Revere Financial Corporation, an Assignment of Deed of Trust, granting, assigning and transferring to Plaintiff all beneficial interest under that certain deed of trust dated January 27, 1984, executed by John and Mireille, as Trustor, to Security Allied Services, as Trustee, and recorded as instrument number 84-176102 on February 9, 1984, official records in the County Recorder's Office of Los Angeles County, California (the Deed of Trust, Exhibit "A" hereto).

19. Prior to the transfer of the Deed of Trust to REV 973, Plaintiff's predecessor caused and conducted a Phase II Environmental Site Assessment of the Property on or about March 22, 1996. The report was prepared by MRM Group. The result of the environmental assessment efforts are contained in a report entitled "Expanded Phase II Environmental Site Assessment Report" as prepared by MRM Group. The report concluded that TRPH VOCS regulated metals and PCBs were present in the subsurface soils and it is believed that the underlying ground water of the Property has been impacted.

20. On February 6, 1998, Plaintiff completed its non-judicial foreclosure of the Property, due to John and Mireille's default under the Note secured by said Deed of Trust and became the owner of the Property, pursuant to a Trustee's Deed upon Sale.

21. Prior to the transfer of the subject Property to Plaintiff, the Los Angeles County Fire

9

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

Department Hazardous Waste Control program ("LACFD") ordered John and Mireille and Oil Company to remove all hazardous materials from the surface of the Property, which has substantially been completed.   John, Mireille and Oil Company have vacated the Property and have failed to comply with the RWQCB Orders.  The soil and the ground water contamination confirmed at the site was due in whole or in part, to the former occupation, use and operations of the Property by the Defendants, and each of them.

22.   Plaintiff, and/or the entities it acquired its interest from, has performed all terms and provisions of the contracts sued upon herein, and has acted otherwise in accordance with the law. Under 42 U.S.C. § 9601(20)(E)(ii), Plaintiff is an innocent landowner, not liable for clean-up costs.

## FIRST CAUSE OF ACTION

### (Recovery of Response Costs Pursuant to CERCA §§ 107(a)(1-4)(B)

### - Against All Defendants)

23.   Plaintiff refers to and realleges paragraphs 1 through 22 of this Complaint and incorporates them herein by this reference.

24.  Plaintiff, as the present owner of the Property from which Hazardous Substances were released, may become liable for all cost of "removal" and "remedial action" appropriate to the Property as those terms are defined in 42 U.S.C. §§ 9601(23 and (24), and may be required to reimburse the United States or the State of California, if either undertakes such activity.

25.  Plaintiff is an innocent landowner as that term is defined in 42 U.S.C. § 9601(20)(E)(ii). Notwithstanding that, Plaintiff has been contacted by government agencies seeking to hold Plaintiff liable for the contamination.

26.  Plaintiff, a "person" as defined in CERCA § 101(21), 42 U.S.C. § 9601(21), has been and currently remains engaged in conducting studies and other activities designed to develop an appropriate response plan for removal and/or remedial action with regard to the released Hazardous

10

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

1  Substances.  Plaintiff has incurred, and will continue to incur, Substantial Response Costs, in

2  developing and implementing the appropriate response actions under the supervision of appropriate

3  governmental agencies, or as approved by this Court.

4

5       27.  In addition, Plaintiff will incur as of yet undetermined amount to address existing and

6  future ground water issues estimated by the MRM Group report to be approximately One Million

7  One Hundred Thousand Dollars ($1,100,000).  All such Response Costs incurred and that will be

8  incurred have been and will continue to be necessary and consistent with the requirements of the

9  Property.

10

11       28.  Each Defendant did, over extended periods of time, dispose of those Hazardous

12  Substance directly into the Environment, or in such other manner at the Property, so as to cause

13  waste to be released into the Environment.

14       29.  Each establishment operated by each Defendant was, and is, a Facility.

15       30.  At all relevant times, each Defendant was the operator of its respective Facility because

16  each Defendant exercised control over and managed its establishment, and determined and

17  implemented the policies and procedures by which its establishment operated.

18

19       31.  Each Defendant is a Person who operated its establishment at the time waste were

20  Disposed of at and from that Facility.

21       32.  Each of the Defendants were owners and operators of the Facility.

22       33.  At all relevant times herein when Defendants owned, operated and controlled the

23  properties, there were Releases of Hazardous Substances from the Facility referred to in Paragraph

24  8(c).

25

26       34.  The Releases of Hazardous Substances from the Defendants have caused and continue

27  to cause Plaintiff to incur Response Costs.

28       35.  Pursuant to 42 U.S.C. § 9607(a), the Defendants, and each of them, are liable to Plaintiff

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

11

for all necessary Response Costs incurred by Plaintiff in responding to the released Hazardous Substances.

## SECOND CAUSE OF ACTION

### (Contribution pursuant to CERCA § 113(f) -

### Against All Defendants)

36.   Plaintiff refers to and realleges Paragraphs 1 through 35 of this Complaint and incorporates them herein by reference.

37.   As compared to the Defendants, who actively and intentionally discharged and Disposed of Hazardous Substances into the Environment, Plaintiff is blameless.  Plaintiff's liability stems from the fact that it is the owner of the Property from which the Defendants conducted their waste Disposal activities.

38.   At all relevant times, Plaintiff did not know or suspect, nor was it in a position to know of suspect, that the Defendants were discharging and Disposing of Hazardous Substances directly into the Environment.

39.   To the extent any party has incurred recoverable Response Costs pursuant to CERCLA § 107(A), 42 U.S.C. § 9607(a), and asserts liability for some or all of those costs against Plaintiff pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a), or asserts a contribution claim against Plaintiff for such costs incurred by another party pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), Plaintiff is entitled to one hundred percent (100%) contribution, or contribution in such other percentage as this Court deems appropriate, pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), collectively from all Defendants.

//

//

//

12

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

## THIRD CAUSE OF ACTION

### (Declaratory Relief Under Federal Law –

### Against All Defendants)

40.  Plaintiff refers to and realleges Paragraphs 1 through 39 of this Complaint and incorporates them herein by reference.

41.  A dispute has arisen and an actual controversy exists between Plaintiff and Defendants in that Plaintiff claims that Defendants, and each of them, jointly and severally, are obligated to indemnify Plaintiff against, and reimburse Plaintiff for, all necessary Response Costs and any other costs and attorneys fees heretofore or hereafter incurred by Plaintiff in responding to the released or threatened release of Hazardous Substances or taking any other removal or remedial action as a result of Defendants' acts and conduct complained of herein.  Defendants deny each obligation.

42.  Substantial costs will be incurred by Plaintiff over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary for Plaintiff to commence many successive actions against Defendants, and each of them, to secure compensation for the costs incurred and damages sustained, thus requiring a multiplicity of suits.

43.  Plaintiff is entitled to and hereby seeks a declaratory judgment, pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2) of Defendants' liability to Plaintiff for all Response Costs incurred or to be incurred by Plaintiff in implementing the remedial action plan approved by this Court for responding to the Releases of Hazardous Substances and adverse environmental consequences at issue herein.

44.  Plaintiff is entitled to, and hereby seeks, a judicial determination pursuant to the Federal Declaratory Relief Act, 28 U.S.C. § 2201, of Plaintiff's right to reimbursement from and indemnification by Defendants, and each of them, for all costs jointly and severally, which Plaintiff may incur resulting from Defendants' Release of Hazardous Substances into the Environment.

THIRD AMENDED COMPLAINT

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

**FOURTH CAUSE OF ACTION**

**(Statutory Indemnity Under California Health and Safety Code -**

**Against All Defendants)**

45.  Plaintiff realleges and incorporates by this reference Paragraphs 1 through 44 of this Complaint.

46.  Plaintiff did not purchase, store, use, handle, generate, treat, transport, Dispose of or control the Hazardous Substances and Hazardous Waste that caused the contamination.  Defendants, and each of them, are the parties who purchased, stored, used, handled, generated, treated, transported, Disposed of, and controlled the Hazardous Substances and Hazardous Waste that caused the contamination.

