**G. KEITH WISOT**
**Judge of the Superior Court (Ret.)**
**JAMS**
**707 Wilshire Boulevard**
**AON Center, 46th Floor**
**Los Angeles, CA 90017**
**Telephone:   (213) 620-1133**
**Fax:             (213) 620-0100**

**Special Master**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV 973, LLC, a California limited liability company,<br><br>   Plaintiff,<br><br>vs.<br><br>JOHN MOUREN-LAURENS, an individual; et al.,<br><br>   Defendant.<br>_____<br><br>AND ALL RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD PARTY CLAIMS.<br>_____ | Case No. 98-10690 AHM (Ex)<br><br>**REPORT No. 88**<br><br>**REPORT AND RECOMMENDATION OF SPECIAL MASTER**<br><br>**CONFIRMING CONFERENCE OF MAY 9, 2011**<br><br>**and**<br><br>**ORDER** |

**TO THE HONORABLE JUDGE MATZ:**

The Special Master hereby submits a Report and Recommendation in accordance with the September 27, 2001, Order Appointing Special Master for Case Management Purposes (the "Order"), for a telephonic conference requested by counsel and held on May 9, 2011, as follows:

-1-
**REPORT AND RECOMMENDATION OF SPECIAL MASTER —
TELEPHONIC CONFERENCE OF MAY 9, 2011**

**Parties in attendance**

    Franklin R. Fraley, Jr., Esq.
    of Fraley & Associates
    for Jerrold L. Fine, Revere Financial Corporation, and Rev 973, LLC

    Tom E. Maciejewski, Esq.
    of Michel & Associates, P.C.
    for John Mouren-Laurens, Mireille Mouren-Laurens, and Mouren-Laurens Oil Co., Inc.

    Eric P. Francisconi, Esq.
    of Barnes Crosby Fitzgerald & Zeman LLP
    for Roy Leach, Patricia Leach, Leach Oil Company Inc., and Leach Property Management

    Eric M. Nakasu, Esq.
    of Artiano & Associates
    for Estate of Joseph Mouren-Laurens, Sr.

    Alan Johnston, Esq.
    of The Law Offices of Timothy C. Cronin
    for the Administrator of the Estate of Emma Mouren-Laurens

Counsel detailed the purpose of the conference; after the conference, the Special Master was able to review the issues as set forth in a May 9 email string between counsel.

Mr. Fraley outlined the issues: at the next mediation session scheduled for tomorrow May 10, 2011, one PRP (WH Tank Lines) planning to participate is represented by attorney Jeffrey Caulfield, of Caulfield & James. WH Tank Lines was served as a PRP only by plaintiff Rev 973. Mr. Caulfield was previously an associate with the firm Trutanich Michel LLP, then representing the MLOC parties in this case; Caulfield appeared at status conferences and worked on the database built and administered by Trutanich/Michel and its successor Michel & Associates, the current lawfirm entity representing the MLOC parties. In the course of these proceedings, that database has been released to Fraley & Associates, representing plaintiff Rev 973, with restrictions against sharing the database with any other party. The database has always been treated as confidential by Trutanich/Michel and Michel & Associates.

Fraley & Associates now seeks a determination that (1) Fraley & Associates has no risk of vicarious disqualification by reason of its possession of the database; and (2) whether Caulfield and James is now conflicted by reason of Mr. Caulfield's past role in this case so that his firm may not appear at the mediation on behalf of WH Tank Lines.

**Recommendations of the Special Master**

California Rules of Professional Conduct, Rule 3-310, may apply to any analysis of these issues. Since this matter is pending in federal District Court, the ABA Model Rules of Professional Conduct and other federal authorities may also apply. However, neither the parties nor the referee have had the benefit of time to research and analyze these authorities in the circumstances presented here.

However, with respect to vicarious disqualification, all parties on the conference reported they will raise no objection to Fraley & Associates as counsel for Rev 973 by reason of the database transfer to Fraley & Associates. Further, the referee finds any assertion of conflict on the part of Fraley & Associates is too attenuated under the circumstances presented here. The mediation is to proceed; counsel for WH Tank Lines is not to be excluded.

All parties in this case had notice in connection with this conference, and the issues to be discussed. The Leach parties specifically declined to appear in this conference. The referee finds any party not participating in this conference has waived any position different from those expressed at the conference, and all parties are to be bound by this recommendation.

With respect to a direct conflict on the part of Caulfield & James, however, the referee declines to make any recommendation at this time, but will instead await any motion for disqualification.

//

//

If such a motion is filed, it is to be served on Caulfield & James as well as the parties in this matter, and Caulfield & James is to have the opportunity to file its response or opposition.

IT IS SO RECOMMENDED.

May 12, 2011.

                                                              _____

G. Keith Wisot

Judge of the Superior Court (Ret.)

Special Master

## **ORDER**

The foregoing Report and Recommendation #88, Confirming Conference of May 9, 2011, is adopted as an Order of the court, with the following modifications:

    No modifications.

Dated: May 18, 2011                     _____

Hon. A. Howard Matz

United States District Judge