1  **G. KEITH WISOT**
   **Judge of the Superior Court (Ret.)**
2  **JAMS**
   **707 Wilshire Boulevard**
3  **AON Center, 46th Floor**
   **Los Angeles, CA 90017**
4  **Telephone:    (213) 620-1133**
   **Fax:            (213) 620-0100**
5
   **Special Master**
6

7

8              **UNITED STATES DISTRICT COURT**

9           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11  REV 973, LLC, a California limited liability    )   **Case No.  98-10690 AHM (Ex)**
    company,                                        )
12                                                  )
                                                    )   **REPORT # 89**
13        Plaintiff,                                )
                                                    )   **REPORT AND RECOMMENDATION OF**
14        vs.                                       )   **SPECIAL MASTER**
                                                    )
15  JOHN MOUREN-LAURENS, an individual; et )        **CONFIRMING CONFERENCE OF**
    al.,                                            )   **MAY 13, 2011**
16                                                  )
17        Defendant.                                )                    **and**
    _____  )
18                                                  )   **ORDER**
    AND ALL RELATED COUNTERCLAIMS,       )
19  CROSS-CLAIMS AND THIRD PARTY        )
    CLAIMS.                                         )
20  _____  )

21

22

23        **TO THE HONORABLE JUDGE MATZ:**

24        The Special Master hereby submits a Report and Recommendation in accordance with the

25  September 27, 2001, Order Appointing Special Master for Case Management Purposes (the

26  "Order"), for a telephonic conference requested by counsel and held on May 13, 2011, as follows:

27

28                                          **-1-**
    **REPORT AND RECOMMENDATION OF SPECIAL MASTER —**
    **STATUS CONFERENCE OF MAY 13, 2011**

**Parties in attendance**

Franklin R. Fraley, Jr., Esq.
of Fraley & Associates
for Jerrold L. Fine, Revere Financial Corporation, and Rev 973, LLC

Tom E. Maciejewski, Esq.
of Michel & Associates, P.C.
for John Mouren-Laurens, Mireille Mouren-Laurens, and Mouren-Laurens Oil Co., Inc.

Michael J. Fitzgerald, Esq.
of Barnes Crosby Fitzgerald & Zeman LLP
for Roy Leach, Patricia Leach, Leach Oil Company Inc., and Leach Property Management

Eric M. Nakasu, Esq.
of Artiano & Associates
for Estate of Joseph Mouren-Laurens, Sr.

Alan Johnston, Esq.
of The Law Offices of Timothy C. Cronin
for the Administrator of the Estate of Emma Mouren-Laurens

Dan McKillop, Esq.
of Wolff & Samson PC
for the Administrator of the Estate of Joseph Mouren-Laurens, Sr.

The special master confirmed receipt of the following:

- agenda;

- May 5 letter from James Potter, Esq., on behalf of PRP Del Monte Foods;

- May 4 Maciejewski letter re agenda items and mediation billings;

- May 11 Fraley letter re agenda items and mediation billings.


Mr. Maciejewski noted that Report #88 had reported the document database prepared by

Trutanich/Michel and Michel and Associates was turned over to Fraley and Associates.  In fact,

Mr. Maciejewski reported, the entire database had not been turned over.

//

**REPORT AND RECOMMENDATION OF SPECIAL MASTER —**
**STATUS CONFERENCE OF MAY 13, 2011**

Mr. Fitzgerald reported that Roy Leach is recently deceased, and that Patricia Leach is the last remaining principal for Leach Oil Company.

### I.  May 10-11, 2011 mediation sessions

Issue:  All counsel confirmed the mediation was held, with a number of PRPs attending.  The Leach parties did not participate.  With respect to the mediation facility, however, the parties do not agree on the formula for dividing costs, and some parties consider the formula set forth in CMO-2 to be ambiguous in several respects.

Recommendation of the Special Master:  The formula for dividing mediation fees and expenses is set forth in CMO-2, as follows: "The parties shall pay the costs of the Mediator for each mediation pro rata, divided by the number of parties who participated in the mediation session."  The Special Master recommends that expenses are to follow the same formula as the costs of the mediator.  Mediation sessions with only one party are to be fully borne by that party.  Further, "participating" in a mediation means a party attended the session.  "Party" is defined by the current complaint and cross-complaint, as the parties in litigation.

### II.  Retention of documents scanned to Depository at Hahn & Bowerstock

### III. Disposition of non-Bates-numbered Leach Oil  Company manifests

Issue:  All parties confirmed the document depository has now scanned all documents presented; virtually all documents presented were copies of original documents not in possession of the parties.  Starting June, 2011, Hahn & Bowerstock will invoice the parties for storage costs for the documents presented, at $1000/month.

**REPORT AND RECOMMENDATION OF SPECIAL MASTER —**
**STATUS CONFERENCE OF MAY 13, 2011**

Discussion: The parties discussed whether to authorize disposal/recycling of the stored copies, now that all documents are available on the website created by the parties. It is possible that a PRP may request an original document and, if not provided, seek recourse for spoliation.

Recommendation of the Special Master: Since no originals were in the possession of the parties, and all copies are now on the website, the special master recommends that each party having deposited documents is responsible for those documents; the documents deposited may be either (1) picked up by the party for retention, storage, or another purpose, or for destruction/recycling, or (2) that party may authorize the depository administrator (Fraley & Associates) or Hahn & Bowerstock to destroy/recycle the documents.

Fraley & Associates, as depository administrator, is to confirm to all parties the agreement of Hahn & Bowerstock to follow this policy for return or destruction of documents.

By May 27, 2011, all parties are to exercise their option to (1) obtain their documents from the depository, or (2) authorize destruction/recycling.

The non-Bates-numbered Leach Oil Company manifests remain the responsibility of the MLOC parties, consistent with the foregoing policy.

## IV. **Deposition Log**

All parties report the general moratorium on depositions should remain in effect until the PRP mediation process has further progressed. Under that moratorium, any party is authorized to seek a deposition that is timely, and should not be delayed.

//

//

//

**REPORT AND RECOMMENDATION OF SPECIAL MASTER —
STATUS CONFERENCE OF MAY 13, 2011**

## V.   Next discovery status conference

All parties and the special master agreed to schedule a next telephonic status conference for

**12:30pm** on **July 20, 2011.**  No party identified any impending issue for the agenda.  Any matter

for discussion at the next status conference is to be set forth in a letter to the special master no later

than July 18, 2011.

IT IS SO RECOMMENDED.

May 15, 2011.

_____/S/_____

G. Keith Wisot

Judge of the Superior Court (Ret.)

Special Master

//

//

//

//

//

//

//

//

//

//

**REPORT AND RECOMMENDATION OF SPECIAL MASTER —
STATUS CONFERENCE OF MAY 13, 2011**

## ORDER

The foregoing Report and Recommendation #89, Confirming Conference of May 9, 2011, is

adopted as an Order of the court, with the following modifications:

     No modifications.

IT IS SO ORDERED.

Dated:  May 18, 2011                           _____

                              Hon. A. Howard Matz

                              United States District Judge