G. KEITH WISOT
Judge of the Superior Court (Ret.)
JAMS
707 Wilshire Boulevard
AON Center, 46th Floor
Los Angeles, CA 90017
Telephone: (213) 620-1133
Fax: (213) 620-0100

Special Master

FILED
CLERK, U.S. DISTRICT COURT

DEC 22 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV 973, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> JOHN MOUREN-LAURENS, an individual; et al., <br><br> Defendant. <br><br> AND ALL RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD PARTY CLAIMS. | Case No. 98-10690 AHM (Ex) <br> JAMS Reference #1220025424 <br><br> **REPORT # 91** <br><br> **REPORT AND RECOMMENDATION OF SPECIAL MASTER** <br><br> **CONFIRMING CONFERENCE OF DECEMBER 13, 2011** <br><br> and <br><br> **ORDER** |

**TO THE HONORABLE JUDGE MATZ:**

The Special Master hereby submits a Report and Recommendation in accordance with the September 27, 2001, Order Appointing Special Master for Case Management Purposes (the "Order"), for a regularly scheduled telephonic conference held on December 13, 2011, as follows:

-1-
REPORT AND RECOMMENDATION OF SPECIAL MASTER —
CONFERENCE OF DECEMBER 13, 2011

**Parties in attendance**

Franklin R. Fraley, Jr., Esq. and Cheuk Ginny Tong, Esq.
of Fraley & Associates
for Jerrold L. Fine, Revere Financial Corporation, and Rev 973, LLC

Tom E. Maciejewski, Esq.
of Michel & Associates, P.C.
for John Mouren-Laurens, Mireille Mouren-Laurens, and Mouren-Laurens Oil Co., Inc.

Eric P. Francisconi, Esq.
of Barnes Crosby Fitzgerald & Zeman LLP
for Roy Leach, Patricia Leach, Leach Oil Company Inc., and Leach Property Management

Joanne M. Leighton, Esq.
of Artiano & Associates
for Estate of Joseph Mouren-Laurens, Sr.

Alan Johnston, Esq.
of The Law Offices of Timothy C. Cronin
for the Administrator of the Estate of Emma Mouren-Laurens

also on the call were the following counsel for certain insurers:

Dan McKillop, Esq.
of Wolff & Samson, PC, West Orange, New Jersey

Rina Carmel, Esq.
of Musick, Peeler & Garrett LLP, Los Angeles

Dana Hentges Sheridan, Esq.
of Tressler LLP, Los Angeles

All proceedings were stenographically reported by Jimmy Rodriquez, of Hahn & Bowerstock Court Reporters.

The special master confirmed receipt of the following communications since the last status conference of September 12, 2011:

- November 22, 2011 Fraley letter transmitting 6th Amended Complaint, together with

-2-

- o redlined 5th Amended Complaint;
- o Third Revised Stipulation re Leave to Amend or File Pleadings to name PRPs;
- o Order Approving Third Revised Stipulation;
- o Notice of Interested Parties;

- Agenda for December 13 Status Conference and Deposition Log;
- December 2 Fraley email and letter re funding of Change Order #3;
- December 9 Maciejewski reply;
- December 9 Artiano letter responding, with Exhibits A-E;
- December 9 Field letter on behalf of some MLOC insurers, requesting 60-day extension on any resolution of funding Change Order #3, and making other recommendations.

**Agenda item I: Waterstone Fixed Fee Price Proposal for Additional Work for the Joint Additional Site Characterization, Phase Three**

Issue: From the several communications of counsel, it is agreed by all parties and all counsel for the Investigating Parties that further site characterization to the north and south of the site is necessary for a full plume characterization. The same is demanded by some PRPs before further mediation or settlement efforts be pursued. The Engineering Committee (which includes an environmental consultant to every party) met and all members agreed on a scope of work to install an additional eight pairs of off-site wells. The Engineering Committee then submitted Change Order 3 (CO3) to Waterstone Environmental, Inc., the court-appointed independent site tester, for a bid. Waterstone drafted a fixed price bid to perform CO3 for $353,182. The Engineering Committee then met and conferred with Waterstone on the amount of the bid, and concluded the amount was appropriate and consistent with Waterstone's past bids. The Investigating Parties

-3-
REPORT AND RECOMMENDATION OF SPECIAL MASTER —
CONFERENCE OF DECEMBER 13, 2011

then met and all counsel agreed the parties should perform CO3. The Investigating Parties then issued a cash call for funds in excess of those presently held in the trust account for this action.

