EXHIBIT 1

SOUTHERN CALIFORNIA TITLE COMPA...
RECORDING REQUEST

**GIBRALTAR SAVINGS**
A Federal Savings and Loan Association

WHEN RECORDED MAIL TO:

Gibraltar Savings & Loan
9111 Wilshire Blvd.
Beverly Hills, Ca. 90213
Attn: Barbara Pradere
Corporate Banking Div.

84- 176102

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY, CA

FEB 9 1984 AT 8 A.M.

Recorder's Office

FEE $7    G
          4

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Deed of Trust

LOAN No

**NOTICE TO BORROWER: THIS DOCUMENT SECURES A NOTE CONTAINING PROVISIONS FOR INTEREST RATE ADJUSTMENTS.**

THIS DEED OF TRUST, made this 27th day of January 1984, between

John Mouren-Laurens and Mireille Mouren-Laurens

, herein called "Trustor",

whose address is  641 E. Compton    Compton    California    90067
                  (Number and Street)  (City)    (State)       (Zip Code)

SECURITY ALLIED SERVICES, a California corporation, herein called "Trustee", and GIBRALTAR SAVINGS, A Federal Savings and Loan Association, a corporation herein called "Beneficiary".

WITNESSETH: That Trustor irrevocably grants, transfers, and assigns to Trustee in trust, with power of sale, that real property, property rights and interest in  Los Angeles  County, California, described as:

PARCEL 1 - The East 177.04 feet of the West 477.04 feet of Lot 36, of Tract 578, in the county of Los Angeles, state of California, as per map recorded in Book 15, Page 114 of Maps, in the office of the County Recorder of said County.

PARCEL 2 - The East 201.96 feet of the West 679 feet of Lot 36 of Tract 578, in the county of Los Angeles, state of California, as per map recorded in Book 15, Page 114 of Maps, in the office of the County Recorder of said County.

INCLUDING all buildings, structures, improvements, appliances, equipment and appurtenances now or hereafter constructed or placed thereon, including, but not limited to, all apparatus and equipment, whether affixed to the land or building thereon or not affixed thereto, whether single units or centrally controlled, used to provide or supply air-cooling, air-conditioning, heat, gas, water, light and power, refrigeration, ventilation, laundry, clothes drying, dishwashing, garbage disposal or other services, waste vent systems, antennas, pool equipment, window coverings, drapes and drapery rods, carpeting and floor coverings, awnings, ranges and ovens, water heaters, attached cabinets, pumps, pipes, tanks, fire prevention, fire extinguishing and communications apparatus, elevators, escalators, and partitions. All of the above items are declared to be and are deemed to be things affixed to and a part of the realty for the purposes of this Deed of Trust.

TOGETHER WITH all interest which Trustor now has or may hereafter acquire in or to said property and in and to:
(a) All rents, issues, profits, royalties, tolls, earnings and income therefrom and installments of money payable pursuant to any agreement for sale of said property or any part thereof, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 18 below;
(b) All easements, rights of way and other appurtenances thereto;
(c) All shrubs, trees and plants;
(d) All adjacent lands included in enclosures or occupied by buildings located partly on the above described property;
(e) All crops growing or to be grown on said property;
(f) All water and water rights (whether or not appurtenant) and shares of stock pertaining to water or water rights, ownership of which affects said property;
(g) All claims, demands or causes of action of any kind, including proceeds of settlement of any such claim, demand or cause of action of any kind, which Trustor now has or may hereafter acquire, arising out of acquisition or ownership of the property, subject however to the right, power and authority given to and conferred upon Beneficiary by Paragraph 11 below. Trustor shall have no duty to prosecute any such claim, demand or cause of action.

For the purposes of this instrument, including all provisions incorporated by reference herein, all of the foregoing described real property, property rights and interests shall be referred to as "the property".

