UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REV 973, LLC,<br>　　　Plaintiff,<br><br>　　　　　　v.<br><br>JOHN MOUREN-LAURENS, et al.,<br>　　　Defendants. | CV 98-10690 DSF (Ex)<br><br>Order GRANTING IN PART and DENYING IN PART Motion for Partial Summary Judgment (Dkt. No. 2904-2909) |

　　Defendants Mouren-Laurens Oil Company, John Mouren-Laurens, Mireille Mouren-Laurens, Nicole Mouren-Laurens, as administrator of the Estate of Emma Mouren-Laurens, and Claudine Mouren-Laurens, as administrator of the Estate of Joseph Mouren-Laurens have moved for partial summary judgment as to Plaintiff Rev 973, LLC's counterclaims on three issues: (1) Plaintiff's innocent landowner affirmative defense under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), (2) Plaintiff's CERCLA secured creditor affirmative defense, and (3) that the California credit bid rule limits Plaintiff's damages on its common law claims. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

　　Plaintiff concedes that it cannot prevail on its innocent landowner affirmative defense to CERCLA liability. Therefore, summary judgment is granted with respect to that affirmative defense.

　　CERCLA's secured creditor defense to liability is available where the owner of the property

> after foreclosure, sells, re-leases (in the case of a lease finance transaction), or liquidates the vessel or facility, maintains business activities, winds up operations, undertakes a response action under section 9607(d)(1) of this title or under the direction of an on-scene coordinator appointed under the National Contingency Plan, with respect to the vessel or facility, or takes any other measure to preserve, protect, or prepare the vessel or facility prior to sale or disposition,
>
> if the person seeks to sell, re-lease (in the case of a lease finance transaction), or otherwise divest the person of the vessel or facility at the earliest practicable, commercially reasonable time, on commercially reasonable terms, taking into account market conditions and legal and regulatory requirements.

42 U.S.C. § 9601(20)(F)(ii).

    Summary judgment on the secured creditor defense cannot be granted because there are disputed questions of material fact as to whether Plaintiff sought to sell or otherwise divest itself of the property "at the earliest practicable, commercially reasonable time, on commercially reasonable terms, taking into account market conditions and legal and regulatory requirements." Plaintiff provides evidence that it attempted to market the property throughout its 22-year ownership without attracting a buyer due to the heavy contamination on the site. Defendants argue that Plaintiff's long ownership, combined with the fact that Plaintiff has made revenue by leasing the property for that time, definitively shows that Plaintiff is holding the property as an investment and has not adequately sought to divest itself of the property. Resolution of this issue is dependent on weighing a multitude of evidence – including the details of Plaintiff's marketing efforts and the offers Plaintiff may or may not have received for purchase of the property – as well as on the credibility of Plaintiff's witnesses regarding Plaintiff's motivations with regard to the property. Summary judgment on this issue is denied.

Under the credit bid rule,

> [i]t is well settled that when a lender makes a full credit bid at the foreclosure of its mortgage, it is precluded for purposes of collecting its debt from later claiming that the property was actually worth less. . . . This is because the lender's only interest in the property is the repayment of the debt. The lender's interest having been satisfied, any other payment would result in a double recovery.

Track Mortg. Grp., Inc. v. Crusader Ins. Co., 98 Cal. App. 4th 857, 864 (2002) (internal citations omitted). This principal also limits the creditor's recovery to the loan deficiency when its credit bid is only for part of the debtor's obligation. Id. at 865. While there is an exception to the rule for certain tortious conduct, that exception applies only where the tortious conduct induced the lender to bid or to bid a higher amount at foreclosure than it otherwise would. Id. at 866.

Plaintiff relies on Kolodge v. Boyd, 88 Cal. App. 4th 349, 363-72 (2001), for the propositions that the credit bid rule does not apply to tort claims generally and does not apply to claims by parties other than the borrower. Kolodge does contain lengthy dicta about the credit bid rule, some of which would seem to support Plaintiff's positions. However, subsequent California Court of Appeal cases have consistently limited Kolodge to its holding, and no California Court of Appeal case since, published or unpublished, appears to have followed Kolodge's dicta on the credit bid rule. See Track Mortg., 98 Cal. App. 4th at 866 (Kolodge "stand[s] for nothing more than that the full credit bid rule is inapplicable where the lender is fraudulently or negligently induced to make the bid."); Najah v. Scottsdale Ins. Co., 230 Cal. App. 4th 125, 140–41 (2014) (same).

There is no indication that Plaintiff was fraudulently induced to raise its bid at the foreclosure sale. The torts at issue involve acts by Defendants that damaged the property and generally occurred long before the foreclosure sale. Damages for these torts are limited by the

3

credit bid rule to the difference between the amount of the outstanding obligation and the amount Plaintiff bid at the foreclosure auction.

Plaintiff further argues that the credit bid rule should not apply to its claims because it should not be considered "solely as a lender" and that Plaintiff has separate rights as the owner of the property for 22 years. First, this argument is in obvious tension with Plaintiff's CERCLA secured creditor defense. More importantly, Plaintiff provides no authority for the proposition that a lender resurrects a claim to damages beyond the full value of the obligation owed to it if it holds the foreclosed collateral for long enough. Defendants' allegedly tortious acts did not occur after Plaintiff took ownership of the property. Whatever tort claims Plaintiff may have as "the owner for more than 22 years with legal rights as such," are the same as it had when it took ownership of the property at the foreclosure sale.

The motion for partial summary judgment is GRANTED with respect to the CERCLA innocent landowner defense and the limitation of Plaintiff's common law damages to the difference between the liability amount and Plaintiff's credit bid. It is DENIED with respect to the CERCLA secured creditor defense.

IT IS SO ORDERED.

Date: February 4, 2021

Dale S. Fischer
United States District Judge