1  Timothy C. Cronin (SBN: 181989)
   tcronin@crolaw.com
2  Alan R. Johnston    (SBN: 208991)
   ajohnston@crolaw.com
3  Dennis J. Byrne    (SBN: 172618)
   dbyrne@crolaw.com
4  THE CRONIN LAW GROUP
   390 Bridge Parkway, Suite 220
5  Redwood City, CA 94065
   Telephone:    (415) 951-0166
6  Facsimile:    (415) 951-0167

7

8  Attorneys for Defendants, Counterclaimants, Cross-Claimants, Cross-Defendants and
   Third-Party Plaintiffs Nicole Mouren-Laurens as Administrator of the Estate of Emma
9  Mouren-Laurens and Claudine Mouren-Laurens as Administrator of the Estate of
   Joseph Mouren-Laurens

10
   Jordan S. Stanzler  (SBN: 54620)
11 jstanzler@stanzlerlawgroup.com
   THE STANZLER LAW GROUP
12 390 Bridge Parkway, Suite 220
   Redwood City, CA 94065
13 Telephone:   (650) 739-0200
   Facsimile:   (650) 739-0916
14

15 Attorneys for Defendants, Counterclaimants, Cross-Claimants, Cross-Defendants and
   Third-Party Plaintiffs Mouren-Laurens Oil Company, Inc., John Mouren-Laurens and
16 Mireille Mouren-Laurens

17
**UNITED STATES DISTRICT COURT**
18
**CENTRAL DISTRICT OF CALIFORNIA**
19
**(Western Division)**

| | |
|---|---|
| 20  REV 973, LLC, a California limited liability company, | Case No.: 2:98-cv-10690-DSF-EX |
| 21 | **DEFENDANTS AND COUNTER-CLAIMANTS MOUREN-LAURENS PARTIES' OPPOSITION TO PLAINTIFF REV 973, LLC'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF STEVE FIGGINS** |
| 22       Plaintiff, | |
| 23       v. | |
| 24  JOHN MOUREN-LAURENS, an individual, et al., | |
| 25 | Date:  Established by the Court |
| 26       Defendants, | Time: Established by the Court <br> Ctrm:  7D |
| 27 | Final Pre-trial Conference Date: November 15, 2021 |
| 28 | Trial Date:  December 7, 2021 <br> Judge:  Hon. Dale S. Fischer |

Defendants' and Counter-Claimants' Opposition to Plaintiff's Motion in Limine to Exclude the Testimony of Figgins

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................... 1

II. FIGGINS IS QUALIFIED TO RENDER OPINIONS CONCERNING GROUNDWATER INVESTIGATION AND REMEDIATION BY VIRTUE OF HIS 39 YEARS OF EXPERIENCE ON THIS SUBJECT AND BECAUSE LICENSURE IS NOT A PREREQUISITE TO EXPERT TESTIMONY .............................. 2

III. FIGGINS' OPINION NO. 4 CONCERNING SOIL VAPOR EXTRACTION IS NOT SUBJECT TO EXCLUSION SIMPLY BECAUSE REV'S EXPERT PREFERS ELECTRICAL RESISTANCE HEATING, ESPECIALLY SINCE THE WATER BOARD HAS APPROVED SOIL VAPOR EXTRACTION AND HAS REJECTED ELECTRICAL RESISTANCE HEATING AS A REMEDY ....................................................................................... 3

IV. CONCLUSION ......................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Beecham v. Roseville City School District*,
    20188 U.S. Dist. LEXIS 163451 (E.D. Cal.) ...................................................... 3

*Cross Creek Multifamily, LLC v. ICI Construction, Inc.*
    506 F. Supp. 3d 407 (S.D. Miss 2020) .................................................................. 3

*Doe v. Cutter Biological, Inc.*,
    971 F. 2d 375 (9th Cir 1992) ................................................................................ 3

*Geophysical Systems Corp. v. Seismograph Service Corp.*,
    738 F. Supp. 348 (C.D.Ca. 1990) ......................................................................... 2

## I. INTRODUCTION

The Mauren-Lauren Parties[1] object to the Motion in Limine filed by Rev 973, LLC ("Rev") to exclude the testimony of Steve Figgins (Docket No. 2925).

Rev makes two points: 1) Figgins does not have a license in geophysics or engineering; and 2) Figgins's Opinion No. 4 concerning soil vapor extraction is criticized by Rev's expert (Brett Bowyer) in his rebuttal opinion to Figgins's opinion. Figgins opines that soil vapor extraction is the optimal means of remediation while Bowyer opines that electrical resistance heating is the optimal means. Rev's motion lacks merit because: 1) licensure is not a requirement to testify as an expert; and 2) a disagreement between experts goes to the weight of evidence, not its admissibility.

Furthermore, the California Regional Water Quality Control Board ("Water Board") has given its' approval to soil vapor extraction proposed by Figgins and rejected electrical resistance heating. In a letter dated August 19, 2021, the Water Board gave its concurrence and approval to the Remedial Action Plan ("RAP"), co-authored by Figgins, which selected soil vapor extraction as the method of remediation and rejected electrical resistance heating as an ineffectual method of remediation.

---

[1] "Mouren-Laurens Parties" refers to Defendants and Counter-Claimants Nicole Mouren-Laurens as Administrator of the Estate of Emma Mouren-Laurens, Claudine Mouren-Laurens as Administrator of the Estate of Joseph Mouren-Laurens, Mouren-Laurens Oil Company, Inc., John Mouren-Laurens and Mireille Mouren-Laurens.

