Law Offices of Beth S. Dorris
Beth S. Dorris
State Bar No. 115798
Gerald Greengard
State Bar No. 125741
Email: beth.dorris@aol.com
3226 Mandeville Canyon Rd.
Los Angeles, CA 90049
Tel: (310) 476-4761
Fax: (877) 433-4154

Attorneys for Plaintiff and Counter-Defendant
REV 973, LLC, and Third Party Defendants
REVERE FINANCIAL CORPORATION and
JERROLD A. FINE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REV 973, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN MOUREN-LAURENS, an individual; et al.,<br><br>Defendants.<br><br>And related counter- and cross-actions | Case No. CV 98-10690 DSF (Ex)<br><br>**REV 973'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF MR. STEVE FIGGINS PURSUANT TO FEDERAL RULE OF EVIDENCE 702 AND *DAUBERT***<br><br>Assigned for all purposes to:<br>Hon. Dale S. Fischer<br><br>Date: November 15, 2021<br>Time: 1:30 p.m.<br>Crtrm.: 7D<br><br>Trial Date: December 7. 2021 |

## I. The Opposition Was Filed Ten Days Too Late; Relief Is Requested.

Rev filed its motion on October 18, 2021. Pursuant to this Court's Order re Jury Trial and Order re Court Trial, the noticed hearing date was set for the Final Pretrial Conference Date, November 15, 2021. All motions must be filed 28 days in advance of the hearing date designated in the notice. (Fed. R. Civ. P., Rule 6.) Unless otherwise ordered by the Court, the Clerk shall place each motion on the Motion Day calendar for the date designated in the written notice of motion. (*Id.*) Rev filed its motion 28 days in advance of the November 15, 2021, the Final Pretrial Conference Date.

All oppositions must be filed at least 21 days in advance of the hearing date. (L.R. 7-9.) For this motion, the opposition filing deadline was October 25, 2021. Mouren-Laurens Parties did not file their Opposition on October 25, 2021. Nine days past the Opposition due date, on November 3, 2021, Rev filed a Notice of Non-Opposition. In apparent response to said Notice, Mouren-Laurens finally filed an opposition on November 4, 2021, ten days after the deadline. No excuse for lateness is in the Opposition. Rev submits that any such arguments from Mouren-Laurens Parties not in their Opposition are not properly before the Court and thus thus may not be considered at hearing.

The Opposition was filed so late, the Reply deadline had already well passed. (L.R. 7-10) Rev was directly prejudiced as a result.

Local Rule 7-12, which provides in relevant part:

> …The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion….

(L.R. 7-12.) Accordingly, under Local Rule 7-12, Rev requests that the Court decline to consider the Opposition and/or deem the failure to file the Opposition even remotely within the deadline consent to the Court's granting Rev's Motion in Limine. (*See id.*)

Local Rule 7-13 provides: "A party filing any document in … in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also *shall be* subject to the sanctions of L.R. 83-7 and the F.R.Civ.P." [Emphasis added.] (L.R. 7-13) Accordingly, Rev requests that sanctions be imposed against Mouren-Laurens Parties, as is apparently required under Local Rule 7-13.

## II. Mr. Figgins' Lack Of License To Direct And Design Remedial Plans Has Had Real World Consequences That Preclude Him From Being An Expert.

An expert must be qualified through training, experience, or other specialized knowledge in the area of their proposed testimony. (Fed. R. Evid. 702; *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001) ("[C]are must be taken to assure that a proffered witness truly qualifies as an expert, and that such testimony meets the requirements of Rule 702.").)

The Opposition purports to address the professional qualification concerns about Mr. Figgins by presuming he is an expert and saying that trumps lack of professional registration. The problem is, Mr. Figgins lack of license is not a mere formality, but rather proof of his lack of expertise. This lack of expertise is tied to the lack of license in at least three ways.

### A. Mr. Figgins Does Not Have A Single Degree In The Field.

There is a reason Mr. Figgins is not licensed as an engineer or geologist. He is not one. Mr. Figgins lacks any degree at any level in engineering or geology. (Dorris Decl. Ex. 2 Figgins Report p.3). The parallel here is a person purporting to be a lawyer who not only did not pass the bar, but did not even go to law school.

### B. Under Laws and Resolutions Applicable Specifically To Remedial Action Design and Planning, Mr. Figgins' Role Was Limited To Taking Direction From Others Who Are Real Experts.