47.  Defendants, and each of the, are liable by virtue of CERCLA and California Health and Safety Code Sections 25300 et seq. for the contamination existing on the Property and possibly in the ground water.

48.  Plaintiff is entitled to indemnification from the Defendants, and each of them, for the costs and expenditures Plaintiff has incurred or will incur in connection with investigation, assessment, monitoring, removal and remediation of any and all releases or threatened releases of Hazardous Substances or Hazardous Waste on the subject Property, pursuant to California Health and Safety Code Section 25363 et seq. and related provisions.

**FIFTH CAUSE OF ACTION**

**(Negligence - Against All Defendants)**

49.  Plaintiff realleges and incorporates by this reference Paragraphs 1 through 48 of this Complaint.

50. Throughout their possession and use of the subject Property, Defendants, and each of them, have acted negligently and carelessly in the manner in which they stored, used, handled,

14

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

generated, treated, transported, Disposed of, and controlled Hazardous Substances and Hazardous Wastes on the subject Property. As a result of such conduct, Hazardous Substances and Hazardous Wastes have been released into the soil at the Property and possibly into the groundwater underlying the Property at actionable levels of contamination that must be remediated and cleaned up under state and federal law.

51. Any and all contamination existing on the Property and potentially in the groundwater has resulted from the Defendants' acts and omissions. Defendants' acts and omissions and the damages suffered by Plaintiff speak for themselves, i.e. <u>Res Ipsa Loquitur</u>.

52. As a direct, proximate and foreseeable result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered general, consequential and compensatory damages in amounts that are not yet fully ascertained. These damages include, but are limited to, the following:

a. Damage to the soil and groundwater on the subject Property.

b. Damage for the loss of use of the Property and particularly during the assessment and remediation period; and

c. Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination. These amounts are in excess of the minimum jurisdictional amounts of this Court and will be established according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### (For Private Nuisance - Against All Defendants)

53. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 52 of this Complaint.

54. Defendants' tortious and unlawful actions and omissions constitute an unreasonable use of the Property and have caused a condition on the Property that is injurious to the health and

15

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

offensive to the sense, and which was and is an obstruction of the free use of Plaintiff's Property, so as to interfere with Plaintiff's comfortable use and enjoyment of the subject Property.

55. Defendants' acts and omissions have created or assisted in the creation of a continuing nuisance which continues to damage the Property and the Plaintiff on a daily basis. Each actual and/or threatened releases and migration of the contamination gives rise to a new cause of action until such time as the contamination is completely remediated.

56. The nuisance is specifically injurious to Plaintiff and any damages and injuries resulting from it are different in type and effect than any damages and injuries to the entire community or neighborhood.

57. The nuisance has caused and will continue to cause special injuries to the Plaintiff to the extent Plaintiff has incurred or will continue to incur expenses to investigate, assessor monitor, remove, remediate and abate the nuisance and to the extent the nuisance has injured the subject Property.

58. Plaintiff has requested and continues to seek to have Defendants, and each of them, abate the nuisance, but Defendants have failed to abate the nuisance and it continues to exist.

59. If the nuisance is not abated, Plaintiff will suffer irreparable harm and injury. Any hardship imposed on Defendants, in abating the nuisance will not be disproportionate to the hardship. Plaintiff has suffered and will continue to suffer as a result of the nuisance.

60. Plaintiff is informed and believes and on that basis alleges that the contamination caused by Defendants' actions and inactions, and each of them, may be subjecting adjacent and nearby properties and owners and residents to damage and injury. Defendants' failure to timely abate the nuisance and contamination will increase the damage and injury to the Property and to adjacent properties as well as potential damage and injury to the groundwater beneath the properties.

61. As a direct, proximate and foreseeable result of the acts and omissions of Defendants, and

16

THIRD AMENDED COMPLAINT

each of them, Plaintiff has suffered general, consequential and compensatory damages in amounts that are not yet fully ascertained. These damages include, but are not limited to, the following:

a. Damage to the soil and groundwater on the subject Property.

b. Damage for the loss of use of the Property and particularly during the assessment and remediation period; and

c. Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination.

62. These amounts are in excess of the minimum jurisdictional amounts of this Court and will be established according to proof at the time of trial.

63. Plaintiff hereby requests that a mandatory and/or prohibitory injunction be issued, requiring said Defendants to enjoin and abate the nuisance and/or to perform such investigation, assessment, monitoring, removal and remediation, as is necessary to abate the nuisance.

## SEVENTH CAUSE OF ACTION

### (For Public Nuisance - Against All Defendants)

64. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 63 of this Complaint.

65. Plaintiff is informed and believes and on that basis alleges that the nuisance created by Defendants, and each of them, affects at the same time an entire community or neighborhood or a considerable number of persons and imposes a significant threat to the health and safety of the public.

66. As a direct, proximate and foreseeable result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered general, consequential and compensatory damages in amounts that are not yet fully ascertained. These damages include, but are not limited to, the following:

a. Damage to the soil and groundwater on the subject Property;

b. Damage for the loss of use of the Property and particularly during the assessment

17

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

and remediation period; and

      c. Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination.

These amounts are in excess of the minimum jurisdictional amounts of this Court and will be established according to proof at the time of trial.

67. Plaintiff hereby requests that a mandatory and/or prohibitory injunction be issued, requiring said Defendants to enjoin and abate the nuisance and/or to perform such investigation, assessment, monitoring, removal and remediation, as is necessary to abate the nuisance.

## EIGHTH CAUSE OF ACTION

### (For Trespass - Against All Defendants)

68. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 67 of this Complaint.

69. The release of Hazardous Substances and Hazardous Waste, the resulting contamination and the continued migration of such Hazardous Substances and Hazardous Waste has constituted and continues to constitute a continuing unauthorized trespass onto the Property in violation of Plaintiff's rights.

70. Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, acted intentionally in undertaking the conduct that caused the trespass and in failing to abate and remedy the trespass and in allowing the trespass to continue.

71. Plaintiff has requested and continues to seek to have Defendants, and each of them, abate the discontinue the trespass, but Defendants have failed to do so and the trespass continues to exist.

72. If the trespass is not abated and discontinued, Plaintiff will suffer irreparable harm and injury. Any hardship imposed on Defendants in abating and discontinuing the trespass will not be disproportionate to the hardship. Plaintiff has suffered and will continue to suffer as a result of the

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

18

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

trespass.

73. As a direct, proximate and foreseeable result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered general, consequential and compensatory damages in amounts that are not yet fully ascertained. These damages include, but are not limited to, the following:

a. Damage to the soil and groundwater on the subject Property;

b. Damage for the loss of use of the Property and particularly during the assessment and remediation period; and

c. Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination. These amounts are in excess of the minimum jurisdictional amounts of this Court and will be established according to proof at the time of trial.

74. Plaintiff hereby requests that a mandatory and/or prohibitory injunction be issued, requiring the Defendants, and each of them, to abate the nuisance and/or to perform such investigation, assessment, monitoring, removal and remediation, as is necessary to abate the nuisance.

## NINTH CAUSE OF ACTION

### (For UltraHazardous Activity - Strict Liability -

### Against All Defendants)

75. Plaintiff realleges and incorporates by reference Paragraphs 1 through 74 of this Complaint.

76. Defendants, and each of them, in the operation of their business on the Property and in the storage, use, generation, treatment, transportation, Disposal and control of Hazardous Substances and Hazardous Waste on the Property were conducting UltraHazardous Activities.

77. These activities created a risk of serious harm to persons and property whereby such risk could not be eliminated by the exercise of the utmost care.

19

78. As a result of these UltraHazardous Activities, Hazardous Substances and Hazardous Waste were being released from and into the Property and potentially into the groundwater beneath the subject Property.