Rev 973 reports that it and the Leach defendants have already cut checks for their share to fund CO3. The Mouren-Laurens Defendants counsel passed their recommendation and requests to their several insurers. Some insurers have objected to this funding request; others have not yet taken a position on whether to fund CO3. Some insurers specifically object that (1) regulatory oversight fees of the Regional Water Quality Control Board are not "defense costs" under their insurance contract; (2) hazardous waste taxes similarly do not constitute defense costs; and (3) it is not reasonable to deposit 50% over the Waterstone fixed price as agreed by all counsel to cover Water Board fees and waste taxes, and unanticipated field conditions and third party issues likely to develop in the course of placing off-site wells. Finally, some insurers assert they are not parties to this action, and there is no jurisdiction for referee or court orders to the insurers.

Rev 973 argues that past Stipulations and Orders in connection with the first and second phase site characterizations included necessary regulatory fees and waste taxes as defense costs, and were paid. Further, by law the further investigation cannot proceed without Regional Board oversight.

Recommendation of the special master:

The special master is not inclined to make a further recommendation with respect to the scope of defense costs based only on the past practice and agreement of the parties. In all practical likelihood, the insurers may maintain their objections, resulting in further delay of necessary site characterization and possible motion practice at a later time. Instead, the special master directed Rev 973 to file a formal motion, with appropriate authorities, in order to obtain the relief sought.

Counsel for Rev 973 reported they would confer with the client on whatever alternatives it may have, rather than instituting a motion proceeding, and provided no target date for a motion to be filed.

With respect to some insurer's statement that insurers are not within the jurisdiction of the court, the special master notes that these proceedings are public proceedings, and the participation of some insurers with counsel attending telephonic conferences has been the practice in this case. The special master leaves for another day the question whether communications directly from counsel for insurers has injected the insurers into the court's jurisdiction.

The referee believes it is critical to maintain the joint effort of the Investigating Parties and their respective insurers in the largely cooperative mode in which they have functioned the last several years. However, any recommendations of the special master or Orders of the court must be grounded in legal authority. The special master encourages the Investigating Parties and the MLOC insurers to find a practical resolution to this apparent impasse.

### Agenda item II: Deposition Log

Issue: Pursuant to prior agreement of the parties and Order of the Court, a moratorium on depositions is still in effect. The special master recommends maintaining that moratorium.

### Agenda item III: Scheduling next status conference

All counsel and the special master agreed to schedule a next telephonic status conference for **12:30pm on January 19, 2012.** The agenda will include (1) an update on any motion with

//

//

-5-
REPORT AND RECOMMENDATION OF SPECIAL MASTER —
CONFERENCE OF DECEMBER 13, 2011

respect to funding CO3, (2) the Investigating Parties further action to implement CO3; (3) any other matter identified in the regular process of scheduling agenda items.

IT IS SO RECOMMENDED.

December 13, 2011.

G. Keith Wisot

Judge of the Superior Court (Ret.)

Special Master

## ORDER

The foregoing Report and Recommendation #91, Confirming Conference of December 13, 2011, is adopted as an Order of the court, with the following modifications:

No modifications.

IT IS SO ORDERED.

December __, 2011.

Hon. A. Howard Matz

Senior United States District Judge

-6-

REPORT AND RECOMMENDATION OF SPECIAL MASTER —
CONFERENCE OF DECEMBER 13, 2011