THIS DEED OF TRUST IS FOR THE PURPOSE OF SECURING THE FOLLOWING:
1. Payment of $ 895,000.00 , with interest thereon, according to the terms of a Promissory Note or Notes (herein sometimes referred to as "the note") of even date herewith, made by Trustor, payable to Beneficiary or order, and any and all modifications and extensions or renewals thereof.
2. Payment of such additional sums, with interest thereon, as may be hereafter borrowed from Beneficiary by the then record owner or owners of the property which are hereby secured and all extensions, modifications and renewals of such additional borrowings.
3. Payment, performance and discharge of every obligation, covenant and agreement of Trustor whether contained or incorporated by reference in this Deed of Trust, or contained in any instrument now or hereafter executed by Trustor in connection with the loan evidenced by the note, including but not limited to any assignment, construction loan agreement, pledge agreement, security agreement, supplemental agreement, assignment of Lessor's interest in leases, modification agreement or assumption agreement.
4. Payment of all sums of money with interest which may be paid out or advanced by, or may otherwise be due to Trustee or Beneficiary under any provision of this Deed of Trust.
5. At Beneficiary's option, payment with interest thereon of any other present or future indebtedness or obligation of Trustor (or of any successor in interest to Trustor to the property) to Beneficiary, whether created directly or acquired by assignment, whether absolute or contingent, whether due or not, whether otherwise secured or not, or whether existing at the time of the execution of this Deed of Trust or arising thereafter. Exercise of such option shall be evidenced by a notice in writing to Trustor or any successor in interest to Trustor.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:

6. PRESERVATION OF THE PROPERTY. Trustor (a) shall keep the property in good condition and repair, (b) shall not remove, demolish or substantially alter any building, structure or improvement thereon, (c) shall complete or restore promptly and in good workmanlike manner any building which may be constructed, damaged or destroyed thereon and will pay when due all claims for labor performed and material furnished therefor, (d) shall comply with the provisions of all insurance policies covering and with all laws and regulations affecting the property or requiring any alterations, repairs or improvements thereon, (e) shall not commit or suffer any waste thereon, (f) shall not commit or suffer any act upon the property in violation of any provision of any insurance policy or law or regulation, (g) shall paint, decorate, cultivate, irrigate, fertilize, fumigate and prune the property, and (h) consistent with the use thereof, do all other acts which the character or use of the property may reasonably require.

LPR 10648/1282         DEED OF TRUST — PAGE 1        40,033-CH

REV 021479

Exhibit 1
294

7. **CONSTRUCTION OF IMPROVEMENTS.** If the loan secured hereby or any part thereof is obtained for the purpose of construction of improvements on the property, Trustor agrees to complete the same in accordance with the plans and specifications satisfactory to Beneficiary, the Building Loan A̱_____ent and any other agreement entered into between Tru_____ and Beneficiary pertaining to said construction. If requested by Benefi____y, Trustor will maintain at all times during construction a _____play sign on the property, in a form acceptable to Beneficiary stating Beneficiary is the construction lender.

8. **INSURANCE.** Trustor shall, at Trustor's expense, provide and maintain in force at all times with respect to the property, fire and other types of insurance as may be required by Beneficiary. All of such insurance policies shall have a loss payable endorsement in favor of Beneficiary and shall be for a term and in form, content, amount, and with such insurance companies, as may be satisfactory to Beneficiary. Such policies shall be delivered to Beneficiary upon the making of this Deed of Trust upon the request of the Beneficiary. Trustor shall also deliver at such times evidence that the full premium for any such policy has been paid. Beneficiary at its option may retain possession of the original policy or may release it to the possession of the Trustor. If the Beneficiary retains possession of such policies, at least thirty (30) days before the expiration of any such insurance policy, a policy or policies renewing, extending or replacing such expiring insurance shall be delivered by Trustor to Beneficiary. If any such insurance policy is not so delivered to Beneficiary or in the event any such insurance policy is cancelled, whether the Beneficiary has in its possession the policies or not, and no reinstatement or replacement policy is received prior to termination of insurance, Beneficiary, without notice to or demand upon Trustor, may (but shall not be obligated to) obtain such insurance with such company as Beneficiary may deem satisfactory, and pay the premium therefor, and the amount of any premium so paid shall be charged to and promptly paid by Trustor or at the option of Beneficiary, may be added to the indebtedness secured hereby.

In the event Beneficiary obtains any such insurance policy, Trustor, for his own benefit and for the protection of his equity interest in the property, hereby requests and authorizes Beneficiary, but without liability on the part of Beneficiary for failure so to do, to obtain such policy for such term and in such form, content and amount and with such insurance companies as may be satisfactory to Beneficiary. Should any policy thus obtained by Beneficiary thereafter be cancelled, Trustor shall pay to Beneficiary any earned premiums on said policy and a reasonable charge for its services in obtaining such policy.