## II. FIGGINS IS QUALIFIED TO RENDER OPINIONS CONCERNING GROUNDWATER INVESTIGATION AND REMEDIATION BY VIRTUE OF HIS 39 YEARS OF EXPERIENCE ON THIS SUBJECT AND BECAUSE LICENSURE IS NOT A PREREQUISITE TO EXPERT TESTIMONY

Mr. Figgins is fully qualified to testify concerning groundwater investigation and remediation. He received a B.S. in geophysics from the University of Arizona in 1982; has some 39 years of experience in this field; has been in charge of site investigation and remediation at more than 300 sites; and has published thirteen articles on this subject. See his qualifications stated in his report at Docket No. 2935-4, page 4, and the Appendix to that report, which describes his work as an expert at more than 30 sites.

Rev 973 argues that Mr. Figgins is not qualified because he does not hold a license from the State of California to practice geophysics or engineer. This argument lacks merit because an expert provides testimony, not engineering work.

In *Geophysical Systems Corp. v. Seismograph Service Corp.*, 738 F. Supp. 348 (C.D.Ca. 1990), the court denied a motion to exclude the testimony of a geophysicist on grounds that he did not possess a license to practice geophysics. The court noted that there was no case law requiring that an expert must possess a license. The court rejected the reliance upon those statutes requiring a license to practice geophysics: "rendering of expert geophysical opinion testimony in court does not constitute the practice of geophysics". *Id*. at 349.

Federal courts have adopted this reasoning. See *Doe v. Cutter Biological, Inc*.,

2
Defendants' and Counter-Claimants' Opposition to Motion in Limine to Exclude Testimony of Steve Figgins

971 F. 2d 375, 385 (9th Cir 1992) ("Licensure in the discipline or specialty which is the subject of expert testimony is not a requirement under the Federal Rules of Evidence"); *Beecham v. Roseville City School District*, 20188 U.S. Dist. LEXIS 163451 at * 4 (E.D. Cal.) (fact that witness is unlicensed psychologist does not necessarily determine her qualifications as an expert witness); *Cross Creek Multifamily, LLC v. ICI Construction, Inc.* 506 F. Supp. 3d 407 (S.D. Miss 2020)(designer of structural engineering components permitted to testify about construction defects despite lack of engineering license).

### III. FIGGINS' OPINION NO. 4 CONCERNING SOIL VAPOR EXTRACTION IS NOT SUBJECT TO EXCLUSION SIMPLY BECAUSE REV'S EXPERT PREFERS ELECTRICAL RESISTANCE HEATING, ESPECIALLY SINCE THE WATER BOARD HAS APPROVED SOIL VAPOR EXTRACTION AND HAS REJECTED ELECTRICAL RESISTANCE HEATING AS A REMEDY

Rev's Motion in Limine claims that the remediation technique advocated by Figgins in his Opinion (soil vapor extraction) is not as effective as "electrical resistance heating", the remedy preferred by Rev's expert, Brett Bowyer. Rev's Motion in Limine is addressed to the weight of the evidence, not its admissibility. The fact that two experts hold different opinion as to the most effective method of remediation is not grounds to exclude one expert's testimony on the subject and to prefer another expert's testimony on the subject.

Figgins' expert report (Docket No. 2925- 4 at pp. 26-33) opines that the remediation technique called "electrical resistance heating" is not effective for a

variety of reasons: it is not effective in removing petroleum hydrocarbons, increases their mobility, and should not be used at this site.

Furthermore, the Water Board has expressed its approval of soil vapor extraction and has rejected Rev's proposal for "electric resistance heating".  In a letter dated August 19, 2021 (attached as Exhibit A to the Declaration of Jordan Stanzler) the Water Board concurred with the Remedial Action Plan submitted by Figgins and the Mouren-Lauren Parties on July 26, 2021. That Plan (*Id.*, Exhibit B) was co-authored by Figgins and rejected electrical resistance heating (see pp. 26-33) and selected soil vapor extraction as the means of remediation (see pp. 30-34).

Thus, there is no basis to exclude testimony from Figgins concerning soil vapor extraction since this is the remedy that the Water Board has approved.[2]

## IV. CONCLUSION

For these reasons, the Court should deny Rev's Motion in Limine to exclude the testimony of Steve Figgins.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Furthermore, because the CERCLA portion of the case is a Court trial regarding allocation of liability between and among the parties for each party's equitable share of the contamination on the former Mouren-Laurens Site, the actual remedial methods to be employed for clean-up of the Site are not at issue.

| | | |
|---|---|---|
| Dated: November 4, 2021 | | Respectfully submitted, |
| | | THE CRONIN LAW GROUP |
| | BY: | /s/ *Timothy C. Cronin* |
| | | TIMOTHY C. CRONIN |
| | | Attorneys for Defendants and Counter-Claimants, Nicole Mouren-Laurens as Administrator of the Estate of Emma Mouren-Laurens, Claudine Mouren-Laurens as Administrator of the Estate of Joseph Mouren-Laurens |

| | | |
|---|---|---|
| Dated: November 4, 2021 | | THE STANZLER LAW GROUP |
| | BY: | /s/ *Jordan S. Stanzler* |
| | | JORDAN S. STANZLER |
| | | Attorneys for Defendants and Counter-Claimants Mouren-Laurens Oil Company, Inc., John Mouren-Laurens and Mireille Mouren-Laurens |

*Pursuant to United States District Court, Central District of California, Local Rule 5-4.3.4(2)(i), the filer attests that all signatories listed on this document, and on whose behalf the filer is submitting this document, concur in the filing's content and have authorized the filing.*