A non-engineer, non-geologist like Mr. Figgins, without any professional certification or even associated college degree, is precluded by law from designing

1743156v3

2

REV 973'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF STEVE FIGGINS PURSUANT TO FRE 702 AND *DAUBERT*

remedial plans and groundwater monitoring systems, and from directing the formulation of those plans.  (Dorris Decl. ¶2 & Ex. 1 (State Water Board Res. 92-49) at ¶17 ("Discharger reliance on qualified professionals promotes proper planning, implementation, and long-term cost-effectiveness of investigation, and cleanup and abatement activities. …California Business and Professions Code Sections 6735, 7835, and 7835.1 <u>require that engineering and geologic evaluations and judgements be performed by or under the direction of registered professionals."</u> [Emphasis added]); Cal. Code Regs. tit. 23, § 2550.7(e) (all groundwater monitoring systems "shall be <u>designed and certified by a registered geologist or a registered civil engineer</u>"); *see also* Cal. Code Regs. tit. 16, §§ 400-467 *et seq*. &  §§ 6735, 7835, and 7835.1.)   Persons like Mr. Figgins, required to be under the direction of others, are the opposite of experts; they're the ones that the law itself does not trust to supervise corrective action planning and design. In this respect, the professional licensing requirements are much more than a formality:  The legally required underling status of Mr. Figgins means he does not have requisite experience of directing plans, but rather experience only in taking the direction of others.

### C.    Mr. Figgins' Expert Report Was Overhauled When Reviewed By A Licensed Professional At His Own Firm.

Mr. Figgins is, by all the laws and policies cited above, prohibited from being the person in charge *even in this case*.  The result has been catastrophic for Mr. Figgins' Expert Report. Mr. Figgins had already submitted that Report when Mouren-Laurens Parties decided to present their remedial plan to the Regional Water Board (with no funding commitments).  As explained above, they were required to bring in a registered/licensed engineer or geologist to design and direct the plan *instead of* Mr. Figgins.  (Dorris Decl. ¶7 & Ex. 5 ("EKI RAP") at p. 1.)

Under the direction of a licensed professional instead of Mr. Figgins, the EKI RAP added a soil removal action and revised the groundwater treatment element to include an ozone treatment option. (EKI Rap at pp. 7, 19-22, 27-40.) Both elements

1743156v3

3

REV 973'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF STEVE FIGGINS PURSUANT TO FRE 702 AND *DAUBERT*

were missing from Mr. Figgins' opinion and add costs ignored by Mr. Figgins altogether. (Dorris Decl. Ex. 2 (Figgins Report).) *Each and every one of those changes are excluded from Mr. Figgins' Expert Report and thus will not be presented by Mr. Figgins to the jury or Court.*

### D. None Of The Cases Cited In The Opposition Addressed These Issues Raised In This Motion, Which Issues Are Specific To Remedial Design/Planning Experts.

The cases cited in the very late Opposition do not address or concern any of these serious impediments to being a real expert, so glaringly present in this case. In each of the cases, the person at issue was *not* limited by rules that made then always taking directions and submitting to designs by others; there is no evidence the person did not even have a degree in the field they were practicing; and there is no evidence the person's proposed plan was revised and expanded once an actual registered professional examined it. *See generally Geophysical Systems Corp. v. Seismograph Service Corp.*, 738 F. Supp. 348 (C.D.Ca. 1990); *Doe v. Cutter Biological, Inc.*, 971 F. 2d 375, 375-385 (9th Cir 1992); *Beecham v. Roseville City School District,* 20188 U.S. Dist. LEXIS 163451 (E.D. Cal.); *Cross Creek Multifamily, LLC v. ICI Construction, Inc.* 506 F. Supp. 3d 407 (S.D. Miss. 2020).

Beyond this, the Opposition contains two egregious misrepresentations about the EKI RAP. First, the EKI-RAP is *not* Mr. Figgins' plan, but rather a significantly revised plan by his company's supervising engineer/geologist, with elements and associated costs Mr. Figgins never included in his proposed testimony/ expert report, as set forth above.

The Board is a very long way from approving any RAP, let alone a mere "conceptual" and by no means *final* RAP. A true final RAP commits to reaching no-further-action levels; the EKI-RAP promises only to specific work and hope for the best – when that doesn't work, the Board can always demand another RAP. The purported "approval" letter from the Board itself discloses that it is anything but a

1743156v3

4

REV 973'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF STEVE FIGGINS PURSUANT TO FRE 702 AND *DAUBERT*

1  real approval: "…concurrence and ultimate approval of the RAP is contingent upon
2  solicitation of comments from interested parties and the public, review of additional
3  data, pilot testing results, submission of task-specific work plans, and addressing all
4  Los Angeles Water Board concerns ...." (Doc. 2940-2, filed 11/4/21, at p. 2.)