79. Plaintiff has requested and continues to seek to have Defendants, and each of them, abate and discontinue the contamination caused by their UltraHazardous Activities, but Defendants have failed to do so and the contamination continues to exist.

80. As a direct, proximate and foreseeable result of the acts and omissions of Defendants, and each of them, Plaintiff has suffered general, consequential and compensatory damages in amounts that are not yet fully ascertained.  These damages include, but are not limited to, the following:

   a. Damage to the soil and groundwater on the subject Property;

   b. Damage for the loss of use of the Property and particularly during the assessment and remediation period;

   c. Any and all amounts Plaintiff has incurred or will incur for the investigation, assessment, monitoring, removal and remediation of the contamination.  These amounts are in excess of the minimum jurisdiction amounts of this Court and will be established according to proof at the time of trial.

81. Plaintiff hereby requests that a mandatory and/or prohibitory injunction be issued, requiring the Defendants, and each of them, to abate the contamination created by their UltraHazardous Activities and/or to perform such investigation, assessment, monitoring, removal and remediation, as is necessary to abate the contamination.

//

//

//

//

20

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

## TENTH CAUSE OF ACTION

### (Waste - Against All Defendants)

82.  Plaintiff realleges and incorporates by this reference Paragraphs 1 through 81 of this Complaint.

83.  Defendants caused injury to the Site by committing and allowing to be committed waste thereon by knowingly and intentionally causing the Disposal of Hazardous Substances in a manner which allowed them to escape into the environment, so as to contaminate the soil and groundwater on the Site.

84.  As a direct and proximate result of the waste created by Defendants, Plaintiff has been required to and has expended substantial sums of money as response costs and other costs in order to investigate, study, monitor, and remediate contamination on the Site and the Property of others, and otherwise incurred expenses in order to bring the Property into compliance with State, Federal and local law, in an amount according to proof at the time of trial.

85.  As a further direct and proximate result of the waste created by Defendants, Plaintiff has lost the use of the Site and suffered other economic loss as a result of the contamination, in an amount according to proof at the time of trial.

86.  As a further direct and proximate result of the waste created by Defendants, Plaintiff has been required to and has retained the law firm of Malat, Malat & Getzels to assist it and protect its legal interests.  Plaintiff seeks an award of attorney's fees herein in an amount according to proof at the time of trial.

87.  Plaintiff is therefore entitled to recover treble damages from Defendants, and each of them, pursuant to California Code of Civil Procedure Section 732.

//

//

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

THIRD AMENDED COMPLAINT

## ELEVENTH CAUSE OF ACTION

### (Express Indemnity - Against All Defendants)

88.  Plaintiff realleges and incorporates by this reference Paragraphs 1 through 87 of this Complaint.

89.  As part of the Deed of Trust held by Plaintiff, Defendants agreed to keep and save Plaintiff harmless from any and all claims arising out of or in connection with the possession, occupation and/or use of the Property.

90.  As a direct and proximate result of the conduct of the Defendants in Disposing of Hazardous Substances and Hazardous Wastes in and about the Property in a manner which caused or allowed the Hazardous Substances and Hazardous Wastes to escape into the environment and cause the contamination of soil and groundwater on, under and in the vicinity of the Site, Plaintiff has been and will be, required to study, monitor, investigate and otherwise respond to the contamination. Plaintiff has been further required to remove, remediate, clean-up and otherwise respond to the release of Hazardous Substances and Hazardous Wastes into the ground and groundwater, in a manner consistent with Federal, State and local requirements.  In doing so, Plaintiff has expended large sums of money to study the contamination at and emanating from the Site, to retain attorneys to defend its interest and to enforce RCRA's and CERCLA's statutory schemes, and otherwise comply with Federal, State and local laws and clean-up the Site and other adversely affected public and private resources.

91.  As a further direct and proximate result of Defendants' conduct, Plaintiff will be required to incur additional response costs and other expenses in the future for further assessment, clean-up, monitoring and/or remediation of the Property in an amount according to proof.

92.  The response cost and other costs incurred by Plaintiff studying, monitoring, cleaning up and otherwise bringing the Property, the groundwater and the Property of others into compliance

22

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 233
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

with Federal, State and local regulations have been and will be necessitated not by any act, omission, wrongdoing on the part of the Plaintiff, but solely due to Defendants' failure to properly possess, occupy and use the Property.

93. By reason of Defendants' contractual obligations under the Deed of Trust to keep and save Plaintiff harmless from any liability for claims arising out of the possession, occupation and use of the Property, Defendants are liable to reimburse and indemnify Plaintiff for all response costs and other costs, including attorney fees, or which will incurred as a result of Defendants' Disposal of Hazardous Substances, Hazardous Wastes and contamination at the Site.

## TWELFTH CAUSE OF ACTION

### (Equitable Indemnify - Against All Defendants)

94. Plaintiff refers to and realleges Paragraphs 1 through 93 of this Complaint and incorporates them herein by reference.

95. Plaintiff has been, and will continue to be, compelled by the operation of applicable federal and state laws to incur necessary Response Costs consistent with the NCP and other abatement costs to investigate, study, and remove the pollutants from the surface and sub-surface soils and groundwater beneath and adjacent to the Property and to take other response actions necessary to protect public health and the environment, and to enforce the liability schemes set forth in RCRA, CERCLA and in state and local law.

96. Defendants, and each of them, in fact, are entirely liable for that contamination as a result of the release of Hazardous Substances and Hazardous Wastes into the environment. The release of Hazardous Substances and Hazardous Wastes into the environment by Defendants was negligent, careless, wrongful, and unlawful. Plaintiff's statutory liability as a property owner for the costs of environmental assessment clean-up and remediation is solely the result of Defendants' negligent, careless, wrongful and unlawful conduct undertaken in the course of their profit-making activities.

THIRD AMENDED COMPLAINT

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

The Defendants have benefitted monetarily from their inexpensive but environmentally irresponsible methods of Disposing of their toxic wastes.

97.  Defendants, and each of them, are therefore bound and obligated, jointly and severally, to indemnify and hold harmless Plaintiff from and against any and all Response Costs and any other costs heretofore or hereafter incurred by Plaintiff in responding to the Release of Hazardous Substances and Hazardous Wastes by Defendants.

## THIRTEENTH CAUSE OF ACTION

### (Comparative Equitable Indemnify Under State Law -

### Against All Defendants)

98.  Plaintiff refers to and realleges Paragraphs 1 through 97 of this Complaint and incorporates them herein by reference.

99.  If Plaintiff is found to be jointly and severally liable to any party herein, for any damages or costs at issue herein, Plaintiff seeks total comparative indemnify from all other responsible parties.

100.  If this Court determines Plaintiff is responsible for some of the damages and costs complained of herein, Plaintiff seeks and is entitled to comparative equitable indemnity from the other Defendants for such damages and costs Plaintiff has paid or will pay in excess of its due share.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Relief Under State Law -

### Against All Defendants)

101.  Plaintiff refers to and realleges Paragraphs 1 through 100 of this Complaint and incorporates them herein by reference.

102.  A dispute has arisen and an actual controversy exists between Plaintiff and Defendants in that Plaintiff claims that Defendants, jointly and severally, are obligated to indemnify Plaintiff against, and reimburse Plaintiff for, all Response Costs and any other costs heretofore or hereafter

24

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

incurred by Plaintiff in removing the Hazardous Substances and Hazardous Wastes or taking any other removal or remedial action as a result of Defendants' conduct complained of herein, and Defendants deny such obligation.

103.  Substantial costs will be incurred by Plaintiff over time and after conclusion of this action. Unless declaratory relief is granted, it will be necessary to commence many successive actions against Defendants to secure compensation for damages sustained, thus requiring a multiplicity of suits.

104.  Plaintiff desires a judicial determination pursuant to California Code of Civil Procedure Section 1060 of Plaintiff's right to reimbursement and indemnification by Defendants for all costs heretofore or hereafter incurred by Plaintiff as a result of Defendants' conduct complained of herein.