Neither Trustee nor Beneficiary shall be responsible for the collection of any insurance monies, or for any insolvency of any insurer or insurance underwriter. The right to any unearned premiums under said insurance policies is hereby assigned and shall pass to the purchaser of the property conveyed at any Trustee's sale held or to the grantee of a deed in lieu of foreclosure if such a conveyance is made. Any part or all of the amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured by this Deed of Trust at such time and in the manner and amount as Beneficiary may determine, or at the option of Beneficiary, without reducing the indebtedness secured hereby, may either be used to replace, restore or reconstruct the property to a condition satisfactory to Beneficiary or be released to Trustor. Any application, use or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice. Trustor shall pay Beneficiary inspection fees and other costs resulting from or connected with the casualty loss to which such insurance relates.

9. **LIFE, ACCIDENT OR HEALTH INSURANCE.** If Trustor shall assign or deliver a policy of life, accident or health insurance to Beneficiary as further security hereunder, then if Trustor fails to pay any premium thereon, Beneficiary shall be entitled, but not obligated, to pay any such premium. Any amount so paid shall be charged to and promptly paid by Trustor or, at the option of Beneficiary, may be added to the indebtedness secured hereby.

10. **TAXES AND ENCUMBRANCES.** Trustor shall pay (a) at least twenty (20) days before delinquency, all general and special taxes and assessments now or hereafter affecting the property, including any assessments on appurtenant water stock; (b) when due, all special assessments for public improvements without permitting any improvement bond to issue for any special assessment; (c) on demand of Beneficiary, all encumbrances, charges and liens on the property or any part thereof, which are or may be prior or superior hereto; (d) when due, all fees and charges incidental to ownership, occupancy or beneficial use of the property; and (e) if the property includes a condominium, community apartment or part of a planned development, all payments required of the owner thereof under any declaration of convenants or conditions or restrictions pertaining to such project. Should Trustor fail to make any payment under this Paragraph 10, Beneficiary may, but shall not be obligated to, make such payment and any amount so paid shall be charged to and promptly paid by Trustor or, at the option of Beneficiary, shall be added to the indebtedness secured hereby, without regard to the validity or legality of such assessments, liens or charges.

11. **CLAIMS, DEMANDS AND ACTIONS.** Trustor shall (a) appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (b) at the option of Beneficiary, assign to Beneficiary, to the extent of Beneficiary's interest, any claims, demands or causes of action of any kind, including any award, court judgment or proceeds of settlement of any such claim, demand or cause of action of any kind which Trustor now has or may hereafter acquire arising out of acquisition or ownership of the property. Without limiting the generality of the foregoing, any such claim, demand or cause of action arising out of acquisition or ownership of the property may include (i) any injury or damage to the property or any structure or improvement situated thereon, or (ii) any claim or cause of action in favor of Trustor which shall have arisen out of the transaction financed in whole or in part by the making of the loan secured hereby or (iii) any claim or cause of action in favor of Trustor (except for bodily injury) which arises as a result of any negligent or improper construction, installation or repair of the property, including the surface or subsurface thereof, or of any building or structure thereon. Beneficiary may apply, use or release such monies so received by it in the same manner as in Paragraph 8 providing for the proceeds of fire or other insurance.

12. **DEFENDING TRUST.** Notwithstanding the provisions of Paragraph 11, Beneficiary or Trustee may (a) commence and prosecute or appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; (b) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appear to be prior or superior hereto; and (c) in exercising any such right, incur any liability and expend whatever amounts either deems reasonably necessary, including cost of evidence of title and reasonable attorney's fees.

13. **PROTECTION OF SECURITY BY BENEFICIARY OR TRUSTEE.** Should Trustor fail to make any payment or do any act provided in this Deed of Trust, then Beneficiary or Trustee, but without obligation so to do, and without notice to or demand upon Trustor, and without releasing Trustor from any obligation hereof, may make any such payment or do any such act in such manner and to such extent as either deems necessary to protect the security hereof. Beneficiary or Trustee is authorized to enter upon the property at any time for such purpose.