5  Indeed, before receiving comments from experts for landowners such as Rev,
6  the Board's counsel provided this Court with a declaration itemizing numerous steps
7  *still needed* to reach Board approval, as potential grounds for a continuance. While
8  that continuance period expired, Mouren-Laurens Parties provided the Court with
9  absolutely *no* evidence that any of the necessary steps itemized in the Board's
10 declaration to the Court had occurred [because they have not occurred]. (Docket
11 2923-1, 7/14/21, Decl. of Noah Golden-Krasner)

12 The purported approval letter was done without allowing for any public
13 comment, by interested parties like Rev or others. A feasibility study and public
14 comment before approval is a requirement of the National Contingency Plan
15 ("NCP"), 40 CFR Part 300. CERCLA claimants cannot recover or contribute to
16 costs not incurred for plans inconsistent with the NCP. *See* 42 U.S.C.
17 §9607(a)(4)(A)-(B); *U.S. v. Atlantic Research Corp.,* 551 U.S. 128, 131 (2007).
18 Accordingly, any work done on the EKI-RAP, would not qualify for relief under
19 CERCLA or the HSAA, because not NCP compliant.

20 Rev anticipates that the Board will require EKI to fix the problems noted by
21 Mr. Bowyer in his Rebuttal Report, as conditions in any final approval letter from
22 the Board – which final letter, again, has *not* been issued and is not expected for
23 months.

24 **II. Mr. Figgins' Expert Report Remedial Planning Fails *Daubert* By Creating**
25 **More Problems Than It Solves And *Worsening* Human Exposures.**

26 The Opposition claims that plaintiff's *Daubert* arguments hinge on an
27 implied antipathy towards soil vapor extraction ("SVE").

28 Nothing could be farther from the truth. Plaintiff and its expert not only

1743156v3

5

REV 973'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* TO EXCLUDE
EXPERT TESTIMONY OF STEVE FIGGINS PURSUANT TO FRE 702 AND *DAUBERT*

supports, but itself has proposed, SVE as part of its own remedial plan. (*See* Dorris Decl. Ex. 4.) This Court recently received the clearest documentation possible of this fact. The settlement agreement submitted to this Court earlier this month required the settlement proceeds to pay for a SVE system. (Docket No. 2938-2, filed 11/3/21, Fully Executed Settlement Agreement at Exhibit A (IRAP).)

While Plaintiff's motion nowhere questions whether SVE works on certain volatile contaminants in certain conditions, it does present much more critical concerns, explained in detail with Rev's motion and so not repeated here.

1. Mr. Figgins' treatment methods are ineffectual.
2. Mr. Figgins' treatment is counterproductive and would affirmatively impair reduction of solvents.
3. Mr. Figgins' plan would pose new, egregious vapor exposure risks to persons working at the Sites.

All three of these concerns meet *Daubert* disqualification standards. But the third is particularly problematic. That anyone would be so *inexpert* as to propose unfettered loosing of toxic vapors from air sparging is shocking.

I. **CONCLUSION**

For the foregoing reasons, Plaintiff and Counter-Defendant Rev 973 respectfully requests that the Court exclude the testimony of the Mouren-Laurens Parties' expert, Mr. Steve Figgins, in its entirety. In the alternative, Rev respectfully requests that the Court exclude his fourth opinion or "Opinion 4" and any related opinion (*e.g.*, Opinion 5 and cost estimates) as it specifically relates to Mr. Figgins' opinions on proposed treatment or remedial actions at the Sites. In addition, Rev requests sanctions be imposed on Mouren-Laurens Parties under Local Rule 7-13.

1743156v3

6

REV 973'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF STEVE FIGGINS PURSUANT TO FRE 702 AND *DAUBERT*

DATED: November 12, 2021

Respectfully submitted,

LAW OFFICES OF BETH S. DORRIS

By: /S/Beth S. Dorris
Attorneys for Plaintiff and Counter-Defendant Rev 973, LLC and Third Party Defendant Revere Financial Corporation and Jerrold A. Fine

1743156v3

7

REV 973'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF STEVE FIGGINS PURSUANT TO FRE 702 AND *DAUBERT*