## FIFTEENTH CAUSE OF ACTION

### (Attorneys' Fees Pursuant to California Code of

### Civil Procedure § 1021.5 - Against All Defendants)

105.  Plaintiff refers to and realleges Paragraphs 1 through 104 of this Complaint and incorporated them herein by reference.

106.  The reimbursement of Response Costs by Defendants to Plaintiff of its costs of responding to the Hazardous Substances and Hazardous Wastes that Defendants released into the Environment will confer a significant benefit on the general public.

107.  Plaintiff has expended and will expend considerable costs in this action in order to recover for the costs of removing and radiating the Hazardous Substance and Hazardous Wastes Releases.   Such costs are and will be of public benefit.

108.  Recovery of Response Costs by Plaintiff is pursuant to CERCLA's statutory scheme, as expressed in 42 U.S.C. §§ 9607(a) and 9613(f), and confers a benefit on the public by ensuring that those who benefitted from and who are at fault for the Release of Hazardous Substances and

THIRD AMENDED COMPLAINT

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

Hazardous Wastes into the Environment bear the full costs of such Release, and so discourage future reckless of negligent management of Hazardous Substances and Hazardous Wastes.

109. It is in the interest of justice that Plaintiff's attorneys' fees be paid out of recovery for which Plaintiff prays.

## SIXTEENTH CAUSE OF ACTION

### (Attorneys' Fees Pursuant to California Code of Civil Procedure § 1021.6 - Against All Defendants)

110. Plaintiff refers to and realleges Paragraphs 1 through 109 of this Complaint and incorporates them herein by reference.

111. Because of the tortious and otherwise wrongful conduct of Defendants, and each of them, as set forth in this Complaint, Plaintiff has been and continues to be required to act in the protection of Plaintiff's interest by defending the regulatory directives and orders issued by the government.

112. Plaintiff on several occasions, has given notice to Defendants of the contamination at the Property and of the need to engage in removal and remedial action. Plaintiff has demanded that Defendants reimburse Plaintiff for all costs expended and to assume responsibility for all costs to be incurred in taking remedial action, including costs of assuming the defense of the regulatory directives and orders issued by the government. Defendants, and each of them, have refused to assume such expenses and to avail themselves of the opportunity to provide the defense of the regulatory directives and orders issued by the government.

113. Plaintiff is without fault in regard to the regulatory directives and orders issued by the government.

114. Plaintiff is entitled to an award of its attorneys' fees incurred in defending and otherwise responding to the regulatory directives and orders issued by the government and the environmental

26

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

soil and groundwater contamination existing at the Property.

**WHEREFORE**, Plaintiff prays for judgment as against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION**

**FOR PRIVATE RECOVERY UNDER CERCLA**

1.    For Plaintiff's Response Costs under CERCLA;

**AS TO THE SECOND CAUSE OF ACTION**

**FOR CONTRIBUTION UNDER CERCLA**

2.    For total contribution from all Defendants for all Response Costs that have been incurred by Plaintiff as required by law in response to the Release and threatened Release of Hazardous Substances and in enforcement of CERCLA's statutory liability schemes, or in an amount this Court deems appropriate;

3.    For costs of suit incurred herein.

**AS TO THE THIRD CAUSE OF ACTION**

**FOR DECLARATORY RELIEF UNDER CERCLA**

4.    For a declaration that Defendants, jointly and severally, are obligated to pay to Plaintiff all future Response Costs and any other costs incurred by Plaintiff hereafter in response, removal or remediation efforts incurred pursuant to an RWQCB issued and/or court-approved remedial action plan that is required by the NCP in order to properly respond to the discharge of pollutants by Defendants;

5.    For attorney's fees; and

6.    For costs of suit incurred herein.

//

//

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

27

## AS TO THE FOURTH CAUSE OF ACTION

## FOR STATUTORY INDEMNITY UNDER CALIFORNIA

## HEALTH AND SAFETY CODE

7.    For a judicial declaration of the Plaintiff's and Defendants' respective rights and

liabilities under Plaintiff's state law claims with respect to:

a.    The extent and source of the damage done to the Property;

b.    Plaintiff's liability, if any, and Defendants' liability to federal, state and local

government, adjacent landowners and other third parties;

c.    The costs and expenses Plaintiff has or will incur for activities performed in

the investigation, assessment, monitoring, removal and remediation of any

Hazardous Substances and Hazardous Wastes at the Property;

d.    The financial responsibility of such liability, damage, expenses and costs;

e.    Plaintiffs' right to indemnify and contribution under California's Health and

Safety Code Section 25300, et seq.,; and

f.    Plaintiff's right to indemnify and contribution under California's Water Code

Section 13000, et seq.

## AS TO THE FIFTH CAUSE OF ACTION

## FOR DAMAGES FOR NEGLIGENCE

8.    For total contribution from all Defendants for all Response Costs that have been

incurred by Plaintiff as required by law in response to the Release and threatened

Release of Hazardous Substances and in enforcement of CERCLA's statutory liability

schemes, or in an amount this Court deems appropriate, and all damages proximately

caused by Defendants' negligence; and

9.    For attorneys' fees as set forth by contract and as required and permitted by law; and

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 NO. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

28

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

## AS TO THE SIXTH CAUSE OF ACTION

## DAMAGES FOR PRIVATE NUISANCE

10. For a mandatory, preliminary and permanent injunction ordering the Defendants to undertake, at their expense, all of the environmental engineering, investigation, studies, monitoring and response actions necessary to respond to, abate and remediate fully and promptly the nuisance condition resulting from Solid Waste and Hazardous Waste contamination at and emanating from the Property in a manner consistent with the NCP;

11. For nuisance abatement and clean-up costs from Defendants, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in response to the nuisance condition resulting from the discharge of contaminants by Defendants, according to proof at trial;

12. For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property, damage related to the inability to resell the Property, and stigma;

13. For incidental and consequential damages according to proof;

14. For pre-judgment interest at the legal rate;

15. For attorneys' fees and

16. For costs of suit incurred herein.

## AS TO THE SEVENTH CAUSE OF ACTION

## DAMAGES FOR PUBLIC NUISANCE

17. For a mandatory, preliminary and permanent injunction ordering the Defendants to undertake, at their expense, all of the environmental engineering, investigation, studies, monitoring and response actions necessary to respond to, abate and remediate

29

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-9700

fully and promptly the nuisance condition resulting from Solid Waste and Hazardous Waste contamination at and emanating from the Property in a manner consistent with the NCP;

18.  For nuisance abatement and clean-up costs from Defendants, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in response to the nuisance condition resulting from the discharge of contaminants by Defendants, according to proof at trial;

19.  For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property, damage related to the inability to resell the Property, and stigma;

20.  For incidental and consequential damages according to proof;

21.  For pre-judgment interest at the legal rate;

22.  For attorneys' fees and

23.  For costs of suit incurred herein.

### AS TO THE EIGHTH CAUSE OF ACTION

### FOR TRESPASS

24.  For damages from Defendants, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in removal or remediation efforts in response to the discharge of pollutants by Defendants according to proof at trial;

25.  For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property, damages related to the inability to resell the Property, and stigma;

26.  For incidental and consequential damages according to proof;

27.  For pre-judgment interest at the legal rate;

THIRD AMENDED COMPLAINT

28.   For attorneys' fees and

29.   For costs of suit incurred herein.

### AS TO THE NINTH CAUSE OF ACTION

### FOR DAMAGES FOR ULTRAHAZARDOUS ACTIVITY

30.   For damages from Defendants, jointly and severally, in an amount equal to all Response Costs and all other costs incurred in removal or remediation efforts in response to the discharge of pollutants by Defendants according to proof at trial;

31.   For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property, damages related to the inability to resell the Property, and stigma;