14. **REIMBURSEMENT.** Trustor shall pay immediately upon demand all costs, fees or expenses incurred and sums expended or advanced under the terms of this Deed of Trust by Beneficiary or Trustee, with interest thereon at a rate equal to the rate provided for in the note secured hereby, and the obligation of Trustor to pay such sums and interest as aforesaid shall be secured hereby. If Beneficiary or Trustee shall make such payment or expend such sums, Trustor shall pay a service charge in an amount equal to ten per cent (10%) of the payment made or the sum expended.

15. **LEASEHOLD.** If the security for this Deed of Trust is a leasehold estate, Trustor agrees not to amend, change, terminate or modify his leasehold interest without the written consent of Beneficiary being first obtained. In the event of a violation of this provision, Beneficiary shall have the right, at its option, to declare all sums secured hereby forthwith due and payable within 30 days after such declaration. Consent to the exercise of an option or to one amendment change, agreement or modification shall not be deemed to be a waiver of the right to require consent to the exercise of an option thereafter nor shall it be deemed to be a waiver of the right to require consent to other, future or successive amendments, changes, agreements or modifications. Waiver of the right to require such consent in one instance shall not be deemed to be a waiver of the right to require such consent after the waiver. Trustor agrees to pay, when due, all rental and other payments including, but not limited to, taxes and assessments required under said leasehold, and otherwise to carry out all of the obligations and agreements to be performed by the lessee under the terms of said leasehold. The failure of Trustor to make any rental or other payment when due, or otherwise to perform all of the obligations of the lessee under the terms of said leasehold or this Deed of Trust, shall constitute a default under the terms of this Deed of Trust. A default by Trustor, voluntary or involuntary, curable or not, under the terms of said leasehold shall likewise be deemed to constitute a default under the terms of this Deed of Trust. Trustor agrees to promptly give Beneficiary notice in writing of any default by Trustor under the terms of Trustor's leasehold and the provisions hereof. All sums expended by Beneficiary in curing any default by Trustor under the terms of said leasehold shall be secured hereby, and Trustor agrees to pay to Beneficiary, immediately and without demand, all sums so expended by Beneficiary, with interest from date of expenditure at the same rate of interest as applicable to the principal sum of said Note, as adjusted.

16. **CONDOMINIUMS, PLANNED DEVELOPMENT PROJECTS, ETC.** If the security for this Deed of Trust is a condominium or a unit in a community apartment or planned development project, Trustor agrees to perform each and every obligation of the owner of such condominium or unit in such project under the declaration of covenants, conditions and restrictions pertaining to such condominium or project and the Articles of Incorporation, By Laws, regulations and constituent documents of the Owners' Association for such condominium or project. Upon the request of Beneficiary, Trustor agrees to enforce against other owners in such condominium or project, each and every obligation to be performed by them if the same have not been performed, or if valid legal steps have not been taken to enforce such performance within ninety (90) days after such request is made.

hereunder, monthly installments for the purpose of creating and maintaining a fund to provide payment when due of any taxes, encumbrances, assessments, leasehold payments relating to the property, premiums for any policies of insur... ...e insuring the property, the Trustor or the loan, more specifically referred    Paragraphs 8, 9, and 10. Trustor shall deliver promptly to ......ficiary all bills and notices thereof. Said installments shall be in such a.... ...ts as Beneficiary shall estimate from time to time to be ne......ary to provide sufficient monies in said f...nd to pay such taxes, encumbrances, assessments, leasehold payments and premiums when they become due and shall be payable concurrently with the installments due under the note. If the amounts paid to Beneficiary under the provisions of this paragraph are insufficient to pay such taxes, assessments, leasehold payments and premiums as they become due, Trustor shall pay to Beneficiary promptly upon demand the amount of the deficiency.

In the event of default of any obligation hereby secured, then any funds in the possession of Beneficiary under the provisions of this paragraph may, at the option of Beneficiary, be applied upon any indebtedness secured hereby.