32.   For incidental and consequential damages according to proof;

33.   For pre-judgment interest at the legal rate;

34.   For attorneys' fees, and

35.   For costs of suit incurred herein.

### AS TO THE TENTH CAUSE OF ACTION

### FOR WASTE

36.   For damages from the Defendants, jointly and severally, in an amount equal to all Response Costs, and all other costs incurred in removal or remediation efforts in response to the discharge of pollutants by Defendants, according to proof at trial;

37.   For compensatory damages according to proof, including, but not limited to, lost profits and economic loss, loss of use, diminution of fair market value of the Property, damage related to the inability to resell the Property, and stigma and treble damages;

38.   For incidental and consequential damages according to proof;

39.   For pre-judgment interest at the legal rate;

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

31

40.    For attorneys' fees, and

41.    For costs of suit incurred herein.

## AS TO THE ELEVENTH CAUSE OF ACTION

## FOR EXPRESS INDEMNITY

42.    For a declaratory that Plaintiff is entitled to full indemnity from Defendants, jointly
and severally, for all Response Costs and any other costs incurred in removal or
remediation efforts in response to the discharge of pollutants by Defendants;

43.    For attorneys' fees, and

44.    Costs of suit incurred herein.

## AS TO THE TWELFTH CAUSE OF ACTION

## FOR EQUITABLE INDEMNITY

45.    For a declaratory that Plaintiff is entitled to full indemnity from Defendants, jointly
and severally, for all Response Costs and any other costs incurred in removal or
remediation efforts in response to the discharge of pollutants by Defendants;

46.    For attorneys' fees, and

47.    For costs of suit incurred herein.

## AS TO THE THIRTEENTH CAUSE OF ACTION

## FOR COMPARATIVE EQUITABLE INDEMNITY UNDER STATE LAW

48.    For total comparative equitable indemnity or contribution from Defendants for all
clean-up and abatement costs that have been incurred by Plaintiff as required by law
in response to the Release and threatened Release of Hazardous Substances into the
groundwater beneath and emanating from the property, or in an amount this Court
deems appropriate;

49.    For attorneys' fees, and

32

THIRD AMENDED COMPLAINT

50.   For costs of suit incurred herein.

**AS TO THE FOURTEENTH CAUSE OF ACTION**

**FOR DECLARATORY RELIEF UNDER STATE LAW**

51.   For a declaration that Defendants, jointly and severally, are obligated to pay to Plaintiff all future Response Costs and any other costs incurred by Plaintiff hereafter in response, removal or remediation efforts incurred pursuant to an RWQCB issued and/or court-approved remedial action plan that is required by the NCP in order to properly respond to the discharge of pollutants by Defendants;

52.   For attorneys' fees, and

53.   For costs of suit incurred herein.

**AS TO THE FIFTEENTH CAUSE OF ACTION**

**FOR ATTORNEYS' FEES PURSUANT TO CCP § 1021.5**

54.   For attorneys' fees.

**AS TO THE SIXTEENTH CAUSE OF ACTION**

**FOR ATTORNEYS' FEES PURSUANT TO CCP § 1021.6**

55.   For attorneys' fees incurred by Plaintiff in defense of the Administrative Action.

**AS TO ALL CAUSES OF ACTION**

56.   For such other and further relief as this Court deems just and proper.

DATED: March 18, 1999                    Respectfully submitted,

                                         MALAT, MALAT & GETZELS

                                         By:_____
                                            Morris S. Getzels, Esq.
                                         Attorneys for Plaintiff REV 973, LLC, a California
                                         limited liability company

THIRD AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: March 18, 1999

Respectfully submitted

MALAT, MALAT & GETZELS

By: _____
        Morris S. Getzels, Esq.
Attorneys for Plaintiff REV 973, LLC, a California
limited Liability company

LAW OFFICES OF
MALAT, MALAT & GETZELS
SUITE 223
VILLAGE ON CANON
301 No. CANON DRIVE
BEVERLY HILLS, CALIFORNIA 90210-4724
TELEPHONE (310) 278-8700

34

Exhibit A

## PROOF OF SERVICE

State of California, County of Los Angeles

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 301 North Canon Drive, Suite 223, Beverly Hills, California 90210

On March 18, 1999, I served the following document described as THIRD AMENDED COMPLAINT, by mail, on all of the interested parties in this action, a true copy thereof enclosed in sealed envelope addressed as stated on the attached mailing list.

I caused such envelope to be deposited in the mail at Beverly Hills, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 18, 1999, at Beverly Hills, California.

SANSANEE MARIE WELLS

## MAILING LIST

<u>REV 973, LLC v. JOHN MOUREN-LAURENS, etc. et al.</u>
USDC CASE NO.   CV 98-10690 AHM AIJx


Timothy Lignoul, Esq.
TRUTANICH-MICHEL, LLP
407 North Harbor Boulevard
San Pedro,  CA  90731


Timothy C. Cronin, Esq.
LAW OFFICES OF TIMOTHY C. CRONIN
615 Battery Street, Sixth Floor
San Francisco,  CA  94111


James Artiano, Esq.
ARTIANO, GUZMAN & TOOMEY, LLP
3828 Carson Street, Suite 102
Torrance,  CA  90503


Arthur Fine, Esq.                          <u>VIA FEDERAL EXPRESS</u>
MITCHELL, SILBERBERG & KNUPP, LLP
Trident Center
11377 W. Olympic Boulevard
Los Angeles,  CA  90064-1683


Leon Small, Esq.
LAW OFFICES OF LEON SMALL
16530 Ventura Boulevard, Suite 306
Encino,  CA  91436


Stephen M. Nichols, Esq.
WALSWORTH, FRANKLIN, BEVINS & McCALL
1 City Boulevard West, Fifth Floor
Orange,  CA  92868-3604

RECORDING REQUESTED BY

**GIBRALTAR SAVINGS**
A Federal Savings and Loan Association

176102

WHEN RECORDED MAIL TO:

Gibraltar Savings & Loan
9111 Wilshire Blvd.
Beverly Hills, Ca. 90213
Attn: Barbara Pradere
Corporate Banking Div.

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

FEB 9 1984 AT 8 A.M.

Recorder's Office

FEE

---

SPACE ABOVE THIS LINE FOR RECORDER'S US

## Deed of Trust

NOTICE TO BORROWER: THIS DOCUMENT SECURES A NOTE CONTAINING PROVISIONS INTEREST RATE ADJUSTMENTS.

LOAN No

THIS DEED OF TRUST, made this 27th day of January 1984

John Mouren-Laurens and Mireille Mouren-Laurens

, herein cal

whose address is 641 E. Compton
(Number and Street)   Compton   California   (Zip
(City)   (State)

SECURITY ALLIED SERVICES, a California corporation, herein called "Trustee", and GIBRALTAI A Federal Savings and Loan Association, a corporation herein called "Beneficiary",
WITNESSETH: That Trustor irrevocably grants, transfers, and assigns to Trustee in trust, with power of property, property rights and interest in Los Angeles County, California, descr

PARCEL 1 - The East 177.04 feet of the West 477.04 feet of Lot 36, of Tract 578, in Los Angeles, state of California, as per map recorded in Book 15, Page 114 of Maps, of the County Recorder of said County.

PARCEL 2 - The East 201.96 feet of the West 679 feet of Lot 36 of Tract 578, in the Los Angeles, state of California, as per map recorded in Book 15, Page 114 of Maps, of the County Recorder of said County.

INCLUDING all buildings, structures, improvements, appliances, equipment and appurtenances now or hereafter cons thereon, including, but not limited to, all apparatus and equipment, whether affixed to the land or building thereon or no whether single units or centrally controlled, used to provide or supply air-cooling, air-conditioning, heat, gas, water, refrigeration, ventilation, laundry, clothes drying, dishwashing, garbage disposal or other services, waste vent system equipment, window coverings, drapes and drapery rods, carpeting and floor coverings, awnings, ranges and ovens, water cabinets, pumps, pipes, tanks, fire prevention, fire extinguishing and communications apparatus, elevators, escalators, and the above items are declared to be and are deemed to be things affixed to and a part of the realty for the purposes of this D.