18. **RENTS COLLECTION.** Upon Beneficiary's request, Trustor shall furnish to Beneficiary within thirty (30) days of such request, a current balance sheet and statement of income and expenses of the property, certified by Trustor, and if Beneficiary shall require, by an independent certified public accountant, and also a rent schedule for the property, certified by Trustor, showing the name of each tenant, and for each tenant the space occupied, the lease expiration date and the rent payable. Beneficiary confers upon Trustor the authority to collect and retain the rents, issues and profits of said property as they become due and payable, subject, however, to the right of Beneficiary to revoke said authority at any time in its sole discretion and without notice to Trustor, and without regard to the adequacy of any security for the indebtedness hereby secured. Beneficiary after revoking said authority, and either in person, by agent, or by a receiver appointed by a court, may collect and retain the said rents, issues and profits (including those past due and unpaid) whether or not there is a default hereunder or under any of the obligations secured hereby and at Beneficiary's option with or without notice or demand may take possession of all or any part of said property. Any rents, issues and profits collected may be applied by Beneficiary, less costs and expenses of operation and collection, including reasonable attorney's fees, in its sole discretion, against the indebtedness secured hereby, any obligations of Trustor arising hereunder, or any other obligations of Trustor to Beneficiary, whether existing on the date hereof or hereafter arising, or toward any repairs and refurbishing which Beneficiary deems desirable, all in such order and proportion as Beneficiary in its judgment may determine. Collection of any rents, issues and profits and other sums of money by Beneficiary shall not cure or waive any default or notice of default hereunder or invalidate any acts done pursuant to such notice. Beneficiary shall not be liable for the failure to collect any rents, issues, or profits or other sums nor for the failure to assert or enforce any of the foregoing rights. Trustor hereby agrees that, in the event Beneficiary exercises its rights under this paragraph and takes possession of said property through an assignment of rents or through a court appointed receiver, Trustor waives any right to compensation for the use of Trustor's furniture, furnishings or equipment in said property.

19. **DAMAGE TO OR CONDEMNATION OF PROPERTY.** Any award of damages or compensation for injury to, or in connection with any condemnation for public use of the property or any part thereof, or any proceeds of any settlement with respect to a condemnation whether or not eminent domain proceedings have been instituted, shall be and is hereby assigned by Trustor and shall be paid to Beneficiary, who may apply, use or release the amount thereof in the same manner as in Paragraph 8 provided for the proceeds of fire or other insurance.

20. **NO WAIVER.** Trustee or Beneficiary by accepting payment of any sum secured hereby after its due date, or by making payment or taking any action which, under the provisions hereof either Trustee or Beneficiary is entitled but not obligated to make or take, or by forbearing from enforcing any of its rights, shall not be deemed to have waived its right to require payment from or action by Trustor and to declare a default for Trustor's failure to do so.

In the event either Trustee or Beneficiary should expressly waive any rights under any provisions of this Deed of Trust, such waiver shall not be deemed a waiver of any rights Trustee or Beneficiary may have subsequently to require payment from or action by Trustor and to declare a default for Trustor's failure to do so.

21. **DEFAULT BY TRUSTOR.** Upon default by Trustor in payment of any indebtedness secured, or in the performance of any obligation imposed upon Trustor, by this Deed of Trust, Beneficiary may, without notice and irrespective of whether declaration of default has been delivered to Trustee and without regard to the adequacy of the security for the indebtedness secured hereby, either personally or by attorney or agent, without bringing any action or proceeding, without entering into possession of the property, or by receiver to be appointed by a court, (a) enter into possession and hold, occupy, possess and enjoy the property; (b) make, cancel, enforce, modify or terminate leases; (c) obtain and eject tenants; (d) set or modify rents; (e) take, receive and collect all or any part of the rents, issues, profits, royalties, tolls, earnings, income and installments (hereinafter referred to collectively as "income") as it becomes due and payable. After paying such costs of maintenance and operation of the property as it in its judgment may deem proper, Beneficiary may apply the balance upon the entire indebtedness then secured hereby. The acceptance of such income shall not constitute a waiver of any other right which Trustee or Beneficiary may have under this Deed of Trust or under the laws of California. The receipt and application by Beneficiary of such income pursuant hereto, after execution and delivery of declaration of default and demand for sale or during the pendency of a Trustee's sale proceeding hereunder, shall not cure any breach or default, nor affect said sale proceeding or any sale made pursuant thereto, but such income, less all costs of operation and maintenance, when received by Beneficiary, shall be applied in reduction of the entire indebtedness from time to time secured hereby. Trustor shall not in any manner obstruct or interfere with any of Beneficiary's rights under this Paragraph 21. In the event Beneficiary acts under the provisions of this Paragraph 21, Trustor shall pay a service charge in an amount equal to five per cent (5%) of all income collected by Beneficiary.