TOGETHER WITH all interest which Trustor now has or may hereafter acquire in or to said property and in and to:
(a) All rents, issues, profits, royalties, tolls, earnings and income therefrom and installments of money payable p agreement for sale of said property or any part thereof, subject however to the right, power and authority given to and Beneficiary by Paragraph 18 below;
(b) All easements, rights of way and other appurtenances thereto;
(c) All shrubs, trees and plants;
(d) All adjacent lands included in enclosures or occupied by buildings located partly on the above described property;
(e) All crops growing or to be grown on said property;
(f) All water and water rights (whether or not appurtenant) and shares of stock pertaining to water or water rights, own affects said property;
(g) All claims, demands or causes of action of any kind, including proceeds of settlement of any such claim, demand or ca any kind, which Trustor now has or may hereafter acquire, arising out of acquisition or ownership of the property, subject right, power and authority given to and conferred upon Beneficiary by Paragraph 11 below. Trustee shall have no duty to such claim, demand or cause of action.
For the purposes of this instrument, including all provisions incorporated by reference herein, all of the foregoing describe property rights and interests shall be referred to as "the property".

THIS DEED OF TRUST IS FOR THE PURPOSE OF SECURING THE FOLLOWING:

1. Payment of $ 885,000.00
(herein sometimes referred to as "the note") of even date herewith, made by Trustor, payable to Beneficiary or order, a modifications and extensions or renewals thereof.

2. Payment of such additional sums, with interest thereon, as may be hereafter borrowed from Beneficiary by the then r owners of the property which are hereby secured and all extensions, modifications and renewals of such additional borrow

3. Payment, performance and discharge of every obligation, covenant and agreement of Trustor whether contained or in reference in this Deed of Trust, or contained in any instrument now or hereafter executed by Trustor in connection with the by the note, including but not limited to any assignment, construction loan agreement, pledge agreement, security agree mental agreement, assignment of Lessor's interest in leases, modification agreement or assumption agreement.

4. Payment of all sums of money with interest which may be paid out or advanced by, or may otherwise be due to Trustee under any provision of this Deed of Trust.

5. At Beneficiary's option, payment with interest thereon of any other present or future indebtedness or obligation of Tru successor in interest to Trustor (to the property) to Beneficiary, whether created directly or acquired by assignment, wheth contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this De arising thereafter. Exercise of such option shall be evidenced by a notice in writing to Trustor or any successor in interest t

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

6. PRESERVATION OF THE PROPERTY. Trustor (a) shall keep the property in good condition and repair, (b) shall not rem or substantially alter any building, structure or improvement thereon, (c) shall complete or restore promptly and in good manner any building which may be constructed, damaged or destroyed thereon and will pay when due all claims for labor pe material furnished therefor, (d) shall comply with the provisions of all insurance policies covering and with all laws and affecting the property or requiring any alterations, repairs or improvements thereon, (e) shall not commit or suffer any waste shall not commit or suffer any act upon the property in violation of any provision of any insurance policy or law or regulation, (g decorate, cultivate, irrigate, fertilize, fumigate and prune the property, and (h) consistent with the use thereof, do all other act character or use of the property may reasonably require.

**EXHIBIT**

**8. INSURANCE.** Trustor shall, at Trustor's expense, provide and maintain in force at all times with respect to the prope types of insurance as may be required by Beneficiary. All of such insurance policies shall have a loss payable endors Beneficiary and shall be for a term and in form, content, amount, and with such insurance companies, as may be satisfactory Such policies shall be delivered to Beneficiary upon the making of this Deed of Trust upon the request of the Beneficiary deliver at all times evidence that the full premium for any such policy has been paid. Beneficiary at its option may retain original policy or may release it to the possession of the Trustor. If the Beneficiary retains possession of such policies, at lea before the expiration of any such insurance policy, a policy or policies renewing, extending or replacing such expiring i delivered by Trustor to Beneficiary. If any such insurance policy is not so delivered to Beneficiary or in the event any such in cancelled, whether the Beneficiary has in its possession the policies or not, and no reinstatement or replacement policy i termination of insurance, Beneficiary, without notice to or demand upon Trustor, may (but shall not be obligated to) obtain su such company as Beneficiary may deem satisfactory, and pay the premium therefor, and the amount of any premium so pai to and promptly paid by Trustor or at the option of Beneficiary, may be added to the indebtedness secured hereby.

In the event Beneficiary obtains any such insurance policy, Trustor, for his own benefit and for the protection of his equ property, hereby requests and authorizes Beneficiary, but without liability on the part of Beneficiary for failure as to do, to o for such term and in such form, content and amount and with such insurance companies as may be satisfactory to Benefic policy thus obtained by Beneficiary thereafter be cancelled, Trustor shall pay to Beneficiary any earned premiums on reasonable charge for its services in obtaining such policy.

Neither Trustee nor Beneficiary shall be responsible for the collection of any insurance monies, or for any insolvency insurance underwriter. The right to any unearned premiums under said insurance policies is hereby assigned and shall pass of the property conveyed at any Trustee's sale held or to the grantee of a deed in lieu of foreclosure if such a conveyance is m all of the amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness Deed of Trust at such time and in the manner and amount as Beneficiary may determine, or at the option of Beneficiary, v the indebtedness secured hereby, may either be used to replace, restore or reconstruct the property to a condition satisfactor or be released to Trustor. Any application, use or release shall not cure or waive any default or notice of default hereunder o act done pursuant to such notice. Trustor shall pay Beneficiary inspection fees and other costs resulting from or connected w loss to which such insurance relates.

**9. LIFE, ACCIDENT OR HEALTH INSURANCE.** If Trustor shall assign or deliver a policy of life, accident or heal Beneficiary as further security hereunder, then if Trustor fails to pay any premium thereon, Beneficiary shall be entitled, b to pay any such premium. Any amount so paid shall be charged to and promptly paid by Trustor or, at the option of Ben added to the indebtedness secured hereby.

**10. TAXES AND ENCUMBRANCES.** Trustor shall pay (a) at least twenty (20) days before delinquency, all general and a assessments now or hereafter affecting the property, including any assessments on appurtenant water stock; (b) when assessments for public improvements without permitting any improvement bond to issue for any special assessment; (c Beneficiary, all encumbrances, charges and liens on the property or any part thereof, which are or may be prior or superior due, all fees and charges incidental to ownership, occupancy or beneficial use of the property; and (e) if the property includes community apartment or part of a planned development, all payments required of the owner thereof under any declaration o conditions or restrictions pertaining to such project. Should Trustor fail to make any payment under this Paragraph 10, Bene shall not be obligated to, make such payment and any amount so paid shall be charged to and promptly paid by Trustor or, Beneficiary, shall be added to the indebtedness secured hereby, without regard to the validity or legality of such assess charges.

**11. CLAIMS, DEMANDS AND ACTIONS.** Trustor shall (a) appear in and defend any action or proceeding purporting to a hereof or the rights or powers of Beneficiary or Trustee; (b) at the option of Beneficiary, assign to Beneficiary, to the extent o interest, any claims, demands or causes of action of any kind, including any award, court judgment or proceeds of settleme claim, demand or cause of action of any kind which Trustor now has or may hereafter acquire arising out of acquisition or o property. Without limiting the generality of the foregoing, any such claim, demand or cause of action arising out of acquisitio of the property may include (i) any injury or damage to the property or any structure or improvement situated thereon, or (i cause of action in favor of Trustor which shall have arisen out of the transaction financed in whole or in part by the maki secured hereby or (iii) any claim or cause of action in favor of Trustor (except for bodily injury) which arises as a result of a improper construction, installation or repair of the property, including the surface or subsurface thereof, or of any buildin thereon. Beneficiary may apply, use or release such monies so received by it in the same manner as in Paragraph 8 providing f of fire or other insurance.