22. **TRUSTEE AUTHORIZED.** Upon written request of Beneficiary and presentation of this Deed of Trust and the Note secured hereby for endorsement, and without affecting the liability of any person for payment of the indebtedness secured hereby, Trustee may (a) reconvey any part of the property; (b) execute the title sheet of any map, plat or record of survey thereof; (c) join in granting any easement thereon, or (d) join in any agreement modifying the terms hereof or subordinating the lien or charge hereof. Trustor shall pay to Beneficiary and Trustee a reasonable service charge for any such action.

23. **RECONVEYANCE.** Upon written request of Beneficiary and upon surrender of this Deed of Trust and the note secured hereby to Trustee for retention, and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters of fact shall be conclusive proof of the truth thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto". Five (5) years after the date of such reconveyance, Trustee may destroy the Deed of Trust and note, without liability.

Notwithstanding anything set forth herein, Trustee may, in its discretion, deliver said Note or Deed of Trust or both to the person entitled thereto.

24. **FEES.** Trustor shall pay to Beneficiary the maximum amount as may from time to time be permitted by law for furnishing in connection with the obligations secured hereby, each statement pursuant to any statute at the time then in force. Additionally, Trustor shall pay Beneficiary's and Trustee's fees, charges and expenses for any other statement, information or services furnished by Beneficiary or Trustee in connection with the obligations secured hereby. Said services may include, but shall not be limited to, the processing by Beneficiary or Trustee, or both, of assumptions, substitutions, modifications, extensions, renewals, subordinations, rescissions, changes of owner, recordation of map, plat or record of survey, grants of easements, and full and partial reconveyances, and the obtaining by Beneficiary of any policies of insurance pursuant to any of the provisions contained in this Deed of Trust.

25. **SALE BY TRUSTEE.** Upon default by Trustor in payment of any indebtedness, or performance of any obligation secured by this Deed of Trust, Beneficiary, in addition to any other remedy or process available to Beneficiary, may declare all sums secured by this Deed of Trust immediately due and payable by delivering to Trustee a written declaration of default and causing to be filed for record a written notice of default and election to sell, and shall deposit with Trustee this Deed of Trust and any note or other evidence of indebtedness secured by this Deed of Trust and all documents evidencing expenditures secured hereby. After the lapse of such time as may be required by law following the filing for record of said notice of default, and after giving all such notices as may be required by law, Trustee, without demand on Trustor, may sell the property, either as a whole or in separate parcels, and in such order as it may determine, by public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, or for the equivalent of cash, as so determined by Trustee in its sole discretion. If the indebtedness secured hereunder is additionally secured by real property which is not subject to this Deed of Trust, Trustee may sell any property so given as security for Trustor's obligation, which it is authorized to sell, either in whole or in separate parcels and in such order as it may determine.

Trustee may postpone sale of all or any portion of the property by public announcement at the time and place fixed for such sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Following sale, Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recital in such deed of any matters of fact shall be conclusive proof of the truth thereof. Any person, including Trustor, Trustee and Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this trust, including cost of evidence of title in connection with the sale and reasonable attorney's fees, Trustee shall apply the proceeds of sale to payment, first, of all sums

DEED OF TRUST—PAGE 3

84- 176102

REV 021481

Exhibit 1
296

expended under the terms of this Deed of Trust, not then repaid, with accrued interest at the rate specified in the note secured by this Deed of Trust, and then of all other sums secured by this Deed of Trust, and, if there be any proceeds remain shall distribute them to the person or persons legally entitled thereto, proof of entitlement being submitted to Trustee.

26. **WAIVER OF STATUTE OF LIMITATIONS.** Trustor hereby waives, to the fullest extent permissible by law, the statute of limitations as a defense to any demand or obligation secured by this Deed of Trust.

27. **ACCELERATION.** Beneficiary may declare all sums secured hereby immediately due and payable within 30 days after such declaration except as expressly limited by law, if Trustor, without Beneficiary's prior written consent: (a) sells, conveys, contracts to sell, alienates or further encumbers all or any part of the property; or (b) leases all or any part of the property for a term, together with all exercisable options, of more than 3 years; or (c) suffers the title or any interest in the secured property to be divested, whether voluntarily or involuntarily; or (d) changes or permits to be changed the character or use of the property; or (e) is a partnership and any of the general partners' interests are transferred or assigned, whether voluntarily or involuntarily; or (f) is a corporation with fewer than 100 stockholders at the date of execution of this Deed of Trust and more than 10% of its capital stock is sold, transferred or assigned during a 12-month period.