**12. DEFENDING TRUST.** Notwithstanding the provisions of Paragraph 11, Beneficiary or Trustee may (a) commence an appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appear to be prior or au and (c) in exercising any such right, incur any liability and expend whatever amounts either deems reasonably necessary, inc evidence of title and reasonable attorney's fees.

**13. PROTECTION OF SECURITY BY BENEFICIARY OR TRUSTEE.** Should Beneficiary or Trustee, but without obligation so to do, this Deed of Trust, then Beneficiary or Trustee, but without obligation so to do, Should Trustor fail to make any payment or do any a releasing Trustor from any obligation hereof, may make any such payment or do any such act in such manner and to such ex deems necessary to protect the security hereof. Beneficiary or Trustee is authorized to enter upon the property at any time for s

**14. REIMBURSEMENT.** Trustor shall pay immediately upon demand all costs, fees or expenses incurred and sums expended under the terms of this Deed of Trust by Beneficiary or Trustee, with interest thereon at a rate equal to the rate provided fo secured hereby, and the obligation of Trustor to pay such sums and interest as aforesaid shall be secured hereby. If Beneficiar shall make such payment or expend such sums, Trustor shall pay a service charge in an amount equal to ten per cent (10%) of t made or the sum expended.

**15. LEASEHOLD.** If the security for this Deed of Trust is a leasehold estate, Trustor agrees not to amend, change, terminate or leasehold interest without the written consent of Beneficiary being first obtained. In the event of a violation of this provision, l shall have the right, at its option, to declare all sums secured hereby forthwith due and payable within 30 days after such c Consent to the exercise of an option or to one amendment change, agreement or modification shall not be deemed to be a waiver to require consent to the exercise of an option thereafter nor shall it be deemed to be a waiver of the right to require consent to oth successive amendments, changes, agreements or modifications. Waiver of the right to require such consent in one instance s deemed to be a waiver of the right to require such consent after the waiver. Trustor agrees to pay, when due, all rental and othe including, but not limited to, taxes and assessments required under said leasehold, and otherwise to carry out all of the oblig agreements to be performed by the lessee under the terms of said leasehold. The failure of Trustor to make any rental or other pay due, or otherwise to perform all of the obligations of the lessee under the terms of said leasehold or this Deed of Trust, shall c default under the terms of this Deed of Trust. A default by Trustor, voluntary or involuntary, curable or not, under the terms of sai shall likewise be deemed to constitute a default under the terms of this Deed of Trust. Trustor agrees to promptly give Beneficiar writing of any default by Trustor under the terms of Trustor's leasehold and the provisions hereof. All sums expended by lien curing any default by Trustor under the terms of said leasehold shall be secured hereby, and Trustor agrees to pay to Beneficiary, in and without demand, all sums so expended by Beneficiary, with interest from date of expenditure at the same rate of interest as ap the principal sum of said Note, as adjusted.

**16. CONDOMINIUMS, PLANNED DEVELOPMENT PROJECTS, ETC.** If the security for this Deed of Trust is a condominium in a community apartment or planned development project, Trustor agrees to perform each and every obligation of the owner condominium or unit in such project under the declaration of covenants, conditions and restrictions pertaining to such project and the Articles of Incorporation, By Laws, regulations and constituent documents of the Owners' Association for such condi or project. Upon the request of Beneficiary, Trustor agrees to enforce against other owners in such condominium or project, each an obligation to be performed by them if the same have not been performed, or if valid legal steps have not been taken to enforc performance within ninety (90) days after such request is made.

In addition to any other ... luting to any other ... Said installment ... referred to in Paragraph 6. ... premium ... a payment ... then due of ... concurrently ... Taxes, encumbrances, assessments, leaseho... ... Shall deliver promptly to Beneficiary all bills a... ... the installments due under the note. If the amounts paid to Beneficiary under the provisions of th... insufficient to pay such taxes, assessments, leasehold payments and premiums as they become due, Trustor shall promptly upon demand the amount of the deficiency.

In the event of default of any obligation hereby secured, then any funds in the possession of Beneficiary under the paragraph may, at the option of Beneficiary, be applied upon any indebtedness secured hereby.

**18. RENTS COLLECTION.** Upon Beneficiary's request, Trustor shall furnish to Beneficiary within thirty (30) days of such balance sheet and statement of income and expenses of the property, certified by Trustor, and if Beneficiary shall require, by certified public accountant, and also a rent schedule for the property, certified by Trustor, showing the name of each tenant the space occupied, the lease expiration date and the rent payable. Beneficiary confers upon Trustor the authority to the rents, issues and profits of said property as they become due and payable, subject, however, to the right of Beneficiary authority at any time in its sole discretion and without notice to Trustor, and without regard to the adequacy of any indebtedness hereby secured. Beneficiary after revoking said authority, and either in person, by agent, or by a receiver appo... may collect and retain the said rents, issues and profits (including those past due and unpaid) whether or not there is a def... under any of the obligations secured hereby and at Beneficiary's option with or without notice or demand may take posses... part of said property. Any rents, issues and profits collected may be applied by Beneficiary, less costs and expenses collection, including reasonable attorney's fees, in its sole discretion, against the indebtedness secured hereby, any oblig... arising hereunder, or any other obligations of Trustor to Beneficiary, whether existing on the date hereof or hereafter arisi... repairs and refurbishing which Beneficiary deems desirable, all in such order and proportion as Beneficiary in its judgmen... Collection of any rents, issues and profits and other sums of money by Beneficiary shall not cure or waive any default or hereunder or invalidate any act a done pursuant to such notice. Beneficiary shall not be liable for the failure to collect any profits or other sums nor for the failure to assert or enforce any of the foregoing rights. Trustor hereby agrees that, in the ev... exercise its rights under this paragraph and takes possession of said property through an assignment of rents or through a receiver, Trustor waives any right to compensation for the use of Trustor's furniture, furnishings or equipment in said prop...

**19. DAMAGE TO OR CONDEMNATION OF PROPERTY.** Any award of damages or compensation for injury to, or in c... any condemnation for public use of the property or any part thereof, or any proceeds of any settlement with respect to a whether or not eminent domain proceedings have been instituted, shall be and is hereby assigned by Trustor and shall be paid who may apply, use or release the amount thereof in the same manner as in Paragraph 8 provided for the proceeds of fire or c...

**20. NO WAIVER.** Trustee or Beneficiary by accepting payment of any sum secured hereby after its due date, or by mak... taking any action which, under the provisions hereof either Trustee or Beneficiary is entitled but not obligated to make forbearing from enforcing any of its rights, shall not be deemed to have waived its right to require payment from or action by declare a default for Trustor's failure to do so.

In the event either Trustee or Beneficiary should expressly waive any rights under any provisions of this Deed of Trust, su... not be deemed a waiver of any rights Trustee or Beneficiary may have subsequently to require payment from or action by declare a default for Trustor's failure to do so.

**21. DEFAULT BY TRUSTOR.** Upon default by Trustor in payment of any indebtedness secured, or in the performance of any imposed upon Trustor, by this Deed of Trust, Beneficiary may, without notice and irrespective of whether declaration of de... delivered to Trustee and without regard to the adequacy of the security for the indebtedness secured hereby, either personally or agent, without bringing any action or proceeding, without entering into possession of the property, or by receiver to be... court, (a) enter into possession and hold, occupy, possess and enjoy the property; (b) make, cancel, enforce, modify or termi... obtain and eject tenants; (d) set or modify rents; (e) take, receive and collect all or any part of the rents, issues, profits, royalties, income and installments thereinafter referred to collectively as "income") as it becomes due and payable. After paying maintenance and operation of the property as it in its judgment may deem proper, Beneficiary may apply the balance u... indebtedness then secured hereby. The acceptance of such income shall not constitute a waiver of any other right whi... Beneficiary may have under this Deed of Trust or under the laws of California. The receipt and application by Beneficiary o... pursuant hereto, after execution and delivery of declaration of default and demand for sale or during the pendency of a... proceeding hereunder, shall not cure any breach or default, nor affect said sale proceeding or any sale made pursuant the... income, less all costs of operation and maintenance, when received by Beneficiary, shall be applied in reduction of the entire from time to time secured hereby. Trustor shall not in any manner obstruct or interfere with any of Beneficiary's rights under th... 21. In the event Beneficiary acts under the provisions of this Paragraph 21, Trustor shall pay a service charge in an amount eq... cent (5%) of all income collected by Beneficiary.