28. **SUBSTITUTION OF TRUSTEE.** Beneficiary may, from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed and acknowledged by Beneficiary and recorded in the office of Recorder of the county or counties where the property is situated, shall be conclusive proof of the proper substitution of such successor Trustee or Trustees, who shall, without conveyance, succeed to all the title, estate, rights, powers and duties of the predecessor Trustee. Said instrument shall contain the name and address of the new Trustee. If notice of default shall have been recorded, this power of substitution may not be exercised unless the then acting Trustee signs an endorsement on such instrument of substitution to the effect that all costs, fees and expenses due to such Trustee have been paid or satisfied.

29. **ADJUSTABLE MORTAGE LOAN.** The note secured by this Deed of Trust contains provisions which may result in increases in the interest rate, in the monthly installments, and in the unpaid principal balance. Reference is hereby made to the Promissory Note for the specific provisions relating to such increases.

30. **NO OFFSET.** No offset or claim which Trustor now or may in the future have against Beneficiary shall relieve Trustor from paying installments or performing any other obligation herein or secured hereby.

31. **TIME OF ESSENCE.** Time is of the essence of all Trustor's obligations hereunder.

32. **AGREEMENT CHANGED ONLY IN WRITING.** This Deed of Trust cannot be changed except by agreement in writing signed by Trustor and Beneficiary.

33. **GENERAL PROVISIONS**
   (a). The term "Trustor" shall mean all parties executing this Deed of Trust as Trustor, their respective heirs, legatees, devisees, administrators, executors, successors in interest and assigns, provided that Beneficiary shall not be obligated to give Notice of Default or Notice of Sale hereunder to any Trustor other than as shown on the face page hereof.
   (b). The term "Beneficiary" shall mean the owner and holder (including a pledgee) of the note secured hereby, whether or not named as Beneficary herein.
   (c). Every provision of this Deed of Trust imposing upon Trustor an obligation to perform an act, or embodying an agreement by Trustor to perform an act, shall be construed as obligating Trustor to pay all costs and expenses relating thereto.
   (d). In the event any provision hereof shall be declared invalid or unenforceable through a final judgment in a court having competent jurisdiction, the validity or enforceability of any of the remaining terms hereof shall not be thereby impaired.
   (e). In this Deed of Trust, wherever the context so requires, the masculine gender includes the feminine and neuter, the singular number includes the plural, and vice versa, and if more than one person is named as Trustor, the obligations of Trustor shall be the joint and several obligations of each person.
   (f). Captions and paragraph headings used herein are for convenience only and are not a part of this agreement and shall not be used in construing it.

The undersigned Trustor(s) request(s) that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to each Trustor named on the face page hereof, at the address set forth thereon.

NOTICE TO BORROWER: THIS DOCUMENT CONTAINS PROVISIONS FOR INTEREST RATE ADJUSTMENTS AND CONTAINS PROVISIONS WHICH MAY REQUIRE A BALLOON PAYMENT AT MATURITY.

_Signature of Trustor(s)_

_____    _____
John Mouren-Laurens                Mireille Mouren-Laurens

STATE OF CALIFORNIA
COUNTY OF _____ } ss.

On JANUARY 27, 1984 before me, the undersigned, a Notary Public in and for said State personally appeared JOHN MOUREN-LAURENS AND MIREILLE MOUREN-LAURENS, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person S whose name S ARE subscribed to the within instrument and acknowledged that THEY executed the same.

WITNESS my hand and official seal.

Signature _Roslyn Fox_
ROSLYN FOX
NAME (Typed or Printed)

OFFICIAL SEAL
ROSLYN FOX
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
LOS ANGELES
My Commission Expires Sept. 1, 1984

84- 176102

**DO NOT RECORD**
**REQUEST FOR FULL RECONVEYANCE**
To be used only when note has been paid.

To Security Allied Services Trustee.                                            Date _____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:

_____

_____                    REV 021482

_____

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**DEED OF TRUST — PAGE 4.**

Exhibit 1
297