**22. TRUSTEE AUTHORIZED.** Upon written request of Beneficiary and presentation of this Deed of Trust and the Note secur... endorsement, and without affecting the liability of any person for payment of the indebtedness secured hereby, Trustee may (a) r... part of the property; (b) execute the title sheet of any map, plat or record of survey thereof; (c) join in granting any easement th... join in any agreement modifying the terms hereof or subordinating the lien or charge hereof. Trustor shall pay to Beneficiary a... reasonable service charge for any such action.

**23. RECONVEYANCE.** Upon written request of Beneficiary and upon surrender of this Deed of Trust and the note secured Trustee for retention, and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder... in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof. The grantee in such reconveyance may b... as "the person or persons legally entitled thereto". Five (5) years after the date of such reconveyance, Trustee may destroy the D... and note, without liability.

Notwithstanding anything set forth herein, Trustee may, in its discretion, deliver said Note or Deed of Trust or both to the pers... thereto.

**24. FEES.** Trustor shall pay to Beneficiary the maximum amount as may from time to time be permitted by law for furn... connection with the obligations secured hereby, each statement pursuant to any statute at the time then in force. Additionally, Tru... pay Beneficiary's and Trustee's fees, charges and expenses for any other statement, information or services furnished by Bene... Trustee in connection with the obligations secured hereby. Said services may include, but shall not be limited to, the proc... Beneficiary or Trustee, or both, of assumptions, substitutions, modifications, extensions, renewals, subordinations, reclassions, cl... owner, recordation of map, plat or record of survey, grants of easements, and full and partial reconveyances, and the obt... Beneficiary of any policies of insurance pursuant to any of the provisions contained in this Deed of Trust.

**25. SALE BY TRUSTEE.** Upon default by Trustor in payment of any indebtedness, or performance of any obligation secured by... of Trust, Beneficiary, in addition to any other remedy or process available to Beneficiary, may declare all sums secured by this Dee... immediately due and payable by delivering to Trustee a written declaration of default and causing to be filed for record a written default and election to sell, and shall deposit with Trustee this Deed of Trust and any note or other evidence of indebtedness secure... Deed of Trust and all documents evidencing expenditures secured hereby. After the lapse of such time as may be required by law t... the filing for record of said notice of default, and after giving all such notices as may be required by law, Trustee, without demand on... may sell the property, either as a whole or in separate parcels, and in such order as it may determine, by public auction to the highe... for cash in lawful money of the United States, payable at time of sale, or for the equivalent of cash, as so determined by Trustee i... discretion. If the indebtedness secured hereunder is additionally secured by real property which is authorized to sell, either in whole or in separate parcel... may sell any property so given as security for Trustor's obligation, which it is authorized to sell, either in whole or in separate parcel... such order as it may determine.

Trustee may postpone sale of all or any portion of the property by public announcement at the time and place fixed for such sale, an... time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Followin... Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implic... recital in such deed of any matters of fact shall be conclusive proof of the truth thereof. Any person, including Trustor, Truste... Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this trust, including cost of eviden... title in connection with the sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment, first, of all s...

DEED OF TRUST

a defense to any demand or obligation secured hereby... or other act or omission... committed to... filing, shall distribute ti...

declaration... that as expressly limited by law, if Trustor, without Beneficiary's prior written consent: (a) sells, convey, alienates or further encumbers all or any part of the property; or (b) leases all or any part of the property for a term exercisable options, of more than 3 years; or (c) suffers the title or any interest in the secured property to be divested, w or involuntarily; or (d) changes or permits to be changed the character or use of the property; or (e) is a partnersh general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation wi stockholders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or 12-month period.

**28. SUBSTITUTION OF TRUSTEE.** Beneficiary may, from time to time, by instrument in writing, substitute a success any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary and recor Recorder of the county or counties where the property is situated, shall be conclusive proof of the proper substitution Trustee or Trustees, who shall, without conveyance, succeed to all the title, estate, rights, powers and duties of the predec instrument shall contain the name and address of the new Trustee. If notice of default shall have been recorded, this pow may not be exercised unless the then acting Trustee signs an endorsement on such instrument of substitution to the effect and expenses due to such Trustee have been paid or satisfied.

**29. ADJUSTABLE MORTAGE LOAN.** The note secured by this Deed of Trust contains provisions which may result in interest rate, in the monthly installments, and in the unpaid principal balance. Reference is hereby made to the Promis specific provisions relating to such increases.

**30. NO OFFSET.** No offset or claim which Trustor now or may in the future have against Beneficiary shall relieve Tru installments or performing any other obligation herein or secured hereby.

**31. TIME OF ESSENCE.** Time is of the essence of all Trustor's obligations hereunder.

**32. AGREEMENT CHANGED ONLY IN WRITING.** This Deed of Trust cannot be changed except by agreement in w Trustor and Beneficiary.

**33. GENERAL PROVISIONS**

(a). The term "Trustor" shall mean all parties executing this Deed of Trust as Trustor, their respective heirs, leg administrators, executors, successors in interest and assigns, provided that Beneficiary shall not be obligated to give Noti Notice of Sale hereunder to any Trustor other than as shown on the face page hereof.

(b). The term "Beneficiary" shall mean the owner and holder (including a pledgee) of the note secured hereby, whether Beneficiary herein.

(c). Every provision of this Deed of Trust imposing upon Trustor an obligation to perform an act, or embodying a Trustor to perform an act, shall be construed as obligating Trustor to pay all costs and expenses relating thereto.

(d). In the event any provision hereof shall be declared invalid or unenforceable through a final judgment in a court h jurisdiction, the validity or enforceability of any of the remaining terms hereof shall not be thereby impaired.

(e). In this Deed of Trust, wherever the context so requires, the masculine gender includes the feminine and neuter, the si includes the plural, and vice versa, and if more than one person is named as Trustor, the obligations of Trustor shall be the jo obligations of each person.

(f). Captions and paragraph headings used herein are for convenience only and are not a part of this agreement and shal construing it.

The undersigned Trustor(s) request(s) that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed t named on the face page hereof, at the address set forth thereon.

**NOTICE TO BORROWER:** THIS DOCUMENT CONTAINS PROVISIONS FOR INTEREST RATE ADJUSTM AND CONTAINS PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMEI MATURITY.

_Signature of Trustor(s)_

_John Houren-Laurens_                     _Mireille Houren-Laure_
Mireille Houren-Laurens

**STATE OF CALIFORNIA**
**COUNTY OF** _____ } ss.

On _JANUARY 27, 1984_ _____ before me, the undersigned, a Notary Public in and for said State personally a _JOHN HOUREN-LAURENS_ _____ AND _MIREILLE HOUREN-LAURE_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person S _THEY_ _____ executed the same _____ whose name S _are_ subscribed to the within instrument and acknowledged that

**WITNESS** my hand and official seal.

Signature _Roslyn Fox_
_ROSLYN FOX_
**NAME (Typed or Printed)**

OFFICIAL SEAL
ROSLYN FOX
NOTARY PUBLIC-CALIFORN
PRINCIPAL OFFICE IN
LOS ANGELES COUNTY
My Commission Expires Sept. 1, 1984

**DO NOT RECORD**
## REQUEST FOR FULL RECONVEYANCE
To be used only when note has been paid.

84- 176

To Security Allied Services Trustee:

Date _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by sa Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith togethe said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate no you under the same.

Mail Reconveyance to:

_____

_____

_____

_____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.